# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

### Appeal No.: 22-2067

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| *vs.* | ) | Cause No. 1:17-cv-04699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE | ) | The Hon. Tanya Walton Pratt |
| CORPORATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

## <u>BRIEF OF APPELLANT</u>

Sandra L. Blevins
Jamie A. Maddox
BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

*Attorneys for Plaintiff-Appellant Karen R. Hirlston*

**CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: _22-2067_

Short Caption: _Karen R. Hirlston v. Costco Wholesale Corporation_

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.

    [   ]    PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Karen R. Hirlston
_____

_____

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Betz + Blevins
_____

_____

(3)  If the party or amicus is a corporation:

    i)  Identify all its parent corporations, if any; and
_____

    ii) list any publicly held company that owns 10% or more of the party's or amicus' stock:

_____

Attorney's Signature:  _s/ Jamie A. Maddox_           Date:  _8/30/2022_

Attorney's Printed Name:  _Jamie A. Maddox_

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d).    Yes _X_     No _____

Address:  _One Indiana Square, Suite 1660, Indianapolis, IN 46204_

_____

Phone Number: _(317) 687-2222_        Fax Number: _(317) 687-2221_

E-Mail Address: _jmaddox@betzadvocates.com_

      rev. 01/08 AK

# **TABLE OF CONTENTS**

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT ..............................................i

TABLE OF CONTENTS...............................................................................ii

TABLE OF AUTHORITIES ........................................................................ vi

I.      JURISDICTIONAL STATEMENT ...............................................1

II.     STATEMENT OF THE ISSUES ...................................................1

III.    STATEMENT OF THE CASE .......................................................2

    A.  Procedural Background.............................................................2

        1.  In December 2017, Hirlston filed her Complaint..................2

        2.  In December 2019, the Court denied Costco's summary judgment motion .....2

        3.  On two separate occasions before trial, Hirlston requested supplementation of Costco's discovery responses. Hirlston also filed a motion in limine seeking to exclude from admission at trial any documents not produced during discovery, which the Court granted .........................................................3

        4.  In June 2021, a three-day jury trial occurred .......................................4

            a.  Photographs that were belatedly produced the evening of June 7, 2021 – after the first day of trial had already concluded – were purportedly to be used as "demonstrative" exhibits yet were entered into evidence................4

            b.  The Court stated on the record that it was removing the phrase "she proposed at the assessment meeting" from the jury instruction concerning whether Hirlston was qualified to perform her job, yet the final instruction given to the jury improperly included the phrase "she proposed"...............7

            c.  The parties were not provided the opportunity to object to the Court's final Jury Verdict Forms.................................................8

            d.  The jury verdict favored Costco on both counts..........................................10

        5.  After the conclusion of the jury trial, the Court separately decided Hirlston's retaliation claim in favor of Costco.......................................10

B. Factual Background ........................................................................................ 11

    1. Hirlston was Hired by Costco in December of 2009 .......................... 11

    2. Hirlston has had several disabilities for many years. Costco was aware of Hirlston's disabilities and considered Hirlston to be disabled .......................... 12

    3. In May of 2015, Costco announced a complete remodel of the optical department that would eliminate all sitting workstations. Because of Hirlston's many disabilities, she requested reasonable accommodations .......................... 13

    4. A job assessment meeting was held on November 3, 2015, following Hirlston's request for reasonable accommodations ............................................... 14

    5. Costco placed Hirlston on a forced Leave of Absence ...................................... 16

    6. Hirlston was demoted when she returned to work at Costco following her forced leave of absence .................................................................................... 18

IV.    SUMMARY OF THE ARGUMENT ....................................................... 20

V.    LEGAL ARGUMENT ........................................................................ 22

A. Hirlston was deprived of an opportunity to object to Final Jury Instruction No. 19 and the Court's final Jury Verdict Forms, and the jury was thereby misled as to the law applicable to this case ........................................................................ 22

    1. Standard of review ........................................................................................ 22

    2. Hirlston was precluded from objecting on the record to Final Jury Instruction No. 19 as read to the jury, in violation of Fed.R.Civ.P. 51(b) .......................... 22

        a. Although both parties and the Court agreed to the language for Final Jury Instruction No. 19, what was read to and given to the jury contained additional language that was a misstatement of the law. Hirlston was never alerted to this change in language or given an opportunity to object ................................................................... 22

        b. The district court failed to provide an opportunity to Hirlston to object to the additional language that was a misstatement of the law ........................ 24

            i. Final Jury Instruction No. 19 contained language that was a misstatement of the law ........................................................ 24

        ii.   Because Hirlston was not alerted to the district court's decision not to change Final Jury Instruction No. 19 as the parties and the district court had agreed, the error in the district court's Final Jury Instruction No. 19 were preserved for review ...................................26

    3.   Hirlston was not provided the district court's final Jury Verdict Forms before final arguments and final jury instructions were read to the jury, and was precluded from objecting on the record to the Court's final Jury Verdict Forms, both in violation of Fed.R.Civ.P. 51(b) ...................................28

        a.   The district court provided the final Jury Verdict Forms to the jury without providing them to Hirlston and/or giving her an opportunity to object to the final Jury Verdict Forms .................................28

        b.   Hirlston preserved the issues under Fed.R.Civ.P. 51(d) by objecting to the proposed Jury Verdict Forms but was not provided an opportunity to object to the final Jury Verdict Forms .................................29

    4.   Even if an objection was necessary, but missing here, both Final Jury Instruction No. 19 and the district court's final Jury Verdict Forms contained plain errors under Fed.R.Civ.P.51(d) that necessitate a new trial ....................30

        a.   Final Jury Instruction No. 19 constituted a plain error because it contained an incorrect statement of the law ...........................................30

        b.   The district court's final Jury Verdict Forms failed to state that the jury must consider whether Hirlston was "qualified to perform her job" with or without reasonable accommodations ...........................................32

B.  Because photographs introduced by Costco had never been produced during discovery and lacked a proper foundation, yet had admittedly existed for almost a year before trial, and because Costco used these photographs against Hirlston to show she was not qualified for her position, the Court should reverse the district court's Final Judgment and grant Hirlston a new trial based on this erroneous admission of evidence ...................................33

    1.   Standard of Review ...................................33

    2.   Costco had no intention of using these photographs as demonstrative exhibits because it immediately sought to admit them into evidence..............................34

    3.   Costco failed to produce the photographs before trial or disclose them as exhibits even though the photographs apparently existed for almost a year before trial ...................................35

4.    Hirlston's counsel properly objected to these Exhibits and their lack of foundation ............................................................................................36

5.    Because Costco used these photographs during Donaldson's testimony to establish that Hirlston's proposed accommodation of a grabber would not allow her to perform her job with an accommodation, and the jury later found that Hirlston was not qualified to perform her job in November of 2015, the admission of these photographs clearly affected the outcome of the trial .......37

C.    Because the district court based its decision on Hirlston's retaliation claim, at least in part, on the determinations by the jury, the Court should reverse the district court's decision on retaliation ......................................................................39

VI.    CONCLUSION.............................................................................................40

VII.    CERTIFICATE OF COMPLIANCE...........................................................41

VIII.    DIGITAL MEDIA STATEMENT.................................................................41

IX.    STATEMENT OF INCLUSION ..................................................................41

X.    PROOF OF SERVICE ..................................................................................42

# TABLE OF AUTHORITIES

**Cases**

*Baugh v. Cuprum S.A. De C.V.*, 730 F.3d 701 (7th Cir. 2013) ..................................................... 34-35

*Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130 (7th Cir. 1996) ............................................ 25, 31

*Carter v. Family Video Movie Club, Inc.*, No. 1:12-cv-00108-TWP-MJD, 2013 U.S. Dist. LEXIS 108638 (S.D. Ind. Aug. 2, 2013) ............................................................................ 24, 30-31

*Cloe v. City of Indianapolis*, 712 F.3d 1171 (7th Cir. 2013) .............................................................. 31

*Dunlap v. Liberty Nat. Prods.*, No. 3:12-cv-01635-SI, 2013 U.S. Dist. LEXIS 167165 (D. Or. Nov. 25, 2013) ..................................................................................................................... 31

*EEOC v. Mgmt. Hosp. of Racine, Inc.*, 666 F.3d 422 (7th Cir. 2012) ............................................ 33

*Ernst v. City of Chi.*, 837 F.3d 788 (7th Cir. 2016) ...................................................................... 22

*G&G Closed Circuit Events, LLC v. Castillo*, No. 14-CV-02073, 2019 U.S. Dist. LEXIS 130613 (N.D. Ill. Aug. 5, 2019) .............................................................................................. 33

*Guzman v. City of Chi.*, 689 F.3d 740 (7th Cir. 2012) ...................................................................... 33

*In re Cook Med., Inc.*, 431 F. Supp. 3d 1033 (S.D. Ind. 2020) .................................................. 37-38

*Lawler v. Peoria Sch. Dist. No. 150*, 837 F.3d 779 (7th Cir. 2016) ..................................... 24-25, 31

*Lewis v. City of Chi. Police Dep't*, 590 F.3d 427 (7th Cir. 2009) .......................................... 22

*Mlsna v. Union Pac. R.R. Co.*, 975 F.3d 629 (7th Cir. 2020) ....................................................... 31-32

*Palmquist v. Selvik*, 111 F.3d 1332 (7th Cir. 1997) ....................................................................... 33

*Rednour v. Wayne Twp.*, 51 F. Supp. 3d 799 (S.D. Ind. 2014) ..................................................... 31

*Schmitz v. Canadian Pac. Ry. Co.*, 454 F.3d 678 (7th Cir. 2006) .............................................. 27-28

*Shick v. Ill. Dep't of Human Servs.*, 307 F.3d 605 (7th Cir. 2002) ............................................ 37-38

*Speedy v. Rexnord Corp.*, 243 F.3d 397 (7th Cir. 2001) ............................................................... 33

*Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055 (7th Cir. 2014) ....................................... 24-25, 31

**Federal Statutes**

28 U.S.C. § 451 ..................................................................................................1

28 U.S.C. § 1331 ................................................................................................1

28 U.S.C. § 1337 ................................................................................................1

28 U.S.C. § 1343 ................................................................................................1

42 U.S.C. § 12101 ...........................................................................................1-2

42 U.S.C. § 2000e-5 ..........................................................................................1

28 U.S.C. § 1291 ................................................................................................1

## Federal Rules

Fed. R. Civ. P. 26................................................................................3, 35-36

Fed. R. Civ. P. 34.........................................................................................35

Fed. R. Civ. P. 51................................................................1, 20, 22, 24, 26-30

Fed. R. Civ. P. 58.........................................................................................11

Fed. R. Civ. P. 59.........................................................................................11

Fed. R. Civ. P. 60.........................................................................................11

Fed. R. Civ. P. 61.........................................................................................33

## Other Authorities

29 C.F.R. § 1630.2 .............................................................................24-25, 30-31

# I.    JURISDICTIONAL STATEMENT

This is an appeal taken from a judgment on: (1) jury verdicts entered on June 9, 2022, on Hirlston's failure to accommodate and discrimination claims; and (2) a court verdict on Hirlston's retaliation claim in the District Court for the Southern District of Indiana, Indianapolis Division, by the Honorable Tanya Walton Pratt. The Notice of Appeal was timely filed on June 15, 2022. Only a bill of costs remains pending.

The district court had jurisdiction of this case pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 42 U.S.C. §2000e-5. Hirlston sought relief below for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq*. The federal question at issue was whether Defendant violated the provisions of the ADA. This Court has jurisdiction of this appeal pursuant to 28 U.S.C. §1291, which permits review of all final decisions issued by a district court.

# II.    STATEMENT OF THE ISSUES

1.    Did the district court err by failing to give Hirlston an opportunity to object to the district court's final Jury Verdict Forms and Final Jury Instruction No. 19 as required by Fed.R.Civ.P. 51?

2.    Did the district court err by improperly admitting photographs introduced by Costco in the middle of trial that had never been produced during discovery (although they had admittedly existed for at least a year) and lacked a proper foundation?

3.    Should the district court's decision on Hirlston's retaliation claim be reversed because it was based on the findings of the jury, which were based on

improper jury instructions, improper jury verdict forms, and the improper admission of evidence?

### III.    <u>STATEMENT OF THE CASE</u>

**III.A.  PROCEDURAL BACKGROUND**

**1.  In December 2017, Hirlston filed her Complaint.**

After filing a Charge with the Equal Employment Opportunity Commission on August 29, 2016 and receiving a *Dismissal and Notice of Rights* dated September 21, 2017, Hirlston timely filed her *Complaint for Damages and Demand for Trial by Jury* on December 21, 2017. (A-00001-22). Hirlston alleged the following claims in her *Complaint*: (1) Discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008 (including a failure to accommodate claim and a disparate treatment claim); and (2) Retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended by the ADA Amendments Act of 2008. (A-00001-22).

Liability and non-expert discovery in this case closed on March 22, 2019, and all remaining discovery closed on June 21, 2019. (A-00054-56).

**2.  In December 2019, the Court denied Costco's summary judgment motion.**

On April 26, 2019, Costco filed its *Motion for Summary Judgment* and *Memorandum of Law in Support of Its Motion for Summary Judgment*. (A-00057-82). On June 5, 2019, Hirlston filed *Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment*. (A-00090-123). On June 26, 2019, Defendant filed its *Reply in Support of Its Motion for Summary Judgment*. (A-00124-143).On July 3, 2019, Hirlston filed *Plaintiff's Motion for Leave to File Surreply in Opposition to*

*Defendant's Motion for Summary Judgment* with *Plaintiff's Surreply in Opposition to Defendant's Motion for Summary Judgment* attached as Exhibit A. (A-00144-153).

On December 18, 2019, the Court issued its *Entry Denying Defendant's Motion for Summary Judgment*. (A-00154-169). The Court denied *Defendant's Motion for Summary Judgment* in its entirety and granted Hirlston's *Motion for Leave to File Surreply in Opposition to Defendant's Motion for Summary Judgment*. (A-000154).

A trial in this case was previously scheduled for November 9, 2020 as well as March 15, 2021 but was shifted to June 7, 2021 because of the ongoing COVID-19 pandemic. (A-00170; 209-210).

> **3. On two separate occasions before trial, Hirlston requested supplementation of Costco's discovery responses. Hirlston also filed a motion in limine seeking to exclude from admission at trial any documents not produced during discovery, which the Court granted.**

On October 26, 2020 and May 28, 2021, Hirlston specifically requested that Costco supplement its discovery under Fed.R.Civ.P. 26(e). (A-00660-665). Costco responded to these letters on November 2, 2020 and June 2, 2021, respectively. (A-00666-669).

As part of her pre-trial filings, Hirlston filed a motion in limine seeking to exclude evidence or testimony about documents not produced by Costco during discovery (A-000177-178), which the Court granted on October 13, 2020. (A-000185).

Per the Court's *Entry Following Telephonic Status Conference*, the parties' counsel were ordered to "advise and share with one another any demonstrative exhibits they intend to use no later than **noon on Friday, June 4, 2021**, to allow for objections before commencement of the trial." (A-000213) (emphasis in original).

**4.  In June 2021, a three-day jury trial occurred.**

A jury trial was held June 7 through June 9, 2021 in the United States District Court for the Southern District of Indiana, Indianapolis Division with Chief Judge Tanya Walton Pratt presiding. The claims before the jury were Hirlston's disparate treatment and failure to accommodate claims. Hirlston's claim of retaliation was heard only by Chief Judge Tanya Walton Pratt.

> **a.  Photographs that were belatedly produced the evening of June 7, 2021 – after the first day of trial had already concluded – were purportedly to be used as "demonstrative" exhibits yet were entered into evidence.**

On June 8, 2021, the second day of trial, Costco introduced two new photographs that were purportedly to be used as "demonstrative" exhibits, and they included "nothing that counsel [for Hirlston] would not have seen before." (A-001111:13-1113:9). Hirlston's counsel objected to these photographs on the record twice. (A-001115:18-24; A-001116:10-14; A-001116:25-1117:4).

Although Costco's counsel initially asserted to the Court that the photographs had been provided to Hirlston's counsel on June 4, 2021, Costco's counsel later admitted that these photographs had actually been provided to Hirlston's counsel at 7:30 pm in the evening of June 7, 2021. *Compare* A-001112:7-9 *with* A-001114:24-1115:3 ("Those are the pictures that got sent to you last evening, I believe."). (A-000670). These photos were actually produced at 8:13 pm on June 7, 2021, after the first day of trial. *Id.*

The following exchange occurred on the record:

MS. FOLEY: Your Honor, may I approach?

THE COURT: You may.

MS. FOLEY: Thank you.

THE COURT: Are they in the books?

MS. FOLEY: No, Your Honor. This is -- I'm going to lay the foundation for a demonstrative exhibit.

(Off the record.)

BY MS. FOLEY:

Q. Mr. Donaldson, I'm going to hand you a couple of pictures. Mr. Donaldson, do you recognize the photographs that I've handed to you?

A. Yes.

MS. BLEVINS: Your Honor, I would like to see a copy.

MS. FOLEY: I'm about to hand them over to you. Can I have those back for a second? I'm sorry. I thought we had more than one copy. I apologize. Those are the pictures that got sent to you last evening, I believe.

BY MS. FOLEY:

Q. Do you recognize the pictures that were taken there?

A. Yeah. Those were some measurements that I took.

Q. Those were some -- I'm sorry?

A. Some measurements I took to see how far off the ground the cubicles were.

Q. Okay. And the pictures are pictures of what; do you recall?

A. It's the optical department. As you can see, it's a lot of contact lenses that are in there for members.

Q. Okay. And you were present when those photographs were taken?

A. Yes. It's my arm in there with the measurement.

Q. That's your arm? Okay.

MS. FOLEY: Your Honor, I move for the admission of -- I'm not even sure if we're going to do exhibits --Defendant's 223.

5

THE COURT: Any objection?

MS. BLEVINS: Your Honor, there has been no representation about when these were taken and what period of time this relates to.

THE COURT: Okay. Can you ask him, when did he --when were those taken?

MS. FOLEY: Can I hand them back?

THE COURT: Sure.

BY MS. FOLEY:

Q. Mr. Donaldson, do you recall when these photographs were taken?

A. I'm pretty sure like the end of last summer.

THE COURT: The summer of 2020?

MS. FOLEY: Yes, Your Honor.

THE COURT: Do you object?

MS. BLEVINS: Well, I object because I'm not sure that's what -- they said they've done a remodel of the optical department since Hirlston was there, so I do object if it's not the same.

THE COURT: Okay.

BY MS. FOLEY:

Q. Mr. Donaldson, did the cubby area of the optical department change after the kiosk computer remodel?

A. No. My recollection is that this is on the front side, facing TVs; and we remodeled the back side, where all the computers are.

Q. Okay. So the cubbies in those pictures are the exact same as they were back in 2015?

A. That would be my belief, yeah.

MS. FOLEY: Your Honor, I move for the admission of Defendant's 223.

THE COURT: Any objection?

6

MS. BLEVINS: I maintain the same objections that I had earlier, that I have now, Your Honor.

THE COURT: All right. I'll overrule the objection and admit into evidence Exhibit -- is it one exhibit, 223?

MS. FOLEY: Yes. Two pages, Your Honor. And, actually, Curt, if you two put up the one with the ruler, please. Thank you.

THE COURT: 223, and it's two pages?

MS. FOLEY: Yes, Your Honor. The first page is one --I can tender these for the Court if you'd like.

THE COURT: Yeah, because we don't have them, do we, Tanesa?

COURTROOM DEPUTY: They're not marked.

MS. FOLEY: They're not marked, you're right.

(Off the record.)

THE COURT: So one will be 223 and the other will be 224.

MS. FOLEY: Thank you.

THE COURT: And over the Plaintiff's objection, they are admitted into evidence.

(A-001114:11-1115:22).

> **b. The Court stated on the record that it was removing the phrase "she proposed at the assessment meeting" from the jury instruction concerning whether Hirlston was qualified to perform her job, yet the final instruction given to the jury improperly included the phrase "she proposed."**

After each side rested, the Court discussed the final jury instructions with the parties in the evening of June 8, 2021 off of the record. The following morning, on June 9, 2021, the Court permitted the parties to object to the Final Jury Instructions discussed the night before. As to Final Jury Instruction No. 19, the following discussion ensued on the record between the parties' counsel and the Court:

7

**THE COURT:** [Final Jury Instruction No. 19] is modified. We're going to modify Defendant's, "Under the ADA, Hirlston was qualified if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions either with or without," a reasonable accommodation—"without the reasonable accommodations she proposed at the November 2015 job assessment meeting."

**MS. BLEVINS:** Your Honor, we've reconsidered this overnight. We would like for it just to say, **"with or without a reasonable accommodation," period**, because that's what the law says, and leave out that what she asked for is that meeting, because I don't think that that's necessary.

**MS. FOWLER:** Your Honor, seeing as that's how we originally proposed it, **we wouldn't object to that**.

**THE COURT:** Okay. **So take out that she proposed at the assessment meeting** . . . .

(A-001152:16-1153:7) (emphasis added). Nonetheless, Final Jury Instruction No. 19 ultimately read: Under the ADA, Hirlston was "qualified if she . . . could do the job's essential functions, either with or without the reasonable accommodations **she proposed**." (A-000239) (emphasis added). The same instruction was read on the record for the jury. (A-001159:20-23).

      c.  **The parties were not provided the opportunity to object to the Court's final Jury Verdict Forms.**

The Court invited the parties to submit their proposed final jury verdict forms for consideration. (A-001154:9-11). ("Everybody present a verdict form as you propose it should be, and then we'll have a quick discussion on that before the jury deliberates."). The parties were instructed to concurrently work on their closing arguments and presentations as well as reviewing the proposed final jury instructions.[1] (A-001154:9-1155:5).

---

[1] The parties were not permitted to review each other's PowerPoint presentations before closing arguments began. In its closing PowerPoint, Costco inserted into its presentation "the EEOC's

When the Court discussed the proposed jury verdict forms with the parties, counsel for Hirlston objected to Costco's proposed verdict forms because Costco's verdict form did not "track the Court's language in the instructions," and the proposed verdict forms did not "list[] everything" from the Court's language in the instructions. (A-001162:17-1164:2). When the Court ultimately stated that "I'm inclined to give Costco's version" of the verdict form, Hirlston's counsel again objected stating, "even Costco's version doesn't track the Court's jury instructions, so at the very least, it should include the language that's in the Court's jury instructions." (A-001165:1-6).

The Court then asked the parties to attempt an agreement on jury verdict forms, or the Court would select the appropriate final jury verdict forms. (A-001171:6-21) ("So, lawyers, I'm going to give you guys five minutes to get together and give me a verdict form. And if not, I'll just use the one that I want to use; okay? So it's really to your benefit to work one out, that you guys can agree on."). The parties were unable to reach an agreement on jury verdict forms.

Ultimately, because "the parties were unable to agree on the verdict forms, as the Court had requested," "the Court did draft the verdict forms based on language proposed by both parties in their submissions and to track the elements." (A-001172:14-18). No objections to the Court's final Jury Verdict Forms were permitted on the record. (A-001171:6-1172:18). The jury was dismissed to the jury room to begin deliberating before the

---

guidance" on what constitutes "an acceptable accommodation." (A-001158:10-18). Had this been addressed prior to closing arguments, Hirlston would have certainly objected to the inclusion of this EEOC guidance that also included the EEOC seal. The inclusion of this guidance is likely to have confused the jury during deliberations.

Court's final Jury Verdict Forms were finalized. (A-001160:23-1172:3). The parties did not receive copies of the Court's final Jury Verdict Forms until after the jury had already started deliberating. (A-001160:23-1172:3). Thus, the jury conducted its deliberations and reached a verdict based on the Court's final Jury Verdict Forms without further proceedings on the record. *See* A-001171:7-1172:18.

### d. The jury verdict favored Costco on both counts.

Following a jury trial on Hirlston's failure to accommodate and discrimination claims, the jury found in favor of Costco and against Hirlston because the jury determined that Hirlston was not "qualified" under the ADA. (A-00250-253).

### 5. After the conclusion of the jury trial, the Court separately decided Hirlston's retaliation claim in favor of Costco.

The Court determined earlier that Hirlston's retaliation claim would be tried separately to the Court. (A-00206-208). The Court gave Hirlston until "July 9, 2021 to brief and submit evidence, if any, on her retaliation claim," and provided Costco "twenty-one days thereafter to respond." (A-000217).

On July 9, 2021, Hirlston filed *Plaintiff's Brief in Support of Count II Claim – Retaliation Under the Americans with Disabilities Act.* (A-00546-572). On July 30, 2021, Defendant filed its *Opposition to Plaintiff's ADA Retaliation Claim (Count II Claim).* (A-00573-601). On August 6, 2021, Hirlston filed *Plaintiff's Reply Brief in Support of Count II Claim – Retaliation Under the Americans with Disabilities Act and Motion for Hearing on Count II Claim and Resulting Damages.* (A-00602-622). Defendant then filed *Costco's Motion to Strike Hirlston's Reply in Support of Her Post-Trial Retaliation Brief or, In the Alternative, For Leave to File a Sur-Reply* on August 11, 2021. (A-00623-632).

Before Hirlston could file a response to Defendant's *Motion to Strike*, the Court issued its *Entry on Plaintiff's Count II Claim: Retaliation Under the Americans with Disabilities Act*. (000006-22). The Court found in favor of Defendant as to Hirlston's retaliation claim. (000021). The Court also denied Defendant's *Motion to Strike* and granted Defendant's leave to file a surreply. (000021 at n.1). The Court entered *Final Judgment Pursuant to Fed. R. Civ. Pro. 58* on August 19, 2021. (000023).

On September 16, 2021, Hirlston timely filed *Plaintiff's Motion for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60* ("Motion for New Trial") (A-000633-722). On May 17, 2022, the Court entered its *Order Denying Motion for New Trial, or Alternative Motion for Relief from Judgment*. (000025-38). The Notice of Appeal was timely filed on June 15, 2022. (000001-2).

### III.B.  FACTUAL BACKGROUND

#### 1.      Hirlston was Hired by Costco in December of 2009.

On December 9, 2009, Costco hired Hirlston to work in Optical Sales and Service at the Fortune Park location in Indianapolis. (A-000197 at ¶1; A-000457 at ¶1). In August of 2010, Hirlston was promoted to the position of the Optical Department Manager at the Castleton location in Indianapolis. (A-000197 at ¶2; A-000457 at ¶2).

During Hirlston's tenure as the Optical Department Manager, her Optical Department was very successful. (A-000457 at ¶3). For example, on or about September or October of 2015, Hirlston's Optical Department scored over 100 points on the Costco Report Card for the 2015 fiscal year. (A-000457 at ¶4). In addition, Hirlston's Optical Department was ranked in the top ten (10) in the eastern part of the United States for

productivity for Fiscal Year 2015. (A-000458 at ¶5). Hirlston's Optical Department also had

ten percent (10%) growth for the last fiscal year she was there (2015). (A-000458 at ¶6).

### 2.  Hirlston has had several disabilities for many years. Costco was aware of Hirlston's disabilities and considered Hirlston to be disabled.

Hirlston was diagnosed with fibromyalgia in 1995. (A-001131:16-17; A-000458 at ¶7).

She was also diagnosed with hypothyroidism in 1998. (A-001129:23-1130:1; A-000458 at ¶8).

It is extremely difficult for Hirlston to lose weight because of her hypothyroidism and

because she had her thyroid removed. (A-001129:23-1130:24). Hirlston also has four (4)

herniated disks. (A-001130:2-7; A-000458 at ¶9). These herniated disks were diagnosed in

2011 (although the pain began before 2011). (A-000458 at ¶10). Two (2) of the herniated

disks in Hirlston's back are "pushing on nerve roots." (A-001130:2-7; A-000458 at ¶11).

Hirlston has also been diagnosed with spinal stenosis, facet disease, arthritis, and bone spurs.

(A-001130:2-7; A-000458 at ¶12). The spinal stenosis, facet disease, arthritis and bone spurs

are all in Hirlston's back. (A-001130:2-7; A-000458 at ¶13). Hirlston has suffered from

arthritis since she was 11 years old. (A-001130:17-18; A-000458 at ¶14). Costco was aware of

Hirlston's disabilities and considered Hirlston to be disabled. (A-001101:2-5).

Because of the spinal disabilities and the fibromyalgia, Hirlston must use a cane. (A-001132 393:2-11; A-000458 at ¶15). She has used a cane periodically since childhood. (A-001132:2-6; A-000458 at ¶16). Costco was aware of Hirlston's use of a cane as she began

using it at work in 2011. (A-001099:1-4; A-001100:5-8; A-000458 at ¶16).

**3.    In May of 2015, Costco announced a complete remodel of the optical department that would eliminate all sitting workstations. Because of Hirlston's many disabilities, she requested reasonable accommodations.**

On May 13, 2015, Costco informed Hirlston that all monitors in the Optical Department would be built into the countertops to protect customers' personal health information. (A-000804-806; A-000458 at ¶17). This remodel would eliminate all seated workstations. (A-001133:10-15; A-001134:5-13; A-001146:3-5; A-001150:4-10; A-001150:19-24; A-000458 at ¶18). Hirlston spoke with Human Resources at Costco regarding the need for an accommodation in July of 2015. (A-001135:7-16; A-000459 at ¶19). Hirlston was told then by Human Resources in July of 2015 that Costco could and would make an accommodation for her. (A-001135:11-16; A-000459 at ¶20). It was not until she spoke to someone in the Human Resources Department that Hirlston learned about the procedures for submitting a written request for a reasonable accommodation that would trigger a job assessment with Costco's Integrated Leave department. (A-001135:17-22; A-000459 at ¶21). Based on the direction of Human Resources, Hirlston provided the Job Analysis (or job description) for her Optical Manager position to her general practitioner, Dr. Rachel Bowles, and asked Dr. Bowles to complete Costco's Work Restriction Form. (A-001144:12-1145:1; A-000543:4-545:4). Hirlston then provided her work restrictions to Mike Donaldson, the Warehouse Manager at the Castleton Costco location, and requested an accommodation on September 26, 2015. (A-001135:23-25; A-000807; A-000459 at ¶22).

**4.     A job assessment meeting was held on November 3, 2015, following Hirlston's request for reasonable accommodations.**

After Hirlston submitted her restrictions in September of 2015, she continued to work her normal job duties as the Optical Department Manager. (A-001102:15-1103:5; A-001135:23-1136:5). In mid-October of 2015, Frances Parisi from Rehab West, contacted her and asked her to participate in a conference call with Ms. Parisi, Mr. Donaldson, and Integrated Leave to discuss the work restrictions submitted by Dr. Bowles. (A-001136:6-13; A-000459 at ¶23). On November 3, 2015, Costco held a job assessment meeting to discuss Hirlston's requested accommodations. (A-001136:16-18; A-000861-865; A-000459 at ¶24). Present in person at this job assessment meeting were Hirlston and Mr. Donaldson. (A-001136:19-25). Also participating by phone were Julie Davidson and Julie Frazier from Costco's Integrated Leave department as well as third party Frances Parisi of Rehab West. (A-000865; A-000459 at ¶25; A-001136:19-25).

During the job assessment meeting, Hirlston offered several potential reasonable accommodations for bending, such as the use of a grabber, but Costco did not offer any potential reasonable accommodations. (A-000862-863; A-001089:12-14; A-001091:7-9; A-001137:23-25; A-000459 at ¶26). Mr. Donaldson admitted that Costco never even considered Hirlston's proposed accommodations. (A-001107:17-25). Hirlston was open to other suggestions of reasonable accommodations by Costco, but Costco failed to provide any suggestions of reasonable accommodations. (A-000863; A-001092:14-16; A-000459 at ¶27).

In addition, Hirlston suggested the use of a sitting station as a reasonable accommodation in case she needed to sit down. (A-001137:7-14; A-000460 at ¶28). Costco,

14

however, denied this reasonable accommodation as one of Hirlston's job duties, according to Costco, included standing. (A-001109:9-16). Mr. Donaldson also admitted that a chair is a "simple request and not a big expense to Costco" as Costco "carries chairs, office chairs, in its store." (A-001104:1-6).

As part of the sitting station, Hirlston suggested that pursuant to the Memorandum dated May 13, 2015, a drop-in box for the computer monitor could be installed on the lower countertop, which is desk height, with a polarized screen so concerns about exposure of confidential information could be addressed. (A-001090:22-1091:6; A-001137:7-22; A-000862; A-000460 at ¶29). This would allow Hirlston to sit down as needed, but it would also protect confidential information. (A-001137:7-22; A-000460 at ¶30). Costco refused this requested, reasonable accommodation. (A-000861-865; A-000460 at ¶31).

As to other "Physical Demands," such as lifting, Hirlston confirmed that lifting was not an essential function of her job as Optical Department Manager. (A-001138:20-24; A-000460 at ¶35). Both Hirlston and Mr. Francis also confirmed that if a large box was delivered, it was placed on the counter by UPS or the receiving department. (A-001121:17-1122:22; A-001140:4-12; A-000460 at ¶32). Moreover, the large box contained many smaller items that were under Hirlston's lifting restrictions. (A-001105:21-1106:10; A-001123:14-1124:11; A-000460 at ¶33). Hirlston was able to lift these smaller items out of the larger box. (A-001105:21-1106:10; A-001139:9-20; A-000460 at ¶34). Hirlston explained during the job assessment meeting on November 3, 2015, that there were ways to perform her job as the Optical Department Manager and comply with Dr. Bowles' restrictions. (A-000460 at ¶36). Hirlston did request assistance with lifting as a reasonable accommodation. (A-001091:7).

15

Costco has provided lifting assistance to other employees, including Hirlston in her job as a hearing aid assistant. (A-001092:21-1093:2; A-000872-873).

Not only did Costco fail to research any of Hirlston's proposed reasonable accommodations, but Costco failed to even consider any of Hirlston's proposed reasonable accommodations. (A-001107:13-21; A-001108:17-20). Costco did not attempt to speak to Hirlston's physician, Dr. Rachael Bowles, either. (A-001086:24-1087:3; A-001141:15-17). Furthermore, Costco chose not to consult with any vocational experts about Hirlston's disabilities and her proposed accommodations. (A-001088:4-13; A-001108:21-25). Costco also never requested an independent medical examination of Hirlston, nor did Costco seek a second or third medical opinion as provided for in the Costco Employee Agreement. (A-001088:14-16; A-001141:24-25; A-000980 at Section B). Ultimately, Costco, through Mr. Donaldson, determined that there was no reasonable accommodation to assist Hirlston is performing her job as the Optical Department Manager. (A-000861-865; A-000866-868; A-001095:12-22; A-001096:2-5; A-001096:14-20). Costco stated at the trial of this matter that it stands behind the decisions of its warehouse managers. (A-001157:19-25).

**5.    Costco placed Hirlston on a forced Leave of Absence.**

Following the job assessment meeting on November 3, 2015, Costco placed Hirlston on a forced leave of absence in lieu of providing any reasonable accommodation to her. (A-000861-865; A-000866-868; A-001096:14-17; A-000460 at ¶37). Specifically, Mr. Donaldson stated in a November 4, 2015 letter: "Accordingly, because you cannot return to work with or without accommodation, as a reasonable accommodation, we are placing you on a leave

16

of absence both as a reasonable accommodation and to provide us the opportunity to further explore other potential positions for possible reassignment." (A-000866-868).

Moreover, the following question was asked in the Job Assessment Meeting Notes: "Was an accommodation offered?" (A-000865). The Job Assessment Meeting Notes completed by Mr. Donaldson, Ms. Parisi, Ms. Davidson, and Ms. Frazier marked "No" to that question. (A-000865). The Job Assessment Meeting Notes also state that "Hirlston will be placed on a Leave of Absence **because Costco is unable to accommodate her restrictions**." (A-000865) (emphasis added). Ms. Frazier testified that Costco "did not offer [Hirlston] the ability to stay in her job and perform the essential functions with accommodations." (A-001098:10-18).

Not only is a leave of absence not listed as a reasonable accommodation in Costco's Employee Agreement (its handbook), but, according to Costco, a leave of absence "means [Costco is] not able to accommodate at that point." (A-000946 at ¶2.3; A-000541:21-24). Ms. Frazier agreed that "a reasonable accommodation is a tool that assists employees in performing the essential functions of the job." (A-001097:8-11).

Hirlston's leave was a required, mandatory leave and was not optional. (A-001142:6-14). Hirlston did not choose to go on a leave of absence, and she did not agree that she should be forced to go on an unpaid leave of absence. (A-001142:6-14; A-000460-461 at ¶¶38-39). Indeed, Hirlston refused to sign the Job Assessment Notes because it stated: "The following individuals were in attendance at the Accommodation Assessment meeting and are in agreement with this summary." (A-000861-865; A-000460-61 at ¶39). She was not in agreement with the summary. (A-000460-61 at ¶39). Hirlston still believes that she was able

17

to perform the essential functions of her job with reasonable accommodations. (A-001142:15-1143:13; A-000461 at ¶40). Although Hirlston requested reasonable accommodations because of the complete remodel of the Optical Department, the remodel was not yet completed when Hirlston was placed on the forced leave of absence on November 3, 2015. (A-001120:16-23).

Costco does not "pay any amount of money to an employee who's put on forced leave." (A-000540:13-17). Mr. Donaldson confirmed that there was "no consideration of any further types of accommodation during the forced leave of Karen Hirlston," and he further confirmed he put no thought into any other potential accommodation for Hirlston. (A-001107:22-25).

### 6.     Hirlston was demoted when she returned to work at Costco following her forced leave of absence.

In April of 2016, Hirlston had another job assessment meeting with Costco. (A-001076-1078; A-000461 at ¶41). William Kaufman, the then Warehouse Manager at the new southside Indianapolis Costco understood that Hirlston was interested in a position in this new warehouse. (A-001125:1-12). Hirlston's understanding of the job assessment meeting in April of 2016 was that it was for a hearing aid position at the new southside Indianapolis Costco location. (A-001147:23-1149:15; A-000461 at ¶42). But Hirlston learned that there was no job position available for her in April of 2016. (A-001126:1-22; A-000461 at ¶43).

Following the job assessment meeting with Mr. Kaufman, Hirlston received a letter from Mr. Donaldson, the warehouse manager of the Castleton Costco location. A-001028-1030; A-000461 at ¶44). Mr. Donaldson's letter dated April 26, 2016, referenced "'our' meeting on April 13, 2016," but Mr. Donaldson was neither involved in the April 2016 job

18

assessment meeting nor was he present at the April 13, 2016, meeting. (A-001028-1030; A-001125:13-16; A-000461 at ¶45).

Hirlston provided updated restrictions from Dr. Bowles on September 30, 2016. (A-000870-871). Hirlston's standing limitation did not change from 2015 to 2016, and the length of time she could walk did not change, but she could only walk no more than one (1) total hour per shift. (A-000807-808; A-000870-871). Hirlston's lifting restriction was increased from two (2) pounds below the waist to five (5) pounds below the waist. (A-000807-808; A-000870-871). All other lifting restrictions stayed the same. (A-000807-808; A-000870-871). With the updated restrictions, Hirlston was able to push and pull five (5) pounds occasionally, and she was also able to bend and stoop occasionally (a few times each shift). (A-000870-871).

On October 11, 2016, Hirlston received a voicemail from Mr. Kaufman regarding a job opportunity. (A-000461 at ¶46; A-000466-467). Hirlston also received a letter from Mr. Kaufman dated October 10, 2016, regarding a hearing aid attendant position. (A-000872-873; A-000461 at ¶47). Hirlston accepted this hearing aid attendant position on October 17, 2016, via email. (A-000461 at ¶48; A-000465). The Optical Department Manager position that Hirlston previously held, however, was posted by Costco on October 12, 2016 – five (5) days ***prior*** to Hirlston's acceptance of the new position. (A-001032, A-001051-1052; A-000461 at ¶49).

On October 31, 2016, Hirlston returned to work as a hearing aid attendant at Costco's southside Indianapolis location, but she was brought back to work in a lower-paid position. (A-000197 at ¶7; A-000462 at ¶¶50, 52). This was a demotion from a manager-level

19

position to an hourly, non-managerial position. (A-000462 at ¶51). Hirlston's hourly rate as a

hearing aid attendant from October 31, 2016, to March 2017 was $21.95 per hour. (A-

000197 at ¶8). From March of 2017 to March of 2018, Hirlston's hourly wage was $22.55

per hour. (A-000198 at ¶9). Hirlston was promoted to a hearing aid apprentice in March of

2018. (A-001127:20-1128:9). Her hourly rate of pay as a hearing aid apprentice from March

of 2018 to June of 2018 was $23.15 per hour. (A-000198 at ¶ 10). From June of 2018 to

January 2019, Hirlston's hourly wage was $23.40 per hour, and it was $25.10 per hour from

January 7, 2019, to March 17, 2019. (A-000198 at ¶¶11-12). Beginning on March 18, 2019,

Hirlston's hourly wage increased to $25.65 per hour. (A-000198 at ¶13).

As the Optical Department Manager, Hirlston earned approximately $64,000.00 per

year. (A-000197 at ¶¶5-6; A-000495). On September 4, 2017, Hirlston's salary as the Optical

Department Manager would have been $69,000.00 per year. (A-000496). Hirlston's salary

would have been $71,100.00 per year as of June 11, 2018. (A-000498). As of March 1, 2021,

Hirlston's salary as the Optical Department Manager would have been $73,100.00 per year.

(A-000468-469).

## IV.     SUMMARY OF THE ARGUMENT

Ms. Hirlston seeks a reversal of the district court's Final Judgment, and further

requests that this matter be remanded for a new trial as she was never given the opportunity

to object to the Court's final Jury Verdict Forms and Final Jury Instruction No. 19 as

required by Fed.R.Civ.P. 51. Hirlston was not provided a final version of the Court's final

Jury Verdict Forms until the jury had already started deliberating. Had she received the

Court's final Jury Verdict Forms and been allowed to state her objections, Hirlston would

have objected to the language in the final Jury Verdict forms. Furthermore, Final Jury Instruction No. 19 contained additional language not agreed to by the parties. Because the Court agreed with the parties' proposed language for Final Jury Instruction No. 19, Hirlston assumed the instruction would be read properly to the jury. But Hirlston did not have an opportunity to proofread the instructions before closing arguments and the jury instructions being read to the jury. If she had the opportunity to object to Final Jury Instruction No. 19, she certainly would have.

The Court also improperly admitted photographs introduced by Costco in the middle of trial that had never been produced during discovery and lacked a proper foundation but had apparently existed for almost a year before trial. Costco also claimed that these photographs were merely demonstrative exhibits but then immediately moved to admit them as evidence. Because Costco used these photographs against Hirlston to show she was not qualified for her position (the issue decided by the jury resulting in a defense verdict), the Court should reverse the jury verdicts and remand this matter for a new trial based on this erroneous admission of evidence.

Further, the Court discussed and based its decision on Hirlston's retaliation claim, at least in part, on the findings by the jury. Because the jury's determination was based on an improper jury instruction, improper jury verdict forms and the improper admission of evidence, Hirlston's claim of retaliation should also be reversed.

As discussed below, this Court should reverse the district court's Final Judgment, and remand this matter for a new trial.

## V.      <u>LEGAL ARGUMENT</u>

**V.A.**    **HIRLSTON WAS DEPRIVED OF AN OPPORTUNITY TO OBJECT TO FINAL JURY INSTRUCTION NO. 19 AND THE COURT'S FINAL JURY VERDICT FORMS, AND THE JURY WAS THEREBY MISLED AS TO THE LAW APPLICABLE TO THIS CASE.**

     **1.**      **Standard of review.**

Challenges to jury instructions are reviewed by the Court de novo. *Ernst v. City of Chi.*, 837 F.3d 788, 794 (7th Cir. 2016). Reversal is warranted when "jury instructions are so misleading or confusing that they prejudice a party." *Ernst*, 837 F.3d at 794 (citing *Lewis v. City of Chi. Police Dep't*, 590 F.3d 427, 433 (7th Cir. 2009)). The Court has recognized "the importance of getting jury instructions right." *Ernst*, 837 F.3d at 794 (citing *Lewis*, 590 F.3d at 433)).

Even though Hirlston was deprived of an opportunity to object to Final Jury Instruction No. 19 and the district court's final Jury Verdict Forms, the incorrect and improper language in Final Jury Instruction No. 19 and the final Jury Verdict Forms constitute plain error. An appellate court "may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Fed. R. Civ. P. 51(d)(2).

     **2.**      **Hirlston was precluded from objecting on the record to Final Jury Instruction No. 19 as read to the jury, in violation of Fed.R.Civ.P. 51(b).**

         **a.**      **Although both parties and the Court agreed to the language for Final Jury Instruction No. 19, what was read to and given to the jury contained additional language that was a misstatement of the law. Hirlston was never alerted to this change in language or given an opportunity to object.**

Final Jury Instruction No. 19 originally stated: "Under the ADA, Ms. Hirlston was qualified if she had the skill, experience, education, and other requirements for the job and

could do the job's essential functions either with or . . . without the reasonable accommodations she proposed at the November 2015 job assessment meeting." (A-001152:16-22). Hirlston, however, objected and requested that Final Jury Instruction No. 19 read "'with or without the reasonable accommodations' period" with the phrase "she proposed at the November 2015 job assessment meeting" omitted from the instruction, "because that's what the law says…." (A-001152:23-1153:2). Costco did not object to this change because that was how Costco "originally proposed it." (A-001153:3-4). The district court then confirmed on the record that Final Jury Instruction No. 19 was to remove the language: "that she proposed at the assessment meeting" from Final Jury Instruction No. 19. (A-001153:5-7).

Accordingly, by the agreement of both parties and the district court, Final Jury Instruction No. 19 should have read: "Under the ADA, Ms. Hirlston was 'qualified' if she . . . could do the job's essential functions, either with or without a reasonable accommodation." Final Jury Instruction No. 19, however, included additional, material and unagreed language: "Under the ADA, Ms. Hirlston was 'qualified' if she . . . could do the job's essential functions, either with or without the reasonable accommodations **she proposed**." (A-000239) (emphasis added); (A-001159:20-23). The additional language – "she proposed" – was not agreed to by the parties and was a material, improper statement of the law.

Hirlston was also deprived of the opportunity "to object on the record and outside the jury's hearing before the instructions and arguments were delivered" to the jury.

23

**b.    The district court failed to provide an opportunity to Hirlston to object to the additional language that was a misstatement of the law.**

Under Fed.R.Civ.P. 51(b), the court "must inform the parties of its proposed instructions and proposed action on the requests before instructing the jury and before final jury arguments" and "give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered."

       *i.    Final Jury Instruction No. 19 contained language that was a misstatement of the law.*

The additional language – "she proposed" – in Final Jury Instruction No. 19 was not agreed to by the parties and was a material, improper statement of the law. The court in *Carter v. Family Video Movie Club, Inc.*, No. 1:12-cv-00108-TWP-MJD, 2013 U.S. Dist. LEXIS 108638, *17 (S.D. Ind. Aug. 2, 2013), held that after determining an individual "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc.," the Court must then "consider 'whether or not the individual can perform the essential functions of the position held or desired, **with or without reasonable accommodation**.'" *Carter*, 2013 U.S. Dist. LEXIS 108638 at *17 (quoting 29 C.F.R. § 1630.2(m)) (emphasis added). Inclusion of the phrase "she proposed" is thus an incorrect statement of the law. Costco attempted to distinguish *Carter* by stating that it "was an order addressing a Motion for Summary Judgment." (A-000730). Whether it related to a summary judgment or a jury instruction, it is still instructive as to the law.

The wording of Final Jury Instruction No. 19 ignores the interactive process, which requires both parties to work together to determine "whether a reasonable accommodation could be made." *Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055, 1062 (7th Cir. 2014). Thus,

"[b]oth the employer and employee are responsible for engaging in an 'interactive process' to find a reasonable accommodation for the employee's disability." *Lawler v. Peoria Sch. Dist. No. 150*, 837 F.3d 779, 786 (7th Cir. 2016) (citing 29 C.F.R. §1630.2(o)(3); *Spurling*, 739 F.3d at 1061; *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996)). In other words, Costco was obligated to assist Hirlston in identifying a reasonable accommodation; it was not solely up to Hirlston as Final Jury Instruction No. 19 states. In ruling on Hirlston's *Motion for New Trial*, the district court, however, erroneously stated that "the evidence at trial showed the parties had considered only accommodations proposed by Hirlston, so [Final Jury] Instruction No. 19 does not misstate the law." (000036).

First, Costco's failure to engage in the interactive process and its violation of the law should not serve as a basis for the district court to include improper language in the jury instruction. If "the parties had considered only accommodations proposed by Hirlston," as the district court stated, then that was improper too, and should not serve as the basis for district court to incorrectly state the law in Final Jury Instruction No. 19.

Second, Costco argued throughout this case and trial that it provided Hirlston with a reasonable accommodation by forcing Hirlston to take a leave of absence until it could transfer her to a lower paying position that accommodated her disability. Yet, the district court's Order on the *Motion for New Trial* suggests that the jury somehow only heard Hirlston's argument that Costco did not offer any accommodations. Since Costco argued that it indeed offered Hirlston reasonable accommodations, then the jury was confused by Final Jury Instruction No. 19 telling them that they only needed to consider the accommodations suggested by Hirlston. In addition to being a misstatement of the law, it is

25

also a misstatement of fact and directly contrary to the fundamental defense Costco asserted throughout the entirety of this case. *See* A-000038-39 ("Costco admits that following the November 3, 2015 job assessment meeting that it placed Hirlston on a leave of absence 'both as a reasonable accommodation and to provide [the parties] the opportunity to explore other potential positions for possible assignment.'"); *Id.* at 26 ("Costco admits that it provided accommodations to Hirlston"); *See also* A-000070 at ¶51 (Costco "offered [Hirlston] medical leave as an accommodation"); *See also* A-001096:6-11 (Ms. Frazier answered "Well, we accommodate them with a leave of absence" when she was asked whether Costco places a disabled employee on a leave of absence if they cannot be accommodated")).

For these reasons, the Court should reverse the district court's Final Judgment and remand the matter for a new trial.

> ii.     *Because Hirlston was not alerted to the district court's decision not to change Final Jury Instruction No. 19 as the parties and the district court had agreed, the error in the district court's Final Jury Instruction No. 19 were preserved for review.*

Although Fed.R.Civ.P. 51(d) generally requires a party to object to jury instructions or request a particular instruction that a court rejected—unless a plain error occurred—here, Hirlston was not alerted to the district court's decision not to make all of the changes the parties and district court had agreed to and was therefore prevented from making objections on the record. Thus, the error in the district court's Final Jury Instruction No. 19 was preserved for review.

In its Order on Hirlston's *Motion for New Trial*, the district court claimed that "[a] complete and accurate review of the record makes clear that Hirlston was given an

opportunity to review and object to Final Jury Instruction No. 19, and the Court even explained the change that was made to the Instruction, but Hirlston did not object." (000035). It is clear from the record, however, that this is plainly not true.

Counsel for Hirlston received the Proposed Final Jury Instructions at 11:19 A.M. on June 9, 2021. (A-000803). The Court went back on the record at 11:20 A.M. to discuss the Proposed Final Jury Instructions e-mailed to counsel just one (1) minute prior. (A-001156:1-5). Counsel for Hirlston then immediately informed the Court that she was "reviewing the ones that we just got as far as the former instruction number 24" when asked by the Court if she had an opportunity to review the proposed final instructions. (A-001156:16-10). Counsel for Hirlston inadvertently stated that she was reviewing Final Jury Instruction No. 19 when she was actually reviewing Final Jury Instruction No. 20, which is the "former instruction number 24," as even admitted by Costco. (A-000725 at FN 1). Hirlston's counsel was unaware that the district court had not fully changed Final Jury Instruction No. 19 as the district court and the parties had agreed, and the district court did not alert the parties that all of the agreed changes were not made to Final Jury Instruction No. 19.

In *Schmitz v. Canadian Pac. Ry. Co.*, the district court "initially agreed" to give a particular instruction "during the instructions conference." *Schmitz*, 454 F.3d 678, 683-84 (7th Cir. 2006). The district court later "changed his mind" "[w]ithout notifying the parties," and the district court "instructed the jury using different instructions that contained no mention" of the agreed alteration, which was "contrary to the requirements of Rule 51." *Schmitz*, 454 F.3d at 683-84. The Seventh Circuit concluded that the appealing party "relied on the court's previously announced agreement to instruct the jury on the federal regulation and cannot be

faulted for failing to lodge a specific objection when no notice of the court's action or

opportunity to object was provided," and "the judge was required to inform the parties of

his sua sponte alteration of the previously agreed-to instructions and provide an opportunity

to object." *Id.* As a result, the Seventh Circuit determined that the issue was preserved, and

the appellate court fully considered the issue of the change to the jury instruction on appeal.

*Id.*

As in *Schmitz,* Hirlston was not notified of the district court's change to Final Jury

Instruction No. 19 that was different than what the parties and district court had agreed.

Thus, the district court's error of including unagreed and improper language in Final Jury

Instruction No. 19 was preserved by law.

> **3.    Hirlston was not provided the district court's final Jury Verdict Forms
> before final arguments and final jury instructions were read to the jury,
> and was precluded from objecting on the record to the Court's final Jury
> Verdict Forms, both in violation of Fed.R.Civ.P. 51(b).**
>
> > **a.    The district court provided the final Jury Verdict Forms to the
> > jury without providing them to Hirlston and/or giving her an
> > opportunity to object to the final Jury Verdict Forms.**

In this matter, the district court's final Jury Verdict Forms were not finalized until

after the final arguments were made and the district court read the final jury instructions to

the jury. In fact, the jury had been dismissed to the jury room before the district court's final

Jury Verdict Forms were finalized and provided to counsel. (A-001160:23-1172:3).

Furthermore, Hirlston was deprived of the opportunity "to object on the record and outside

the jury's hearing before the instructions and arguments were delivered" to the district

court's final Jury Verdict Forms. Instead, the jury was permitted to reach a verdict based on

the district court's final Jury Verdict Forms without an opportunity for objections by counsel.

> **b.      Hirlston preserved the issues under Fed.R.Civ.P. 51(d) by objecting to the proposed Jury Verdict Forms but was not provided an opportunity to object to the final Jury Verdict Forms.**

Hirlston fulfilled her obligation of objecting to the proposed Jury Verdict Forms under Fed.R.Civ.P. 51(d)(2). Hirlston was not given the opportunity to object to the district court's final Jury Verdict Forms provided to the jury as Hirlston did not see the final version of the district court's final Jury Verdict Forms until after the jury had already started deliberating. (A-001160:23-1172:3).

Hirlston did, however, specifically object to Costco's proposed jury verdict forms because Costco's verdict forms did not "track the Court's language in the instructions," and the proposed verdict forms did not "list[] everything" from the Court's language in the instructions. (A-001162:17-1164:2). When the Court ultimately stated that "I'm inclined to give Costco's version" of the verdict forms, Hirlston's counsel again objected stating, "even Costco's version doesn't track the Court's jury instructions, so at the very least, it should include the language that's in the Court's jury instructions." (A-001165:1-6). Hirlston's counsel maintained this objection throughout the discussion of Costco's proposed jury verdict forms. (A-001169:6-1171:6).

Had Hirlston been given the opportunity to object to the district court's final Jury Verdict Forms, Hirlston would have objected to both of the verdicts for omitting the language "either with or without the reasonable accommodations" in the first question of the final Jury Verdict Forms which would have tracked the language in Final Jury Instruction

No. 19 (although Final Jury Instruction No. 19 included inaccurate additional language not agreed to by either party). The district court's final Jury Verdict Forms both included the same question: "Was Ms. Hirlston qualified to perform her job as an Optical Department Manager in November 2015?" (A-000250-253). To track Final Jury Instruction No. 19, which was the basis for the objection by Hirlston's counsel, the district court's final Jury Verdict Forms should have read: "Was Ms. Hirlston qualified to perform her job as an Optical Department Manager in November 2015 either **with or without reasonable accommodations**?" (emphasis added). In the discussion of the parties' proposed Jury Verdict forms, Hirlston's counsel objected that "even Costco's version doesn't track the Court's jury instructions, so at the very least, it should include the language that's in the Court's jury instructions." (A-001165:1-6).

4.    **Even if an objection was necessary, but missing here, both Final Jury Instruction No. 19 and the district court's final Jury Verdict Forms contained plain errors under Fed.R.Civ.P.51(d) that necessitate a new trial.**

a.    **Final Jury Instruction No. 19 constituted a plain error because it contained an incorrect statement of the law.**

Final Jury Instruction No. 19 read: "Under the ADA, Ms. Hirlston was 'qualified' if she . . . could do the job's essential functions, either with or without the reasonable accommodations she proposed." (A-000239; A-001159:20-23). The wording of this instruction – specifically, the inclusion of the phrase "she proposed" – is contrary to law.

The court in *Carter*, No. 1:12-cv-00108-TWP-MJD, 2013 U.S. Dist. LEXIS 108638, *17, held that after determining an individual "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills,

licenses, etc.," the Court must then "consider 'whether or not the individual can perform the essential functions of the position held or desired, **with or without reasonable accommodation**.'" *Carter*, 2013 U.S. Dist. LEXIS 108638 at *17 (quoting 29 C.F.R. § 1630.2(m)) (emphasis added). Inclusion of the phrase "she proposed" is thus an incorrect statement of the law.

Moreover, the wording of Final Jury Instruction No. 19 ignores the interactive process, which requires both parties to work together to determine "whether a reasonable accommodation could be made." *Spurling*, 739 F.3d at 1062. Thus, "[b]oth the employer and employee are responsible for engaging in an 'interactive process' to find a reasonable accommodation for the employee's disability." *Lawler*, 837 F.3d at 786 (citing 29 C.F.R. §1630.2(o)(3); *Spurling*, 739 F.3d at 1061; *Beck*, 75 F.3d at 1135). In other words, Costco was obligated to assist Hirlston in identifying a reasonable accommodation; it wasn't just up to Hirlston as Final Jury Instruction No. 19 suggests.

Accordingly, "[d]uring such a[n] [interactive] process, the defendant employer must consider more than just what the plaintiff employee proposes," and "[a] proposed accommodation is not limited to what the plaintiff introduced into the process . . . ." *Mlsna v. Union Pac. R.R. Co.*, 975 F.3d 629, 638-39 (7th Cir. 2020) (citing *Lawler*, 837 F.3d at 786-787). Moreover, "participation in the interactive process is a 'continuing obligation' rather than a 'one-off' event." *Rednour v. Wayne Twp.*, 51 F. Supp. 3d 799, 828 (S.D. Ind. 2014) (citing *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1178 (7th Cir. 2013); *Dunlap v. Liberty Nat. Prods.*, No. 3:12-cv-01635-SI, 2013 U.S. Dist. LEXIS 167165, at *17-18 (D. Or. Nov. 25, 2013)).

Ultimately, the jury decided each claim on a determination that Hirlston was not "qualified to perform her job as an Optical Department Manager in November 2015." (A-000250; A-000252). Accordingly, these errors ultimately impacted Hirlston's "substantial rights" and were not harmless.

Because the jury should have determined whether Hirlston was "qualified" under the ADA based on whether a reasonable accommodation existed, regardless of who proposed it, and because the jury ultimately found that Hirlston was unqualified, the inclusion of the phrase "she proposed" was a plain error of law. The Court should thus reverse the district court's Final Judgment and remand the matter for a new trial.

> **b.     The district court's final Jury Verdict Forms failed to state that the jury must consider whether Hirlston was "qualified to perform her job" with or without reasonable accommodations.**

Each of the district court's final Jury Verdict Forms asked as the first question whether "Ms. Hirlston was qualified to perform her job as an Optical Department Manager in November 2015." (A-000250; A-000252). However, the jury should have considered whether Hirlston was "qualified to perform her job" either with or without reasonable accommodations. *Mlsna*, 975 F.3d at 633 ("To succeed on a reasonable accommodation claim, a plaintiff must show (1) he was disabled, (2) his employer was aware of his disability, and (3) he was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of the employment position.").

Final Jury Instruction No. 19 includes the language "with or without the reasonable accommodations," (A-000239; A-001159:20-23), but the district court's final Jury Verdict Forms do not include any reference to Hirlston performing her job "either with or without

reasonable accommodations." Particularly in light of Final Jury Instruction 19's inclusion of additional language that contradicts applicable law on what it means to be "qualified" under the ADA and on the interactive process, the district court's final Jury Verdict Forms prevented the jury from developing "[an] understanding of the issues" on Hirlston's claims at trial "and its duty to determine those issues." *EEOC v. Mgmt. Hosp. of Racine, Inc.*, 666 F.3d 422, 439-40 (7th Cir. 2012).

Because the district court's final Jury Verdict Forms were "confusing and misleading to the jury" and impacted the outcome of the trial since the jury determined Hirlston was not qualified, the Court should reverse the district court's Final Judgment and remand the matter for a new trial. *G&G Closed Circuit Events, LLC v. Castillo*, No. 14-CV-02073, 2019 U.S. Dist. LEXIS 130613, at *20 (N.D. Ill. Aug. 5, 2019); *Guzman v. City of Chi.*, 689 F.3d 740, 745-46 (7th Cir. 2012).

**V.B.  BECAUSE PHOTOGRAPHS INTRODUCED BY COSTCO HAD NEVER BEEN PRODUCED DURING DISCOVERY AND LACKED A PROPER FOUNDATION, YET HAD ADMITTEDLY EXISTED FOR ALMOST A YEAR BEFORE TRIAL, AND BECAUSE COSTCO USED THESE PHOTOGRAPHS AGAINST HIRLSTON TO SHOW SHE WAS NOT QUALIFIED FOR HER POSITION, THIS COURT SHOULD REVERSE THE DISTRICT COURT'S FINAL JUDGMENT AND GRANT HIRLSTON A NEW TRIAL.**

### 1.    Standard of Review

"[I]n either the admission or exclusion of evidence," the standard of review is "whether that decision constituted an abuse of discretion." *Speedy v. Rexnord Corp.*, 243 F.3d 397, 404 (7th Cir. 2001). A new trial or setting aside the verdict is warranted when "refusal to take such action appears to the court inconsistent with substantial justice." *Id.* (citing Fed.R. Civ.P. 61; *Palmquist v. Selvik,* 111 F.3d 1332, 1339 (7th Cir. 1997)).

**2.     Costco had no intention of using these photographs as demonstrative exhibits because it immediately sought to admit them into evidence.**

During trial, the district court admitted Exhibits 223 and 224 over the objection of Hirlston. (A-001083-1084). These photographs contained alleged depictions of Costco's cubbies within its Optical Department. The photographs were not disclosed to Hirlston or her counsel until the evening of June 7, 2021 at 8:13 pm. Donaldson equivocally testified that these photographs had been taken "I'm pretty sure like the end of last summer" of 2020. (A-001116:5-9).[2] Costco's counsel asserted that these were "demonstrative" exhibits. (A-001114:11-16).

During testimony by Mike Donaldson, Costco offered these alleged "demonstrative" exhibits into evidence. As an initial matter, if these were demonstrative exhibits, they were well past due—the Court had ordered production of "any demonstrative exhibits they intend to use" by "**noon on Friday, June 4, 2021**." (A-000213) (emphasis in original).

Furthermore, by their very definition, demonstrative exhibits are not themselves "evidence;" instead, "[t]hese pedagogical devices are used to aid the jury in its understanding of the evidence that has already been admitted." *Baugh v. Cuprum S.A. De C.V.*, 730 F.3d 701, 706-08 (7th Cir. 2013). Indeed, "when an exhibit is allowed to be used for only demonstrative purposes, the judge and the parties understand that the exhibit is argumentative and persuasive in nature," and "such pedagogical devices should be used only as a testimonial aid, and should not be admitted into evidence or otherwise be used by the jury during

---

[2]  It appears that an invoice with the date "9/30/20" is attached to a contact lens box in the photograph, indicating that the photograph was taken on or after that date, but this information was not solicited from Donaldson at trial.

deliberations." *Id.* As a result, Costco's counsel seemingly had no intention of using these photographs as "demonstrative" exhibits but instead apparently had every intention of using them as substantive evidence without timely disclosing them to Hirlston.

### 3.    Costco failed to produce the photographs before trial or disclose them as exhibits even though the photographs apparently existed for almost a year before trial.

Discovery in this case closed on March 22, 2019. (A-000056). Per the district court's October 13, 2020, *Order on Motions in Limine*, the district court granted Hirlston's motion to exclude from trial any documents not produced by Costco during discovery "that should have been produced." (A-000185).

During discovery, Hirlston specifically requested "[a]ny and all documents, including electronic documents that you intend to introduce into evidence at the trial of this case; in support of any motion; or that may be used to refresh the recollection of witnesses at depositions or trial." (A-000686; A-000715-716). Hirlston's definition of the term "documents" included "documents as that term is used in Rule 34 of the Federal Rules of Civil Procedure, including without limitation all original writings of any nature, and all non-identical copies thereof in the actual or constructive possession, custody or control of Defendant, regardless of where located, and specifically includes but is not limited to . . . reports, charts, opinions, papers, graphs, . . . **photographs**, . . . e-mail and electronic messages of all kinds . . . ." (A-000673-674) (emphasis added).

Under Fed.R.Civ.P. 26(e), Costco – as "[a] party. . . who has responded to an interrogatory, request for production, or request for admission" – was required to "supplement or correct its disclosure or response" "in a timely manner if the party learns

35

that in some material respect the disclosure or response is incomplete or incorrect…." On

October 26, 2020 and May 28, 2021, Hirlston specifically requested that Costco supplement

its discovery responses. Costco did not provide the photographs in Exhibits 223 and 224

until the middle of trial during the evening of June 7, 2021 – or what seems to be almost one

year after they were taken. These exhibits were also not included on Costco's exhibit list. *See*

A-000083-89; A-000200-205.

Considering that these photographs had apparently existed for almost a year, yet

Costco withheld these photographs until trial had already begun, Costco should have been

prohibited from using these photographs at trial. Costco sought to get around its discovery

failure of disclosing the exhibits to Hirlston before trial and its violation of the Court's *Order

on Motions in Limine* by calling the photographs "demonstrative." Yet, once Costco presented

the photographs at trial, Costco immediately sought to admit the photographs as evidence.

The district court improperly went along.

### 4.  Hirlston's counsel properly objected to these Exhibits and their lack of foundation.

Hirlston's counsel objected to the lack of foundation of these Exhibits, stating, "there

has been no representation about when these were taken and what period of time this relates

to." Hirlston's counsel further objected because Costco "said [it had] done a remodel of the

optical department since Ms. Hirlston was there, so [Hirlston's counsel does] object if it's

not the same." (A-001114:19-1117:22). After Costco attempted to clarify these issues

through additional, equivocal testimony from Donaldson, Hirlston's counsel again stated

that she "maintain[ed] the same objections that [she] had earlier, that [Hirlston's counsel has]

now . . . ." (A-001114:19-1117:22).

36

Costco never laid a proper foundation for admission of these photographs into evidence. When Hirlston's counsel objected that "there has been no representation about when these were taken and what period of time this relates to," the most Donaldson could say that he was "pretty sure" when the photos were taken. (A-001116:5-7). And, when Hirlston's counsel objected that there had been a remodel of the optical department since Hirlston had worked there, Donaldson testified that it was his "belief" that "those pictures are the exact same as they were back in 2015." (A-001116:22-24). Donaldson's equivocal testimony was not sufficient to lay a proper foundation for the admission of these photographs.

Even if a proper foundation had been laid, Hirlston received these photographs during trial – after Donaldson's testimony had already begun, when it was too late for Hirlston to determine what other questions or information would confirm or dispute Donaldson's testimony about these photographs. Hirlston could have sought additional information about these photographs in discovery had they been properly disclosed. Hirlston could have determined the electronic information (metadata) related to these photographs or whether this cubby area had, in fact, been altered during the renovation so as to render the photographs completely irrelevant at trial.

**5.    Because Costco used these photographs during Donaldson's testimony to establish that Hirlston's proposed accommodation of a grabber would not allow her to perform her job with an accommodation, and the jury later found that Hirlston was not qualified to perform her job in November of 2015, the admission of these photographs clearly affected the outcome of the trial.**

"A new trial may be granted based on an error in the admission of evidence 'if the improperly admitted evidence had a substantial influence on the jury, and the result reached

was inconsistent with substantial justice.'" *In re Cook Med., Inc.*, 431 F. Supp. 3d 1033, 1049 (S.D. Ind. 2020) (quoting *Shick v. Ill. Dep't of Human Servs.*, 307 F.3d 605, 611 (7ᵗʰ Cir. 2002)). More specifically, "'[e]videntiary errors satisfy this standard only if a significant chance exists that they affected the outcome of the trial.'" *In re Cook Med., Inc.*, 431 F. Supp. at 1049 (quoting *Shick*, 307 F.3d at 611).

Here, the jury decided each claim by determining that Hirlston was not "qualified to perform her job as an Optical Department Manager in November 2015." (A-000250; A-000252). Significantly, these photographs were used by Costco to improperly establish that Hirlston was not qualified for her job because her proposed reasonable accommodations, including a grabber, would not allow her to perform the essential functions of her job. Namely, Donaldson testified that because of the way the cubbies were situated, Hirlston would not be able to use her proposed accommodation of a grabber to perform her job. Donaldson stated:

> [I]f you look at a grabber . . . the way they open, it's about like that, and so you're already at a tight space. If you'd close them, then it's going to be tougher to get your hands . . . . in the middle, where there's two things there, there's not a lot of extra room for the fingers of those grabbers. So you can also see two cubbies up, but it just depends what's in there, you know.
>
> And, then, if you accidentally hit it -- you can see they're kind of deep. So if you accidentally hit it with the grabber, now it's going to go back into the back of the cubby and it's going to make it even more difficult without being able to bend down and get down in there.

(A-001118:7-1119:4). But Donaldson did not know if the cubbies changed during the renovation after Hirlston was placed on a forced leave of absence Even though he did not know the date the photographs were taken, he knew the photographs were taken well after November 2015. Donald also did not know the items placed in the cubbies in November

2015 to know whether the grabber would have worked to retrieve the items actually stored there in November 2015. Yet these photographs that had no relevance to the issues at trial were improperly admitted and prejudiced Hirlston's efforts to show the jury that Hirlston could have performed her job with reasonable accommodations, such as the use of a grabber, from Costco.

Because these photographs go to the heart of the only issue that the jury determined at trial (whether Hirlston was "qualified to perform her job as an Optical Department Manager in November 2015"), the admission and use of these photographs adversely affected the outcome of trial. Accordingly, the Court should reverse the district court's Final Judgment and remand the matter for a new trial.

**V.C.  BECAUSE THE DISTRICT COURT BASED ITS DECISION ON HIRLSTON'S RETALIATION CLAIM, AT LEAST IN PART, ON THE DETERMINATIONS BY THE JURY, THE COURT SHOULD REVERSE THE DISTRICT COURT'S DECISION ON RETALIATION.**

In its August 19, 2021 Order on Hirlston's retaliation claim, the Court relied on the improper Final Jury Instruction 19. In discussing whether Hirlston suffered an adverse action, the Court stated: "The evidence shows that Hirlston was not qualified for the Optical Manager position, either with or without the reasonable accommodations she proposed." (000014). The Court then cited the improper Final Jury Instruction 19 in support of this statement. *Id.* The Court went on to state that "[t]he jury conclusively determined that Hirlston was not qualified, . . ." as to both claims. *Id.* In the Court's later discussion of whether Hirlston was demoted, the Court reiterated its statement that "the jury categorically determined that Hirlston was not qualified to perform her job as an Optical Manager . . . ." (000016).

39

In the Court's later discussion of the retaliation claim and whether Hirlston was reframing her discrimination and accommodation claims as a retaliation claim, the Court stated again that "the jury conclusively determined that Hirlston was not 'qualified to perform her job as Optical Manager in 2015.'" (A-000020). The Court states again in the same paragraph that "the jury determined" Hirlston was not qualified to perform her job duties. (A-000021).

Because this determination by the jury was based on an improper jury instruction, improper verdict forms and inadmissible evidence, the Court should reverse the district court's Final Judgment and remand the matter for a new trial.

## VI.     CONCLUSION

The Court should reverse the district court's final judgment and remand this case for a new trial. Hirlston further requests all other just and proper relief.

Respectfully submitted,

*s/ Jamie A. Maddox*
Sandra L. Blevins
Jamie A. Maddox
*Counsel for Plaintiff-Appellant Karen R. Hirlston*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

## VII.      <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing Brief of Appellant complies with the type-volume limitations of Fed.R.App.P. 32(a)(7)(B). This brief contains no more than 14,000 words this 30th day of August, 2022.

*s/ Jamie A. Maddox*
Jamie A. Maddox

## VIII.      <u>DIGITAL MEDIA STATEMENT</u>

I hereby certify that pursuant to Circuit Rule 31(e) that the text of this brief has been provided on digital media.

*s/ Jamie A. Maddox*
Jamie A. Maddox

## IX.      <u>STATEMENT OF INCLUSION</u>

I hereby certify that pursuant to Circuit Rule 30(a) and (b) that the parts of the record required to be included in the Appendix are provided.

*s/ Jamie A. Maddox*
Jamie A. Maddox

## X. <u>PROOF OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon the following counsel

of record this 30th day of August, 2022, via ECF Service:

> Erin Dougherty Foley
> SEYFARTH SHAW, LLP
> 233 South Wacker Drive, Suite 8000
> Chicago, IL 60606-6448

> *s/ Jamie A. Maddox*
> Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

**Appeal No.: 22-2067**

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| *vs.* | ) | Cause No. 1:17-cv-04699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE | ) | The Hon. Tanya Walton Pratt |
| CORPORATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

## <u>SHORT APPENDIX OF APPELLANT</u>

Sandra L. Blevins
Jamie A. Maddox
Betz + Blevins
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

*Attorneys for Plaintiff-Appellant Karen R. Hirlston*

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

NOTICE OF APPEAL TO UNITED STATES COURT OF APPEALS FOR THE
SEVENTH CIRCUIT DATED JUNE 15, 2022 .................................................. 000001

PLAINTIFF'S DOCKETING STATEMENT DATED JUNE 15, 2022 ..................... 000003

ENTRY ON PLAINTIFF'S COUNT II CLAIM: RETALIATION UNDER THE
AMERICANS WITH DISABILITIES ACT DATED AUGUST 19, 2021 ...... 000006

FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58 DATED AUGUST 19,
2021 ........................................................................................................... 000023

ORDER DENYING MOTION FOR NEW TRIAL, OR ALTERNATIVE MOTION
FOR RELIEF FROM JUDGMENT DATED MAY 17, 2022 .......................... 000025

PUBLIC DOCKET DATED JUNE 16, 2022 .................................................... 000039

## **<u>CERTIFICATION</u>**

      I hereby certify that all materials required by Circuit Rule 30(a) and (b) are included in

this Short Appendix of Appellant.

<u>*s/ Jamie A. Maddox*</u>            
Jamie A. Maddox

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing have been served upon the following

counsel of record this 30th day of August, 2022, via ECF Service:

> Erin Dougherty Foley
> SEYFARTH SHAW, LLP
> 233 South Wacker Drive, Suite 8000
> Chicago, IL 60606-6448

*s/ Jamie A. Maddox*

Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:17-cv-4699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF APPEAL TO THE**
**UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT**

Notice is hereby given that Karen R. Hirlston, Plaintiff in the above-named cause of action, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the *Final Judgment Pursuant to Fed. R. Civ. Pro. 58* entered on August 19, 2021 [Dkt. 193] and all preceding and subsequent rulings and orders of the District Court.

Respectfully submitted,

*s/ Jamie A. Maddox*
Jamie A. Maddox, Counsel of Record
Sandra L. Blevins

*Counsel for Plaintiff Karen R. Hirlston*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of June, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


_s/ Jamie A. Maddox_
Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:17-cv-4699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S DOCKETING STATEMENT

Pursuant to Rule 3(c) of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit, Plaintiff Karen R. Hirlston, hereby files this Docketing Statement.

Ms. Hirlston filed this action against Costco Wholesale Corporation on December 21, 2017. In the Complaint, Ms. Hirlston alleged that Defendant violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), by discriminating against Ms. Hirlston on the basis of her disabilities and retaliating against Ms. Hirlston after she requested accommodations.

On December 18, 2019, the Court entered its *Entry Denying Defendant's Motion for Summary Judgment*. A jury trial was held June 7 through June 9, 2021 in the United States District Court for the Southern District of Indiana, Indianapolis Division with Chief Judge Tanya Walton Pratt presiding. The claims before the jury were Ms. Hirlston's disparate treatment and failure to accommodate claims. Ms. Hirlston's claim of retaliation was heard only by Chief Judge Tanya Walton Pratt.

Following a jury trial on Ms. Hirlston's failure to accommodate and discrimination claims, the jury found in favor of Defendant and against Ms. Hirlston on June 9, 2021. On August 19, 2021, the Court issued its *Entry on Plaintiff's Count II Claim: Retaliation Under the Americans with Disabilities Act*. The Court found in favor of Defendant as to Ms. Hirlston's retaliation claim. The Court entered *Final Judgment Pursuant to Fed. R. Civ. Pro. 58* on August 19, 2021.

On September 16, 2021, Ms. Hirlston timely filed *Plaintiff's Motion for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60*. On May 17, 2022, the Court entered its *Order Denying Motion for New Trial, or Alternative Motion for Relief from Judgment*.

Ms. Hirlston is appealing the jury verdict on Ms. Hirlston's failure to accommodate and discrimination claims, the Court's verdict on Ms. Hirlston's retaliation claim as well as all preceding and subsequent Orders entered in this matter. Plaintiff is timely filing her Notice of Appeal on June 15, 2022.

The District Court's jurisdiction was based upon 28 U.S.C. §§ 451, 1331, 1337, and 1343. Appellate jurisdiction exists pursuant to 28 U.S.C. § 1291.

Respectfully submitted,

*s/ Jamie A. Maddox*
Jamie A. Maddox, Counsel of Record
Sandra L. Blevins

*Counsel for Plaintiff Karen R. Hirlston*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th day of June, 2022, a copy of the foregoing was filed

electronically.  Notice of this filing will be sent to the parties by operation of the Court's

electronic filing system. Parties may access this filing through the Court's system.


*s/ Jamie A. Maddox*
Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, IN 46204
Phone: (317) 687-2222
Fax: (317) 687-2221
Email: litigation@betzadvocates.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-04699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**ENTRY ON PLAINTIFF'S COUNT II CLAIM:**</u>
<u>**RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT**</u>

This matter is before the Court on Count II of Plaintiff Karen R. Hirlston's ("Hirlston")

Complaint; her claim against Defendant Costco Wholesale Corporation ("Costco") for retaliation

under the Americans with Disabilities Act ("ADA") (*see* Filing No. 188).  Following a jury trial

on Count I: Hirlston's claims for discrimination (failure to accommodate and disparate treatment)

under the ADA, the jury found in favor of Costco and against Hirlston. It was determined earlier

that Hirlston's retaliation claim would be tried separately to the Court. (Filing No. 136).  The Court

gave Hirlston until July 9, 2021 to brief and submit evidence, if any" and provided Costco "twenty-

one days thereafter to respond." (Filing No. 172 at 2.)[1]  Upon consideration of the evidence

presented at trial and thereafter, and the now-completed briefing the Court issues its Findings of

Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a)(1).  Any finding

---

[1] Hirlston filed a "Reply Brief in Support" on August 6, 2021 (Filing No. 190). Costco moved to strike this brief, arguing that neither the order setting the briefing schedule nor the local rules permitted its filing (*see* Filing No. 191 at 2). And though "a good part of the Reply merely reiterates Hirlston's position" instead of providing new arguments, Costco—in the event "the Court intends to consider Hirlston's Reply"—requested leave to file a surreply to "respond[] to discrete points raised in Hirlston's Reply which Costco did not have the opportunity to address and which require correction." *Id.* at 3. Finally, Costco requested "costs and fees incurred in connection with this Motion to Strike." *Id.* at 4. Upon consideration of this Motion, the Court will **deny** Costco's request to strike the reply brief, **grant** Costco leave to file the surreply (which was submitted at Filing No. 191-1 and which the Court will consider as appropriate), and **deny** Costco's request for costs and fees (Filing No. 191).

of fact that is more properly considered a conclusion of law is adopted as such.  Similarly, any conclusion of law that is more properly considered a finding of fact is adopted as such.

## I.  <u>FINDINGS OF FACT</u>

Hirlston has suffered from a woeful range of disabilities since her youth.  Over twenty-five years ago, in 1995, she was diagnosed with fibromyalgia (<u>Filing No. 187-13 at 2</u>).  In 1998, she was diagnosed with hypothyroidism.  *Id.*  Since 2011, she has suffered from four herniated disks, two of which are pushing on nerve roots.  *Id.*  She has also been diagnosed with spinal canal stenosis, facet disease, and bone spurs, and she has suffered from arthritis since she was eleven years old.  *Id.*  Because of her spinal disabilities and fibromyalgia, Hirlston has used a cane to get around since childhood.  *Id.*

Despite her disabilities, Hirlston was able to provide nearly six years of loyal and exemplary service to Costco—a chain of membership-only warehouses that, among many other things, includes optical departments.  In December 2009, Costco hired Hirlston to work in optical sales and service at the Fortune Park location in Indianapolis, Indiana.  *Id.* at 1.  In August 2010, Hirlston was promoted to the position of Optical Manager at Indianapolis's Castleton Costco location.  *Id.*  Five years into her tenure as Optical Manager, Costco, in May 2015, announced a complete remodel of the optical department that would result in all monitors being built into countertops to protect the confidentiality of customers' personal health information (<u>Filing No. 187-1 at 1</u>).

Knowing that this change would effectively eliminate seated workstations, Hirlston reached out to Costco's human resources department in July 2015 in anticipation of the remodel's incompatibility with her disabilities (<u>Filing No. 187-13 at 2</u>–3).  Eventually, based on direction from the human resources department, Hirlston provided her general practitioner Dr. Rachael Bowles ("Dr. Bowles") with a job description for the Optical Manager role and asked her to

complete Costco's corresponding work restriction form. *Id.* at 3. Later, in September 2015, Hirlston furnished the finalized work restriction form to the Castleton Costco location's Warehouse Manager, *id.* at 3, 5, which indicated that Hirlston

    (1)      could "[n]ever" bend, stoop, squat, or kneel;

    (2)      was "not able" to lift more than five pounds (and no more than two pounds below her waist);

    (3)      could not stand for more than 15 minutes at a time (and would thereafter need to sit frequently); and

    (4)      could not walk for more than 10 minutes at a time (and would then need to sit frequently to relieve pain)

(Filing No. 187-2 at 1–2). Conversely, the pre-existing job description for the Optical Manager position required, among other things, that this employee be able to

    (1)      "Occasionally" ("under 2-1/2 hours") bend, squat, and kneel;

    (2)      "Frequently" ("2-1/2 to 5 hours") carry up to ten pounds;

    (3)      "Frequently" stand; and

    (4)      "Frequently" walk

(Filing No. 189-1 at 2).

In October 2015, Hirlston was asked to participate in a conference call to discuss her restrictions, which conflicted with the requirements of the Optical Manager position and would, in Costco's estimation, impact Hirlston's ability to provide the excellent service to members that it expected (Filing No. 187-13 at 3; Filing No. 183 at 145). During the resultant November 2015 job assessment meeting, Hirlston offered several potential accommodations to allow her to continue as Optical Manager (like using a "grabber" and having access to a sitting station, a polarized screen, and lifting assistance from co-workers), but Costco determined that none of these proposed solutions would permit Hirlston to satisfactorily fulfill the job's duties (Filing No. 187-13 at 3; Filing No. 187-3 at 2–4). Costco was concerned that Hirlston would need to violate some of the

work restrictions outlined by Dr. Bowles to meet the expectations of the role. *Id.* at 3; Filing No. 184 at 31. After determining that were unable to accommodate Hirlston in the Optical Manager position, and without any similar opening to offer her for which she was qualified,[2] Costco placed her on a leave of absence on November 5, 2015 (Filing No. 187-3 at 5; Filing No. 187-4 at 2). The letter placing Hirlston on leave explained that "[i]t was determined . . . that you were unable to perform the essential functions of your position of Optical Manager (full-time), with or without accommodations," and that the leave was instituted to, among other things, "provide us the opportunity to further explore other potential positions for possible reassignment." (Filing No. 187-4 at 1, 2.)

While she was on leave, Costco sent Hirlston open positions (*see, e.g.*, Filing No. 189-2 at 2). After she expressed interest in April 2016 in obtaining a Hearing Aid Attendant position at a new Costco location opening on the southside of Indianapolis, Costco held a meeting with Hirlston to determine if she could perform the essential functions of that role in light of her work restrictions (*see* Filing No. 189-3 at 1–2; Filing No. 187-13 at 5). Eventually, Hirlston—after Costco requested clarification from her health care provider (Filing No. 187-10 at 2–3)—received updated work restrictions from Dr. Bowles several months later on September 30, 2016 (Filing No. 187-5 at 2). According to Dr. Bowles, Hirlston was at that point

> unable to stand longer than 15 minutes at a time. She can walk for up to 10 minutes at a time, but no more than 1 hour total a shift. She needs to sit the majority of her work shift. She cannot lift more than 5 pounds. She walks with a cane. I recommend that she use a chair with a back when she is sitting at work. She cannot push or pull more than 5 pounds occasionally. She can bend and stoop occasionally, but she should not do this more than a few times a shift. She may [] work an 8 hour shift.

---

[2] Costco did identify an opening for "Night Floor Manager," but Hirlston did not "waste time" considering this position because it was "obvious" to her that she could not take on that role due to her work restrictions (Filing No. 187-3 at 4).

*Id.* With these new restrictions, Costco determined that Hirlston could serve as the new southside Indianapolis Costco location's Hearing Aid Attendant and offered her the position on October 10, 2016 (Filing No. 187-6 at 1–2). Hirlston accepted the position a week later, (Filing No. 187-14 at 1), and started in the role on October 31, 2016 (Filing No. 187-13 at 6; *see generally* Filing No. 187-17 at 1–6; Filing No. 129 at 1–2).

By the time Hirlston accepted this role, Costco had already listed her prior position as Optical Manager at the Castleton Costco location as open (Filing No. 187-11 at 1). As the Optical Manager, Hirlston earned about $63,000.00 per year, but as Hearing Aid Attendant, her starting wage was $21.95 per hour (*see* Filing No. 129 at 1). Because of her reduced pay following the job reassignment Hirlston characterizes that she "had been demoted." (Filing No. 187-13 at 6.) When an Optical Manager position opened at the southside Indianapolis Costco location where she worked, Hirlston did not apply (Filing No. 184 at 147).

Hirlston exhausted the administrative proceedings available to her by filing a Charge of Discrimination based on disability against Costco with the Equal Employment Opportunity Commission. Eventually, on December 21, 2017 she sued Costco for Count I: Discrimination and Count II: Retaliation, in violation of the ADA (Filing No. 1). Following a summary judgment determination in Hirlston's favor, a jury trial was held on Hirlston's discrimination claims with the jury returning verdict forms indicating that Hirlston was not "qualified to perform her job as an Optical [] Manager in November 2015." (Filing No. 177 at 1; Filing No. 178 at 1.) The Court then provided the parties with a briefing schedule to argue Hirlston's pending ADA retaliation claim (*see* Filing No. 172 at 2), which is now fully briefed and ripe for the Court's consideration.

## II.   CONCLUSIONS OF LAW AND DISCUSSION

To prove her claim for retaliation under the ADA, Hirlston, through a preponderance of the evidence, "must show that (1) [s]he engaged in protected activity; (2) [s]he suffered a

materially adverse employment action; and (3) there was a causal link between the protected activity and the adverse action." *Williams v. Bd. of Educ. of City of Chicago*, 982 F.3d 495, 508–09 (7th Cir. 2020), *reh'g denied* (Jan. 7, 2021) (quotation omitted).  Because no one disputes that Hirlston engaged in a protected activity when she requested accommodations, (*see* Filing No. 189 at 13 ("Costco does not deny that Hirlston engaged in ADA-protected activity when she made a request for an accommodation.")), the Court need only decide whether Hirlston suffered any materially adverse action and, if so, whether that action was causally linked with her request for accommodations. These determinations follow in turn.

A.     **Materially Adverse Employment Action**

"[A] materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013) (quotation and emphasis omitted). Hirlston contends that her "forced leave of absence" and "demotion" from her Optical Manager position represent materially adverse employment actions against her (Filing No. 188 at 17, 19). These contentions will be discussed separately below.

1.     **Leave of Absence**

First, Hirlston maintains that she suffered an adverse action when she "was placed on a forced leave of absence for nearly a year." (Filing No. 188 at 17 (citing *Timmons v. General Motors Corp.*, 469 F.3d 1122, 1128 (7th Cir. 2006), for the proposition that "the placement of an employee on involuntary disability leave is an adverse action").) And though Costco maintains that the "forced, involuntary leave of absence" was an accommodation, this action "made it impossible for Ms. Hirlston to perform her job." *Id.* at 18 (citing *Johnson v. Foulds, Inc.*, No. 95 C 5062, 1996 WL 388412, at *5 (N.D. Ill. July 9, 1996), *aff'd*, 111 F.3d 133 (7th Cir. 1997) ("An

accommodation is a change made by the employer that enables a disabled person to carry out the essential functions of her job.").)  Indeed, Costco management indicated that no accommodation was offered in the "Job Assessment Meeting Notes," which also stated that Hirlston would "be placed on a Leave of Absence because Costco is unable to accommodate her restrictions." *Id.* (citing Filing No. 187-3 at 5) (emphasis removed). And at trial, Costco admitted that it "'did not offer [Hirlston] the ability to stay in her job and perform the essential functions with accommodations.'" *Id.* (citing Filing No. 183 at 126).

Costco responds that "granting Hirlston an 11-month leave of absence [ ] provided her with a benefit far beyond what the Seventh Circuit has held is required when – as was the case here – an employee cannot be accommodated in their position and the employee is not qualified for any other available positions." (Filing No. 189 at 15 (citing *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 479 (7th Cir. 2017) ("An employee who needs long-term medical leave cannot work and thus is not a 'qualified individual' under the ADA.")).)  In fact, "[s]eeking to preserve Hirlston's employment and not firing her – though it legally could have – cannot be viewed as a detriment." *Id.* (emphasis removed).  Costco asserts that, "placing Hirlston on leave was not an adverse action, but rather, it was the most beneficent action Costco could take under the circumstances presented, and was consistent with its policy" of providing employees "at least one year" for personal medical leave. *Id.*

Moreover, Costco continues, "the absence of an accommodation 'cannot do "double duty"' as failure to accommodate claim and retaliation claim." *Id.* (quoting *Avet v. Dart*, No. 14 C 4555, 2016 WL 757961, at *6 (N.D. Ill. Feb. 26, 2016)). Here, Hirlston misguidedly attempts "to distinguish the *identical fact pattern* between her failure to accommodate and her retaliation

claim." *Id.* at 16 (emphasis in original).  In sum, "courts in this Circuit have made clear" that an action (or inaction) cannot constitute "both" a failure to accommodate and retaliation. *Id.*

In reply, Hirlston reprises many of the same arguments from her lead brief (*see* Filing No. 190 at 8–10).  She maintains that "'[a] multi-month leave of absence is beyond the scope of a reasonable accommodation under the ADA.'" *Id.* at 9 (quoting *Severson*, 872 F.3d at 479).  Finally, Hirlston denies that her failure-to-accommodate claim is doing "double duty": Hirlston maintains that she "has never alleged that the forced leave of absence was a failed accommodation.  Instead, she has argued and continues to argue that being placed on a forced leave of absence was an adverse action." *Id.* at 11.

Hirlston has not shown by a preponderance of the evidence that her leave of absence was a materially adverse employment action.  At the outset, Hirlston's reliance on *Severson* is inapposite.  There, an employee *requested additional leave time*, *see id.* at 478 ("Severson asked Heartland to continue his medical leave . . ."), with the Seventh Circuit ultimately determining that the ADA did not compel granting this request, *see id.* at 481 ("[A] long-term leave of absence cannot be a reasonable accommodation.").  In *Timmons*, however, the Seventh Circuit discussed the issue at bar when an employer argued that an on-leave employee—who, importantly, the court assumed was "qualified for the job with or without accommodations"—had not suffered an adverse employment action because he received an equivalent salary. 469 F.3d at 1127, 1128.  The appellate court wrote that this

> argument is a stretch. Money is not the exclusive measure of adverse employment actions.  An adverse employment action must be material—more than an inconvenience—but it may take many forms. For example, a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation all may indicate an adverse employment action. The inquiry is contextual and here there is no doubt Timmons's material responsibilities have been diminished.

Placing Timmons involuntarily on disability leave was an adverse employment action.

*Id.* (citations and quotations omitted).  But as described by a sister court in this Circuit—and as implied in *Timmons* by the assumption of "qualified" employee status—"[f]orcing an individual to go on leave *by failing to accommodate his disability* would constitute an adverse employment action." *Moody v. Cook Cty.*, 513 F. Supp. 2d 960, 968 (N.D. Ill. 2007) (citing *Timmons*, 469 F.3d at 1128) (emphasis added).  In other words, an involuntary leave of absence may represent an adverse employment action if it is used to bypass otherwise properly accommodating a *qualified* employee's disability. *Cf. Timmons*, 469 F.3d at 1128 ("[A]ssuming also that Timmons is a qualified individual . . . ").

The evidence shows that Hirlston was not qualified for the Optical Manager position, either with or without the reasonable accommodations she proposed.  As instructed to the jury, "under the ADA, Ms. Hirlston was 'qualified' if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without the reasonable accommodation she proposed" (*see* Filing No. 173 at 21). The jury conclusively determined that Hirlston was not qualified, (see verdict form for disparate treatment claim showing that jury determined Hirlston was not "qualified to perform her job as an Optical [ ] Manager in November 2015") Filing No. 177.   The jury conclusively determined the same for her discrimination failure to accommodate claim. Filing No. 178 .  As argued by Costco, "[s]eeking to preserve Hirlston's employment and not firing her—though it legally could have—cannot be viewed as a detriment." (*see* Filing No. 189 at 15).  Accordingly, Costco did not force Hirlston to go on leave—by failing to accommodate her disability per the work restrictions instituted by Dr. Bowles—resulting in an adverse employment action. Instead, this action represented an attempt to provide Hirlston additional time to return to work at the company. Considering the evidence

presented by both parties, the Court finds that the change in Hirlston's employment conditions after Costco placed her on leave was not a materially adverse employment action. *See Moody*, 513 F. Supp. 2d at 968; *Timmons*, 469 F.3d at 1128.

### 2.    **"Demotion"**

Second, Hirlston maintains that she suffered a materially adverse action when she returned to work following the leave of absence and "was demoted to a lower position with significantly lower pay." (Filing No. 188 at 19.) "'Reassigning a disabled worker to a position that pays less or is otherwise materially less favorable,'" quotes Hirlston, "'could itself give rise to a claim of ADA discrimination.'" *Id.* (quoting *Perez v. Transformer Mfrs., Inc.*, 35 F. Supp. 3d 941, 950 n.7 (N.D. Ill. 2014) and citing *Razote v. Potter*, 833 F.Supp.2d 913, 918–919 (N.D. Ill. 2011) (holding, among other things, that "[a]n adverse action typically involves: (1) a decrease in pay or benefits . . .")). Hirlston anticipates, based on prior filings, that Costco will contend "that a demotion could be a reasonable accommodation when the disabled employee cannot be accommodated by the employer." *Id.* This argument, however, lacks context—in reality, the Seventh Circuit has held that "'if [an employee] could show that she qualified for a vacant position that more closely matched her previous job, the ADA would have obliged the [employer] to offer it to her.'" *Id.* (quoting *Ford v. Marion Cty. Sheriff's Office*, 942 F.3d 839, 855 (7th Cir. 2019)).

In response, Costco argues that "[s]imply because a position pays less does not compel the conclusion that a 'demotion' is an adverse action"; instead, the issue "is whether there was another equivalent position the individual could have performed, with or without a reasonable accommodation." (Filing No. 189 at 17 (citing *Severson*, 872 F.3d at 482 (holding that it is employee's burden to "prove that there were, in fact, vacant positions available at the time . . .").) Here, Costco contends, there is "no dispute that Hirlston was [ ] not qualified for the Optical Manager position, given the jury's verdict," and "Hirlston cites no other equivalent position that

she was qualified to perform and should have been offered instead." *Id.* at 17–18 (emphasis removed).  Costco argues that, "there is no reasonable basis to conclude that offering Hirlston the Hearing Aid Attendant position was an adverse employment action." *Id.* at 18.  Though Hirlston's reply again largely repeats many of her earlier arguments, she remarks that evidence about her "retaliation claim was not heard or decided by the jury." (Filing No. 190 at 12.)

Again, Hirlston has not shown by a preponderance of the evidence that her perceived "demotion" was a materially adverse employment action. Though "[t]here is no question that demotion *may* be a materially adverse employment decision," *Simpson v. Borg-Warner Auto., Inc.*, 196 F.3d 873, 876 (7th Cir. 1999) (emphasis added), a demotion or reassignment *cannot* "simultaneously" represent "a reasonable accommodation and an adverse employment action." *Ford*, 942 F.3d at 856.  "A demotion can be a reasonable accommodation"—and thus not an adverse employment action—"when the employer cannot accommodate the disabled employee in her current or prior jobs or an equivalent position." *Id.* at 855. It is the employee's burden to demonstrate "that there is a vacant [equivalent] position in existence for which they are qualified." *Kotwica v. Rose Packing Co.*, 637 F.3d 744, 750 (7th Cir. 2011). And while an employee who does not "even acknowledge a need for a demotion" may face an adverse action, *Hicks v. Forest Pres. Dist. of Cook Cty., Ill.*, 677 F.3d 781, 788 (7th Cir. 2012), such is not the case when an employee actively seeks a "downgrade," *Simpson*, 196 F.3d at 876.

As discussed above, the jury categorically determined that Hirlston was not qualified to perform her job as an Optical Manager under the work restrictions established by Dr. Bowles. The Court reaches that same determination. Accordingly, it was reasonable for Costco to, pursuant to its ADA obligations, attempt to identify another internal position for which Hirlston was qualified. *See Ford*, 942 F.3d at 855.  Recognizing the limited mobility and dexterity possessed by Hirlston,

Costco tried to locate the best positional fit it could for her, ultimately landing on the Hearing Aid Attendant role. Though this is not an "equivalent" role as contemplated by ADA caselaw, Hirlston has not—as is her burden—come forward with other positions that she was qualified to perform and should have been offered instead. *Kotwica*, 637 F.3d at 750; *Severson*, 872 F.3d at 482. And while Hirlston may not have "actively" sought a "downgrade," she pursued the Hearing Aid Attendant position once it became available and once it became clear that she could fulfill its duties under her updated restrictions (*see* Filing No. 189-3 at 1–2; Filing No. 187-13 at 5; Filing No. 187-6 at 1–2; Filing No. 187-14 at 1). Indeed, after she started in this role, Hirlston was "happy" to be back to work and to "still be employed by Costco." (Filing No. 184 at 246–47.) Because Costco could not accommodate Hirlston in her current or prior jobs or an equivalent position, the Court finds that her reassignment to the Hearing Aid Attendant position did not represent an adverse employment action. *See Ford*, 942 F.3d at 855.

**B.     Causal Link**

Even had she suffered a materially adverse employment action, Hirlston has not demonstrated a causal link between that action and her request for accommodations. Hirlston contends that causality can be inferred because her "placement on a forced leave of absence was extremely close in time to her request for accommodations," which, indeed, occurred "the same day the job assessment meeting was held to discuss" that accommodation request (Filing No. 188 at 21 (citing *Lang v. Illinois Dept. of Children and Family Services*, 361 F.3d 416, 421 (7th Cir. 2004) (holding that an "extremely short lapse of time" is a causal link combined with other circumstantial evidence)). Moreover, "Costco refused to consider the reasonable accommodations suggested and requested," which, together with the timing of her leave placement, "is enough to show a causal connection." *Id.* Finally, by stating "at the trial" that it "stands behind the decisions of its warehouse managers," Costco suggests that it supports decisions whether they "are wrong or

right." *Id.* at 22 (citing Filing No. 185 at 103 ("[T]he company believes in standing behind its managers and the decisions that they make . . .")). To Hirlston, this blind corporate support represents additional evidence of causality and "further evidence of Costco's retaliation against" her. *Id.*

Costco responds first that "timing alone is 'rarely enough' to establish a causal connection for a retaliation claim." (Filing No. 189 at 19 (quoting *Kotaska v. Fed. Express Corp.*, 966 F.3d 624, 633 (7th Cir. 2020).) Here, the timing is not suspect because "after meeting with her on November 3, 2015 and consistent with its job accommodation process, it was clear that Hirlston could not perform her essential job functions with or without accommodations." *Id.* The inability to accommodate Hirlston, Costco maintains, drove the decision to place her on leave, "not some spurious notion of retaliation." *Id.* (citing *Kotaska*, 966 F.3d at 633 (noting absence of any circumstantial evidence of retaliation; evidence showed employee was terminated because her "restrictions had not changed enough since her first dismissal," and that "was the non-retaliatory reason for the second [dismissal]")). Costco also notes that Hirlston "makes no attempt to infer any retaliatory cause to" her "demotion" because "there is none." *Id.* at 20. In fact, "it strains credulity that it would continue sending her job openings, proactively hold a second Job Accommodation Meeting with her, and seek to return her to work." *Id.* Finally, "a statement made during closing argument" by counsel—that Costco stands behind its managers—"is irrelevant to the issue of causation" and should not be considered "evidence" anyway. *Id.* at 21.

In reply, Hirlston argues that "temporal proximity" supports causality and that Costco "never had any intention of returning [her] to her position as the Optical [ ] Manager" because that position "was posted by Costco . . . five (5) days prior to Ms. Hirlston's acceptance of the new position." (Filing No. 190 at 13–14.) She contends that had she "not requested reasonable

accommodations, she never would have been placed on a forced leave of absence and demoted."
*Id.* at 15.

Hirlston has not shown by a preponderance of the evidence that any materially adverse employment action was causally connected to her request for accommodations. In retaliation claims, "causation can be established by circumstantial evidence, which includes, for example, suspicious timing, a pretextual explanation for the termination, and evidence that similarly situated employees were treated differently. This list is not exclusive; the plaintiff can point to any other evidence from which an inference of discriminatory intent might be drawn." *Abrego v. Wilkie*, 907 F.3d 1004, 1015 (7th Cir. 2018) (quotations and citations omitted). Here, Hirlston primarily relies on the timing of her leave placement as well as Costco's statement in closing argument that it generally "stands behind" the decisions of management.

As for timing, that Costco would place Hirlston on leave immediately after determining that there were no accommodations that could be put into place to qualify her to perform the duties of her job consistent with the work restrictions mandated by Dr. Bowles is not evidence of retaliation. *Cf. Basith v. Cook Cty.*, 241 F.3d 919, 933 (7th Cir. 2001) ("Cook County had provided legitimate non-retaliatory reasons for requiring Basith to take medical leave and for refusing to schedule him for overtime and holiday work. In particular, Basith could not perform the essential functions of his job."). As for the statement by counsel during closing argument, as noted by Costco, this is not to be considered evidence, so the Court need not consider it (*see* Filing No. 173 at 9 (instructing that "the lawyers' opening statements and closing arguments to you are not evidence")). Without the non-evidence and non-sequitur of Costco's "standing behind" management, Hirlston has provided no "other evidence that supports the inference of a causal link."

*Lang*, 361 F.3d at 419; *see Leitgen v. Franciscan Skemp Healthcare, Inc.*, 630 F.3d 668, 675 (7th Cir. 2011) ("[S]uspicious timing alone is almost always insufficient.").

The ADA's "retaliation provision is not limited to protecting qualified individuals." *Rodrigo v. Carle Found. Hosp.*, 879 F.3d 236, 243 (7th Cir. 2018) (emphasis removed). But a plaintiff "may not make an end-run around the 'qualified individual' requirement by simply reframing a discrimination or accommodation claim as one for retaliation." *Id.*; *see also* Filing No. 191-1 at 2 ("When Hirlston says Costco provided her with 'no' accommodation, that is a claim alleging a failure to accommodate—that she was denied an accommodation—under the ADA. Hirlston is arguing semantics to detract from the truth: her ADA failure to accommodate and ADA retaliation claim are premised on the same facts."). In *Rodrigo*, for example, one "essential function" for third-year medical residents employed at a hospital included passing a certain test to advance to the next year of their program.   879 F.3d at 239.   The Seventh Circuit held that a medical resident could not claim retaliation by the hospital when it refused to waive the requirement that he pass that test.   *Id.* at 243 (holding that the "alleged 'retaliation' was simply an enforcement of its [test] policy, and the retaliation claim is thus a collateral attack on the legitimacy of that requirement").

Here, the jury conclusively determined that Hirlston was not "qualified to perform her job as an Optical [ ] Manager in 2015." (Filing No. 177 at 1; Filing No. 178 at 1.) The Court concurs. It was Hirlston's inability to serve in this position in harmony with her work restrictions that caused any purported adverse action she faced, not her exercise of a protected activity. *See Dickerson v. Bd. of Trustees of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 602 (7th Cir. 2011) ("[I]t was Dickerson's work performance that was causally connected to his termination."); *Stevo v. CSX Transp., Inc.*, 151 F.3d 1033 (7th Cir. 1998) ("Stevo has failed to establish a causal connection

between Stevo's ADA complaint and the failure to promote him because he has not shown that 'but

for' his complaint CSXT would have hired him. CSXT has pointed to an eminently justifiable

reason for its decision: Stevo was not qualified for the job.") (citations omitted).

Moreover, Hirlston fails to point to any circumstantial evidence demonstrating that she was

placed on leave or in a new position because she requested accommodations. Instead, as discussed

above, the jury determined (and the evidence supports) that Hirlston was not qualified to perform

her job duties (*see* [Filing No. 177 at 1](#); [Filing No. 178 at 1](#)). The evidence represents a legitimate

catalyst for Costco's actions (*see* [Filing No. 191-1 at 2](#) ("Costco placed Hirlston on a leave of

absence, and returned her to work in the Hearing Aid Attendant position, in satisfaction of its

duties under the ADA to provide Hirlston with accommodations in line with her restrictions.")).

For this reason too, the Court determines that Costco did not retaliate against Hirlston in violation

of the ADA.[3]

## III.   CONCLUSION

Based upon the foregoing findings of fact and conclusions of law, the Court concludes that

Hirlston has not shown by a preponderance of the evidence that Costco retaliated against her in

violation of the ADA. Additionally, the Court **GRANTS in part and DENIES in part** Costco's

Motion to Strike, ([Filing No. 191](#)), as discussed more in depth in this Entry's first footnote.  As

this resolves all the claims in Hirlston's suit, Final Judgment shall issue in a separate Entry.

**SO ORDERED.**

Date:  8/19/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

---

[3] Because the Court has determined that Costco did not retaliate against Hirlston in violation of the ADA, it need not proceed to the issue of damages.

DISTRIBUTION:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sara Eber Fowler
SEYFARTH SHAW LLP (Chicago)
sfowler@seyfarth.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Kyla J. Miller
SEYFARTH SHAW LLP (Chicago)
kjmiller@seyfarth.com

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58**

The Court having this day made its Entry directing the entry of final judgment, the Court

now enters **FINAL JUDGMENT**.

Judgment is entered in favor of Defendant Costco Wholesale Corporation and against

Plaintiff Karen R. Hirlston. The Plaintiff shall take nothing by her Complaint, and this action is

**TERMINATED**.

Dated: 8/19/2021

Roger A.G. Sharpe, Clerk of Court

By: _[signature]_

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sara Eber Fowler
SEYFARTH SHAW LLP (Chicago)
sfowler@seyfarth.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Kyla J. Miller
SEYFARTH SHAW LLP (Chicago)
kjmiller@seyfarth.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KAREN R. HIRLSTON,                          )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )       Case No. 1:17-cv-04699-TWP-MPB
                                            )
COSTCO WHOLESALE CORPORATION,               )
                                            )
                    Defendant.              )

**ORDER DENYING MOTION FOR NEW TRIAL,
OR ALTERNATIVE MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on a Motion for a New Trial Under Rule 59, or in the

Alternative, Motion for Relief from Judgment Under Rule 60 filed by Plaintiff Karen R. Hirlston

("Hirlston") (Filing No. 197). Hirlston sued Defendant Costco Wholesale Corporation ("Costco")

for purportedly discriminating against her based on her disabilities and retaliating against her after

she requested accommodations, both in violation of the Americans with Disabilities Act of 1990,

42 U.S.C. § 12101 ("ADA") (Filing No. 1).

Following the Court's denial of Costco's motion for summary judgment, the case proceeded

to a jury trial on June 7 through 9, 2021, on Hirlston's ADA discrimination claims (failure to

accommodate and disparate treatment). The jury reached a verdict and found in favor of Costco

and against Hirlston on the ADA discrimination claims. It had been determined earlier that

Hirlston's ADA retaliation claim would be tried separately to the Court. On August 19, 2021, after

considering the evidence presented at trial as well as the post-trial briefing and evidence submitted

by the parties, the Court issued its Findings of Fact and Conclusions of Law on the ADA retaliation

claim, ruling in favor of Costco and against Hirlston (Filing No. 192). Final Judgment also was

entered that same day (Filing No. 193). Twenty-eight days later, Hirlston filed her pending Motion

for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60, asking the Court to set a new trial or to provide relief from the Final Judgment (Filing No. 197). For the following reasons, Hirlston's Motion is **denied**.

## I.   LEGAL STANDARDS

Rule 59(a)(1) of the Federal Rules of Civil Procedure provides,

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

"A motion for a new trial must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. Pro. 59(b).

Courts order a new trial only if the jury's "verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Marcus & Millhap Inv. Servs. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011) (internal citation and quotation marks omitted). "A verdict will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore v. Tuleja*, 546 F.3d 423, 427 (7th Cir. 2008) (internal citation omitted); *see also*, *Sekulovski*, 639 F.3d at 314 (parties seeking a new trial under Rule 59 "bear a particularly heavy burden because a court will set aside a verdict as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict"). A motion for a new trial under Rule 59 "should be granted only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011) (internal citation and quotation marks omitted).

A party seeking a new trial on the basis of evidentiary errors faces a heavy burden because the error must affect the party's substantial rights, meaning that there is a significant chance that the error affected the outcome of the trial. *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 570 (7th Cir. 1997); *see also*, *EEOC v. Mgmt. Hospitality of Racine, Inc.*, 666 F.3d 422, 440 (7th Cir. 2012) ("Evidentiary errors satisfy this standard only when a significant chance exists that they affected the outcome of the trial."). Where an alleged error of admission of evidence occurred during a trial, the court should "grant a new trial only if the error had a substantial influence over the jury, and the result reached was inconsistent with substantial justice." *Mgmt. Hospitality of Racine*, 666 F.3d at 440.

"Rule 59(a) is not intended to allow parties to merely relitigate old matters or to present the case under new theories; rather, a motion for a new trial not predicated on the discovery of new evidence is intended to correct manifest errors of law or fact." *Int'l Paper Co. v. Androscoggin Energy LLC*, 2005 U.S. Dist. LEXIS 22066, at *8 (N.D. Ill. Sept. 30, 2005). "With a jury verdict in their favor, the defendants are entitled to a favorable interpretation of the evidence as we entertain such questions as whether the verdict was against the manifest weight of the evidence." *Venson v. Altamirano*, 749 F.3d 641, 644 (7th Cir. 2014).

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an
earlier judgment that has been reversed or vacated; or applying it prospectively
is no longer equitable; or
(6) any other reason that justifies relief.

"Relief from a judgment under Rule 60(b) is an extraordinary remedy and is granted only

in exceptional circumstances." *United States v. One 1979 Rolls-Royce Corniche Convertible*, 770

F.2d 713, 716 (7th Cir. 1985). A party requesting relief from a final judgment is required to make

a strong showing under Rule 60(b) because of the "strong presumption against the reopening of

final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990).

Rule 60(b) "establishes a high hurdle for parties seeking to avoid [final] judgments and requires

something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing

a [final] judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

## II.   <u>DISCUSSION</u>

In her Motion, Hirlston asks the Court to set a new trial or to provide relief from the Final

Judgment following the jury's verdict and the Court's Order in favor of Costco on her ADA

discrimination and retaliation claims. Hirlston argues that the Court committed error warranting

a new trial or relief from the Final Judgment because she was never given an opportunity to object

to the Court's final version of the verdict forms and Final Jury Instruction No. 19. Hirlston points

out that she was not provided a final version of the Court's verdict forms until the jury already had

retired for deliberation. She contends that she would have objected to the language in the final

verdict forms had she received a copy of them. She also argues that Final Jury Instruction No. 19

contained additional language not agreed to by the parties. Hirlston contends that, because the

Court agreed with the parties' proposed language for Final Jury Instruction No. 19, she assumed

the instruction would be read properly to the jury. Hirlston argues she did not have an opportunity

to proofread the final jury instructions before closing arguments and the jury instructions being

read to the jury.  If she had the opportunity to object to Final Jury Instruction No. 19, she argues that she would have objected.

Hirlston additionally argues that the Court improperly admitted photographs introduced by Costco in the middle of trial that had never been produced during discovery and lacked a proper foundation. Costco claimed the photographs were merely demonstrative exhibits but then immediately moved to admit them as evidence. Hirlston argues that because Costco used these photographs against her to show she was not qualified for her position, which was the issue decided by the jury resulting in a defense verdict, the Court should grant Hirlston a new trial based on the erroneous admission of evidence.  She also asserts that the Court discussed and based its decision on Hirlston's ADA retaliation claim on the findings of the jury, and because the jury's determination was based on an improper jury instruction, improper jury verdict forms, and the improper admission of evidence, the Court should reconsider and reverse its denial of Hirlston's ADA retaliation claim.

Regarding Final Jury Instruction No. 19, Hirlston asserts that after the final jury instructions conference between the Court and the parties, the Court permitted the parties to raise objections to the final jury instructions on the record on June 9, 2021. The following discussion ensued:

> [THE COURT:] [Final Jury Instruction No. 19] is modified. We're going to modify Defendant's, "Under the ADA, Ms. Hirlston was qualified if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions either with or without," a reasonable accommodation—"without the reasonable accommodations she proposed at the November 2015 job assessment meeting."
>
> MS. BLEVINS: Your Honor, we've reconsidered this overnight. We would like for it just to say, "with or without a reasonable accommodation," period, because that's what the law says, and leave out that what she asked for is that meeting, because I don't think that that's necessary.

MS. FOWLER: Your Honor, seeing as that's how we originally proposed it, we wouldn't object to that.

THE COURT: Okay. So take out that she proposed at the assessment meeting . . . .

(Filing No. 185 at 9–10.)

Final Jury Instruction No. 19 ultimately read, "Under the ADA, Ms. Hirlston was 'qualified' if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions, either with or without the reasonable accommodation she proposed." (Filing No. 173 at 21.) This same instruction was read on the record for the jury (Filing No. 185 at 136).

Hirlston argues the parties and the Court agreed that Final Jury Instruction No. 19 would end with the phrase "with or without a reasonable accommodation" and not include the phrase "she proposed," but the Instruction did include "she proposed," and it was read to the jury with those two words. Hirlston argues that she was not given an opportunity to object to the Instruction with "she proposed" before it was read to the jury. She argues the language was not agreed to by the parties and was a material, improper statement of the law. Hirlston argues that Final Jury Instruction No. 19 constituted a plain error because it was an incorrect statement of the law by including "she proposed" at the end. Both the employer and employee must engage in the interactive process to try to find a reasonable accommodation, and the language, "she proposed," suggests that Costco did not have to participate in the interactive process. Hirlston asserts the jury should have decided if she was qualified whether a reasonable accommodation existed and regardless of who proposed it, but the jury found she was not qualified with the inclusion of the phrase, "she proposed," so her substantial rights were affected by a plain error.

Regarding the final version of the verdict forms, the parties submitted proposed verdict forms, and Hirlston objected to Costco's proposed verdict forms on Hirlston's position that they did not track the Court's language in the jury instructions and did not "list everything."  When the

Court indicated that it was inclined to use Costco's version of the verdict forms, Hirlston again

objected that they did not track the Court's jury instructions and should at least include the language

from the instructions. The following colloquy took place:

> THE COURT: So lawyers, I'm going to give you guys five minutes to get together
> and give me a verdict form. And if not, I'll just use the one that I want to use; okay?
> So it's really to your benefit to work one out that you guys can agree on. So while
> they're [the jury] eating their lunch—
>
> MS. BLEVINS: We'll try to do that, Your Honor.
>
> THE COURT: Do that; okay? Do it. Don't try, do it so that you can have a verdict
> form that you're both happy with; okay?
>
> MS. BLEVINS:  Thank you, Your Honor.
>
> THE COURT: All right, five minutes. So the—they've got their instructions and
> their evidence, and they're just waiting on their verdict forms. But they are eating
> their lunch, so you have a few minutes to get something together; okay?

([Filing No. 185 at 153](#)). Thereafter, the trial was I recessed at 1:35 until 3:32, when the jury gave

the bailiff notice that they had reached a verdict. On the record, and before bringing in the jury the

Court stated:

> THE COURT:  And for the record, lawyers, the parties were unable to agree on the
> verdict forms, as the court had requested, so the court did draft the verdict form's
> based on language proposed by both parties in their submissions to track the
> elements.

 ([Filing No. 185 at 154](#).)

Hirlston argues that the Court erred because it did not give her an opportunity to object on

the record and outside the presence of the jury to the final version of the verdict forms. She

contends that she did not see the final version until after the jury had started deliberating and the

jury was permitted to reach a verdict based on verdict forms to which Hirlston did not have an

opportunity to object.

The final version of the verdict forms given to the jury had as the first question, "Was Ms. Hirlston qualified to perform her job as an Optical Department Manager in November 2015?" (Filing No. 177; Filing No. 178.) Hirlston argues that had she been given the opportunity to object to the verdict forms, she would have objected to both of the verdict forms for omitting the language "either with or without the reasonable accommodations" in the first question, which would have corresponded with Final Jury Instruction No. 19.  Hirlston argues the verdict forms should have asked, "Was Ms. Hilston qualified to perform her job as an Optical Department Manager in November 2015 either with or without reasonable accommodations?"  Hirlston contends that, because she was not given the opportunity to object to the final version of the verdict forms and they did not include the language "either with or without the reasonable accommodations," she should be given a new trial or provided relief from the Final Judgment.

Concerning two photographs that were offered as evidence by Costco and admitted by the Court (Exhibits 223 and 224), Hirlston argues that in October 2020 and May 2021, she asked Costco to supplemental its discovery responses, and she asked in a motion in *limine* that the Court exclude from trial any documents not produced by Costco during discovery, which the Court granted (Filing No. 118 at 6).  The jury trial began on June 7, 2021, and in the evening of June 7 after the first day of trial concluded, Costco produced the two photographs of cubbies in the optical department, and the photographs had not been produced previously.  On June 8, 2021, Costco used these photographs during trial as demonstrative exhibits but then immediately sought to have them admitted as evidence.  Hirlston twice objected on the record to these photographs based on a lack of foundation and whether the cubbies had changed between November 2015 and when the photographs were taken. The Court overruled the objections and admitted the photographs into evidence (Filing No. 184 at 67–70).

Hirlston now argues that the photographs should not have been admitted because they were not produced during discovery (and thus were to be excluded under the Order in *limine*), and she again argues that they should not have been admitted because a proper foundation was not established. She contends that the testimony given to support the photographs was equivocal. Hirlston argues that Costco used the two photographs to convince the jury that she was not qualified, which is the sole reason for the defense verdict, so the admission of the photographs adversely affected the outcome of the trial. Thus, Hirlston contends, this provides another basis for a new trial or relief from the Final Judgment.

Lastly, Hirlston argues the Court based its decision on her ADA retaliation claim on the findings of the jury, and because the jury's determination was based on an improper jury instruction, improper verdict forms, and the improper admission of evidence, the Court should reconsider and reverse its denial of Hirlston's ADA retaliation claim.

In response, Costco opposes a new trial or relief from the Final Judgment, arguing that Hirlston ignores the heavy burden that she faces to disturb a jury verdict and a final judgment. Costco also argues that Hirlston fails to provide a complete and accurate view of the record regarding the final jury instructions, verdict forms, and two admitted photographs. Costco asserts that there was no genuine error warranting relief, the jury was properly instructed, the verdict forms accurately presented the issues to the jury, and the photographs were not improper or prejudicial to Hirlston. Costco further asserts that the Court properly ruled on the retaliation claim because it was based on all the record evidence presented at trial and also in post-trial submissions.

Costco notes that, before trial, both parties submitted proposed jury instructions regarding the definition of "qualified" under the ADA, which became Final Jury Instruction No. 19. Hirlston's proposed instruction included the language, "either with or without the accommodations

she proposed of a grabber, a chair with a back, and periodic lifting assistance." (Filing No. 150 at 42.) At the end of trial, after discussing issues regarding the jury instructions on the record, the Court instructed each party to review the final instructions, telling the lawyers, "So go ahead and one lawyer, because you've got big teams, one lawyer view the instructions, one lawyer get ready for your closing arguments; okay?" (Filing No. 185 at 70.) The Court provided the parties twenty minutes to complete their final preparations. *Id.* The Court's clerk emailed a copy of the final proposed instructions to the attorneys, which included Final Jury Instruction No. 19 as it was subsequently read to the jury (Filing No. 198-1). The Court then asked the parties if they had a chance to "review the proposed final instructions in the final format?" (Filing No. 185 at 71.) Counsel for Hirlston told the Court that she was reviewing Instruction No. 19 (which she intended to say No. 20). The Court then explained, "On 19, all the Court did was remove, 'at the November 2015 job assessment meeting,' which you all agreed would be removed." *Id.* Counsel for Hirlston made no objection to Final Instruction No. 19 despite a lengthy colloquy with the Court regarding modifications to other instructions, including Final Instruction No. 20. *Id.* at 71–80.

Costco also points out that each party submitted proposed verdict forms, and they had a lengthy discussion with the Court regarding the verdict forms. Hirlston objected to Costco's proposed forms because she believed they did not list everything and because they referenced a damages defense of good faith efforts. But then Hirlston acknowledged on the record that it was not necessary for the verdict form to track the jury instructions "because the Court has already given them those instructions, and they can follow them. And they're admonished to follow them." (Filing No. 185 at 146.) Costco asserts that the "Court's final verdict forms reflected the discussion between the parties and the Court, and the Court's ultimate determination after hearing the parties' respective positions." (Filing No. 198 at 5.)

Regarding the two photographs that were admitted as Exhibits 223 and 224, Costco asserts that it laid the proper foundation for the admission of the photographs, and the Court was satisfied with the foundation that was established because the Court decided to allow their admission. Hirlston's foundational concerns about the photographs were resolved by witness testimony. Costco points out that, while Hirlston complains now that the photographs were not produced earlier during discovery, just before Costco offered its photographs into evidence, Hirlston herself had introduced into evidence photographic exhibits that she had not disclosed in discovery and had not identified on her exhibit list. Hirlston's undisclosed photographs were admitted into evidence by the Court. Costco argues that Hirlston ignores the lengthy and clear testimony from Hirlston, her treating physician, and the Costco witnesses, which provided the basis for the jury's decision, which was not prejudicially affected by the two photographs. Costco also points out that Hirlston now argues the two photographs should not have been admitted because they were not relevant but then claims they go to the heart of the only issue decided by the jury. Costco asserts that Hirlston is wrong regarding the photographs.

After again reviewing the trial record, the parties' proposed final jury instructions, the Final Jury Instructions given to the jury, and the verdict forms, and after fully considering the parties' arguments, the Court agrees with Costco's position regarding Final Jury Instruction No. 19, the verdict forms, the admission of Exhibits 223 and 224, and the Court's Order on the ADA retaliation claim.

A complete and accurate review of the record makes clear that Hirlston was given an opportunity to review and object to Final Jury Instruction No. 19, and the Court even explained the change that was made to the Instruction, but Hirlston did not object. Importantly, the Instruction does not contain an inaccurate statement of the law. Including the phrase, "she proposed," does not

misstate the law about a reasonable accommodation. The Seventh Circuit pattern instruction includes the specifically requested accommodations, and Hirlston's initially proposed instruction included the language "she proposed;" Instruction No. 19 does not misstate the law. Furthermore, Costco asserts, the evidence at trial showed the parties had considered only accommodations proposed by Hirlston, so the Instruction was consistent with the evidence and could not have been prejudicial to Hirlston. Additionally, the instructions did not misstate the law regarding the interactive process and that both parties had to work together in that process. That instruction was provided in Instruction No. 21, which the Court had adopted from Hirlston's proposed Instruction No. 25 ([Filing No. 173 at 23](); [Filing No. 150 at 49]()).

Likewise, the Court finds no error or misstatement of the law in the verdict forms. The Court encouraged the parties to confer and try to agree on verdict forms which they could both be happy with. The Court informed the parties on the record, that if they could not agree, it would determine the appropriate verdict form. Hirlston did not object to the Courts suggested procedure. Because the parties could not agree as the court had requested, the court drafted the verdict form's "based on language proposed by both parties in their submission to track the elements." ([Filing No. 185 at 154]().)

Hirlston argues that the first question on the verdict form should have included the phrase, "with or without a reasonable accommodation," but Instruction Nos. 17 and 22 instructed the jury about being qualified to perform the job and Instruction No. 19 went on to instruct the jury about qualification with or without a reasonable accommodation.  As argued by Costco, there was no need to add the language, "with or without a reasonable accommodation," to the verdict forms. The verdict forms prepared by the Court were consistent with the Seventh Circuit's pattern special

verdict form for the qualification question. As Hirlston's counsel acknowledged during the trial, the verdict forms did not have to track everything on the jury instructions:

> Your Honor, since the Court already gave the jury the instructions and they have them in there, I don't think that it's necessary for them to have them when filling out a verdict form, because the Court has already given them those instructions, and they can follow them. And they're admonished to follow them.

([Filing No. 185 at 146](#).) There was nothing confusing about the verdict forms, and the jury never sent a note to ask a question about the forms. The jury deliberated for just over two hours, and the Court polled the jurors who confirmed that it was their verdict.

Finally, the Court again determines that Exhibits 223 and 224 were appropriately admitted into evidence after Costco laid a sufficient foundation. And Hirlston's argument regarding the Court's ADA retaliation decision is based upon her assertion that Final Jury Instruction No. 19, the verdict forms, and the admission of Exhibits 223 and 224 were erroneous, and the jury's decision provided the foundation for the Court's retaliation decision. In light of the Court's conclusion regarding Final Jury Instruction No. 19, the verdict forms, and the admission of Exhibits 223 and 224, Hirlston's ADA retaliation argument is without merit.

Hirlston has failed to satisfy her heavy burden to obtain a new trial following the jury verdict and to disturb the Final Judgment; therefore, her Motion must be **denied**.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Karen R. Hirlston's Motion for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60, ([Filing No. 197](#)), is **DENIED**.

      **SO ORDERED.**

Date:   _5/17/2022_

                               Hon. Tanya Walton Pratt, Chief Judge
                               United States District Court
                               Southern District of Indiana

DISTRIBUTION:

Erin D. Foley
SEYFARTH SHAW LLP
edfoley@seyfarth.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Sara Eber Fowler
SEYFARTH SHAW LLP
sfowler@seyfarth.com

Sandra L. Blevins
BETZ & ASSOCIATES
sblevins@betzadvocates.com

Kyla J. Miller
SEYFARTH SHAW LLP
kjmiller@seyfarth.com

Courtney E. Endwright
BETZ & BLEVINS
cendwright@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Chad Harrison Holler
BETZ & BLEVINS
choller@betzadvocates.com

CM/ECF LIVE                                                https://insd-ecf.sso.dcn/cgi-bin/DktRpt-insd.pl?14850792869892-...

Case 1:17-cv-04699-TWP-MPB   Document 208   Filed 06/16/22   Page 45 of 63 PageID #: 4334
Case: 22-2067     Document: 12     Filed: 08/30/2022     Pages: 113

# *** PUBLIC DOCKET ***

APPEAL,CLOSED

## U.S. District Court
## Southern District of Indiana (Indianapolis)
## CIVIL DOCKET FOR CASE #: 1:17-cv-04699-TWP-MPB

| | |
|---|---|
| HIRLSTON v. COSTCO WHOLESALE CORPORATION | Date Filed: 12/21/2017 |
| Assigned to: Judge Tanya Walton Pratt | Date Terminated: 08/19/2021 |
| Referred to: Magistrate Judge Matthew P. Brookman | Jury Demand: Plaintiff |
| Cause: 42:12101 The Americans with Disabilities Act | Nature of Suit: 445 Civil Rights: Americans with Disabilities - Employment |
| | Jurisdiction: Federal Question |

**Plaintiff**

**KAREN R. HIRLSTON**      represented by   **Chad Harrison Holler**
BETZ & BLEVINS
One Indiana Square
Suite 1660
Indianapolis, IN 46204
317-687-2222
Fax: 317-687-2221
Email: choller@betzadvocates.com
*ATTORNEY TO BE NOTICED*

**Courtney E. Endwright**
BETZ & BLEVINS
One Indiana Square
Suite 1660
Indianapolis, IN 46204
317-687-2222
Fax: 317-687-2221
Email: cendwright@betzadvocates.com
*ATTORNEY TO BE NOTICED*

**Jamie A. Maddox**
BETZ & ASSOCIATES
One Indiana Square, Suite 1660
Indianapolis, IN 46204
(317)687-2222
Fax: (317)687-2221
Email: jmaddox@betzadvocates.com
*ATTORNEY TO BE NOTICED*

**Kevin W. Betz**
BETZ & BLEVINS
One Indiana Square
Suite 1660

Indianapolis, IN 46204
(317) 687-2222
Fax: (317) 687-2221
Email: kbetz@betzadvocates.com
*ATTORNEY TO BE NOTICED*

**Sandra L. Blevins**
BETZ & ASSOCIATES
One Indiana Square
Suite 1660
Indianapolis, IN 46204
(317) 687-2222
Fax: (317) 687-2221
Email: sblevins@betzadvocates.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**COSTCO WHOLESALE CORPORATION**                represented by   **Erin D. Foley**
SEYFARTH SHAW LLP
233 South Wacker Dr., Ste. 8000
Chicago, IL 60606
(312) 460-5000
Fax: (312) 460-8000
Email: edfoley@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Erin D. Foley**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kyla J. Miller**
SEYFARTH SHAW LLP (Chicago)
233 South Wacker Drive
Suite 8000
Chicago, IL 60606-6448
312 460-5000
Email: kjmiller@seyfarth.com
*ATTORNEY TO BE NOTICED*

**Sara Eber Fowler**
SEYFARTH SHAW LLP (Chicago)
233 South Wacker Drive
Suite 8000
Chicago, IL 60606-6448
312-460-5938
Fax: 312-460-7000
Email: sfowler@seyfarth.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/21/2017 | 1 | COMPLAINT against COSTCO WHOLESALE CORPORATION, filed by KAREN R HIRLSTON. (No fee paid with this filing) (Attachments: # 1 Exhibit 1 - EEOC Charge, # 2 Exhibit 2 - Right to Sue)(Maddox, Jamie) (Entered: 12/21/2017) |
| 12/21/2017 | 2 | Proposed Summons submitted for issuance by the clerk as to COSTCO WHOLESALE CORPORATION. (Maddox, Jamie) (Entered: 12/21/2017) |
| 12/21/2017 | 3 | Proposed Summons submitted for issuance by the clerk as to COSTCO WHOLESALE CORPORATION. (Maddox, Jamie) (Entered: 12/21/2017) |
| 12/21/2017 | 4 | CIVIL COVER SHEET , filed by Plaintiff KAREN R HIRLSTON. (Maddox, Jamie) (Entered: 12/21/2017) |
| 12/21/2017 | 5 | NOTICE of Appearance by Jamie A. Maddox on behalf of Plaintiff KAREN R HIRLSTON. (Maddox, Jamie) (Entered: 12/21/2017) |
| 12/21/2017 | 6 | NOTICE of Appearance by Kevin W. Betz on behalf of Plaintiff KAREN R HIRLSTON. (Betz, Kevin) (Entered: 12/21/2017) |
| 12/22/2017 | 7 | Summons Issued as to COSTCO WHOLESALE CORPORATION. (DJH) (Entered: 12/22/2017) |
| 12/22/2017 | 8 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (DJH) (Entered: 12/22/2017) |
| 02/20/2018 | 9 | NOTICE of Appearance by Amanda A. Sonneborn on behalf of Defendant COSTCO WHOLESALE CORPORATION. (Sonneborn, Amanda) (Entered: 02/20/2018) |
| 02/20/2018 | 10 | Corporate Disclosure Statement by COSTCO WHOLESALE CORPORATION. (Sonneborn, Amanda) (Entered: 02/20/2018) |
| 02/20/2018 | 11 | ANSWER to 1 Complaint , filed by COSTCO WHOLESALE CORPORATION.(Sonneborn, Amanda) (Entered: 02/20/2018) |
| 02/22/2018 | 12 | MOTION for Attorney(s) Erin Dougherty Foley to Appear pro hac vice (Filing fee $100, receipt number 0756-4765273), filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 02/22/2018) |
| 02/23/2018 | 13 | ORDER granting 12 Motion to Appear pro hac vice. Attorney Erin Dougherty Foley for COSTCO WHOLESALE CORPORATION added - Copy sent to counsel via US Mail. Signed by Magistrate Judge Matthew P. Brookman on 2/23/2018. (JRB) (Entered: 02/23/2018) |
| 02/23/2018 | 14 | ORDER SETTING INITIAL PRE-TRIAL CONFERENCE - Initial Telephonic Pretrial Conference set for 3/23/2018 at 02:00 PM (Eastern Time) before Magistrate Judge Matthew P. Brookman. The information needed to participate in this telephonic conference will be provided by a separate notification. No fewer than seven (7) days before the IPTC, counsel must file a Proposed CMP. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 2/23/2018.(JRB) (Entered: 02/23/2018) |
| 03/16/2018 | 16 | *Submission of Proposed* CASE MANAGEMENT PLAN TENDERED, filed by Plaintiff KAREN R. HIRLSTON . (Attachments: # 1 Exhibit A - Proposed Case Management Plan)(Maddox, Jamie) (Entered: 03/16/2018) |
| 04/04/2018 | 17 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Initial Pretrial Conference held on 3/23/2018. Status Conference set for 4/6/2018 at 03:00 PM (Eastern Time) in Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) Modified text on 4/9/2018 (TMB). (Entered: 04/04/2018) |

| 04/06/2018 | 19 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 4/6/2018. Parties were represented by counsel. No further orders are entered at this time. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 04/06/2018) |
|---|---|---|
| 04/18/2018 | 20 | ORDER: CASE MANAGEMENT PLAN APPROVED AS AMENDED. Discovery due by 10/22/2018. Dispositive Motions due by 12/21/2018. Settlement Conference set for 10/9/2018 at 09:00 AM (Eastern Time) in room #316, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Matthew P. Brookman. Status Conference set for 8/24/2018 at 10:00 AM (Eastern Time) in Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman on 4/18/2018.(TMB) (Entered: 04/18/2018) |
| 04/20/2018 | 21 | NOTICE of Service of Initial Disclosures , filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 04/20/2018) |
| 04/20/2018 | 22 | NOTICE of Service of Initial Disclosures , filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 04/20/2018) |
| 04/27/2018 | 23 | Witness List *(Preliminary)*, filed by Plaintiff KAREN R. HIRLSTON, Exhibit List *(Preliminary)*, filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 04/27/2018) |
| 05/04/2018 | 24 | Witness List *And Exhibit Lists (Preliminary)*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 05/04/2018) |
| 08/20/2018 | 26 | SCHEDULING ORDER: Telephonic Discovery Conference set for 8/20/2018 at 02:30 PM (Eastern Time) before Magistrate Judge Matthew P. Brookman. The information needed by counsel to participate in this telephonic conference will be provided by a separate notification. Signed by Magistrate Judge Matthew P. Brookman on 8/20/2018.(JRB) (Entered: 08/20/2018) |
| 08/20/2018 | 28 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Discovery Conference held on 8/20/2018. The TELEPHONIC STATUS CONFERENCE set for AUGUST 24, 2018 is VACATED. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 08/20/2018) |
| 09/04/2018 | 29 | SCHEDULING ORDER: Telephonic Discovery Conference set for 9/7/2018 at 10:00 AM (Eastern Time) before Magistrate Judge Matthew P. Brookman. The information needed by counsel to participate in this telephonic conference will be provided by a separate notification. Signed by Magistrate Judge Matthew P. Brookman on 9/4/2018.(JRB) (Entered: 09/04/2018) |
| 09/10/2018 | 31 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Discovery Conference held on 9/7/2018. The Settlement Conference set for 10/9/2018 at 9:00 AM is RESCHEDULED to 10/9/2018 at 01:00 PM (Eastern Time) in room #316, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 09/10/2018) |
| 10/05/2018 | 32 | Joint MOTION for Continuance *(Agreed Joint Motion to Continue Settlement Conference and Extend Case Deadlines)*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Text of Proposed Order)(Foley, Erin) (Entered: 10/05/2018) |
| 10/12/2018 | 33 | Joint MOTION to Amend/Correct 32 Joint MOTION for Continuance *(Agreed Joint Motion to Continue Settlement Conference and Extend Case Deadlines)* , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Text of Proposed Order)(Foley, Erin) (Entered: 10/12/2018) |
| 10/12/2018 | 34 | ORDER granting 33 Motion to Continue Settlement Conference and Extend Case Management Deadlines - Settlement Conference currently set for 1:00 p.m. EST on October 9, 2018 is hereby VACATED and RESET to JANUARY 24, 2019 at 2:00 p.m. (EST), in room 316, |

| | | |
|---|---|---|
| | | United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Magistrate Judge Matthew P. Brookman Discovery due by 6/21/2019. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 10/12/2018.(JRB) (Entered: 10/12/2018) |
| 10/25/2018 | 35 | SCHEDULING ORDER - Having approved the Case Management Plan as amended, the Court hereby sets the final pretrial conference on July 24, 2019 at 10:00 a.m. in Room 330, and the jury trial to begin on August 19, 2019 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana. The final pretrial conference is for attorneys only. At the final pretrial conference, Counsel shall be prepared to discuss the status of the action, including all matters requiring completion preparatory to trial. Signed by Judge Tanya Walton Pratt on 10/25/2018.(NAD) (Entered: 10/25/2018) |
| 10/25/2018 | 36 | TRIAL PROCEDURES AND PRACTICES before Judge Tanya Walton Pratt. (NAD) (Entered: 10/25/2018) |
| 01/08/2019 | 37 | SCHEDULING ORDER: SETTLEMENT CONFERENCE set for January 24, 2019 at 2:00 p.m. (EST), is hereby RESCHEDULED for JANUARY 24, 2019 at 9:00 a.m., Indianapolis time (EST), before the Magistrate Judge in Room 316, Federal Building/U.S. Courthouse, Indianapolis, Indiana. Signed by Magistrate Judge Matthew P. Brookman on 1/8/2019.(JRB) (Entered: 01/08/2019) |
| 01/24/2019 | 38 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Settlement Conference held on 1/24/2019. The parties were present and represented by counsel. The parties conducted settlement negotiations, but they were unable to reach an agreement. Status Conference set for 12/2/2019 at 10:00 AM (Eastern Time) in Telephonic before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 01/24/2019) |
| 02/22/2019 | 39 | Unopposed MOTION for Extension of Time to 03/22/2019 *of the Discovery Deadline,* filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order Granting Motion for EOT)(Maddox, Jamie) (Entered: 02/22/2019) |
| 02/25/2019 | 40 | ORDER granting 39 Motion for Extension of Time to Complete Non-Expert Witness Discovery and Discovery Relating to Liability Issues to 3/22/2019. Signed by Magistrate Judge Matthew P. Brookman on 2/25/2019. (TMB) (Entered: 02/25/2019) |
| 03/01/2019 | 41 | Statement *of Claims* by KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 03/01/2019) |
| 03/01/2019 | 42 | Statement *of Claims or Defenses* by COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 03/01/2019) |
| 04/26/2019 | 43 | Witness List *(Final),* filed by Plaintiff KAREN R. HIRLSTON, Exhibit List *(Final),* filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 04/26/2019) |
| 04/26/2019 | 44 | MOTION for Summary Judgment , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 S.D. Indiana Local Rule 5-1 Index of Exhibits)(Foley, Erin) (Entered: 04/26/2019) |
| 04/26/2019 | 45 | DECLARATION of Julie Frazier re 44 Motion for Summary Judgment by COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit A)(Foley, Erin) (Entered: 04/26/2019) |
| 04/26/2019 | 46 | APPENDIX re 44 MOTION for Summary Judgment *(Appendix of Exhibits in Support of Defendant Costco Wholesale Corporation's Motion For Summary Judgment)* by COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1 - Deposition of Karen Hirlston, # 2 Exhibit 2 - Deposition of Michael Donaldson, # 3 Exhibit 3 - 2016 Costco Employee Agreement (Hirlston Dep. Ex. 2), # 4 Exhibit 4 - 7/8/2016 Correspondence from Betz & Blevins (Hirlston Dep. Ex. 4), # 5 Exhibit 5 - 2013 Costco Employee Agreement (Hirlston Dep. Ex. 7), # 6 Exhibit 6 - 9/16/2014 Email regarding 2nd Pair Performance (Hirlston Dep. Ex. 12), # 7 |

Exhibit 7 - 8/28/2015 Plaintiff Work Restrictions (Hirlston Dep. Ex. 13), # 8 Exhibit 8 - 11/3/2015 Job Assessment Meeting Notes (Hirlston Dep. Ex. 14), # 9 Exhibit 9 - Optical Manager Job Analysis (Hirlston Dep. Ex. 15), # 10 Exhibit 10 - 6/10/2016 Email regarding Job @ W1227 for Karen Hirlston (Hirlston Dep. Ex. 20), # 11 Exhibit 11 - 9/19/2016 Email regarding job postings received 9/10/16 (Hirlston Dep. Ex. 24), # 12 Exhibit 12 - 9/30/2016 Plaintiff Revised Work Restrictions (Hirlston Dep. Ex. 25), # 13 Exhibit 13 - 10/11/2016 Voicemail transcription regarding job opportunity for Plaintiff (Hirlston Dep. Ex. 26), # 14 Exhibit 14 - 10/10/2016 Correspondence regarding job assessment review meeting (Hirlston Dep. Ex. 27), # 15 Exhibit 15 - 10/17/2016 Email from Plaintiff accepting job offer (Hirlston Dep. Ex. 28), # 16 Exhibit 16 - 5/13/2015 Memorandum regarding Optical Department re-design (Donaldson Dep. Ex. 1), # 17 Exhibit 17 - 8/28/2015 Plaintiff Work Restrictions (Donaldson Dep. Ex. 2), # 18 Exhibit 18 - 11/3/2015 Job Assessment Meeting Notes (Donaldson Dep. Ex. 6), # 19 Exhibit 19 - 11/4/2015 Correspondence regarding job assessment review meeting (Donaldson Dep. Ex. 7))(Foley, Erin) Modified on 5/14/2019 (JRB). (Entered: 04/26/2019)

| | | |
|---|---|---|
| 04/26/2019 | 47 | BRIEF/MEMORANDUM in Support re 44 MOTION for Summary Judgment *(Defendant Costco Wholesale Corporation's Memorandum of Law in Support of It's Motion For Summary of Judgment)*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 04/26/2019) |
| 04/30/2019 | 48 | Witness List , filed by Defendant COSTCO WHOLESALE CORPORATION, Exhibit List , filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 04/30/2019) |
| 04/30/2019 | 49 | Unopposed MOTION to Seal Document 46 Appendix *(Defendant Costco Wholesale Corporation's Unopposed Motion to the Appendix of Exhibits in Support of Defendant's Motion For Summary Judgment)*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order Proposed Order) (Foley, Erin) (Entered: 04/30/2019) |
| 05/14/2019 | 50 | ORDER granting 49 Motion to Maintain Document Under Seal 46 Appendix - SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 5/14/2019. (JRB) (Entered: 05/14/2019) |
| 05/20/2019 | 51 | Joint MOTION for Extension of Time to File Response to 05/31/19 re 44 MOTION for Summary Judgment *and to 06/21/19 for Defendant to File Reply in Support of Motion for Summary Judgment*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order Granting Joint Motion)(Maddox, Jamie) (Entered: 05/20/2019) |
| 05/20/2019 | 52 | ORDER - GRANTING 51 JOINT MOTION TO EXTEND REMAINING DISPOSITIVE MOTION DEADLINES. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the following deadlines shall be, and are hereby are, extended as indicated: The deadline for Plaintiff Karen R. Hirlston to file her Response in Opposition to Defendant's 44 Motion for Summary Judgment is extended from May 24, 2019 to and including May 31, 2019; and The deadline for Defendant Costco Wholesale Corporation to file its Reply in Support of 44 Motion for Summary Judgment is extended to June 21, 2019. Signed by Judge Tanya Walton Pratt on 5/20/2019.(NAD) (Entered: 05/21/2019) |
| 05/28/2019 | 53 | Unopposed MOTION for Extension of Time to File Response to 06/05/19 re 44 MOTION for Summary Judgment *and to 06/26/19 for Defendant to File Reply in Support of Motion for Summary Judgment*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order Granting Unopposed Motion for EOT)(Maddox, Jamie) (Entered: 05/28/2019) |
| 05/29/2019 | 54 | ORDER - GRANTING UNOPPOSED SECOND 53 MOTION TO EXTEND REMAINING DISPOSITIVE MOTION DEADLINES. The deadline for Plaintiff Karen R. Hirlston to file her Response in Opposition to Defendant's 44 Motion for Summary Judgment is extended from May 31, 2019 to and including June 5, 2019; and the deadline for Defendant Costco |

| | | |
|---|---|---|
| | | Wholesale Corporation to file its Reply in Support of Motion for Summary Judgment is extended from June 21, 2019 to June 26, 2019. Signed by Judge Tanya Walton Pratt on 5/29/2019. (NAD) (Entered: 05/29/2019) |
| 06/05/2019 | 55 | RESPONSE in Opposition re 44 MOTION for Summary Judgment , filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 06/05/2019) |
| 06/05/2019 | 56 | Designation of Evidence re 55 Response in Opposition to Motion *for Summary Judgment*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit 2 - 2016 Employee Agreement, # 2 Exhibit 7 - 2013 Employee Agreement, # 3 Exhibit 14 - JA Notes - November, # 4 Exhibit 16 - November 4, 2015 Letter, # 5 Exhibit 25 - Work Restrictions - September 2016, # 6 Exhibit 200 - Employee Info Change Form, # 7 Exhibit 201 - Job Analysis - Optical Manager, # 8 Exhibit 202 - May 2015 Memorandum, # 9 Exhibit 203 - New Hire Form, # 10 Exhibit 204 - Hirlston Depo Excerpts, # 11 Exhibit 205 - Donaldson Depo Excerpts, # 12 Exhibit 206 - Hirlston Declaration with Exhibits, # 13 Exhibit 207 - Maddox Declaration)(Maddox, Jamie) (Entered: 06/05/2019) |
| 06/26/2019 | 57 | REPLY in Support of Motion re 44 MOTION for Summary Judgment , filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 06/26/2019) |
| 06/28/2019 | 58 | ORDER - The final pretrial conference is RESCHEDULED for February 5, 2020 at 11:00 a.m. in Room 330. The jury trial is RESCHEDULED to commence on February 24, 2020 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana. (See Order.) Signed by Judge Tanya Walton Pratt on 6/28/2019.(NAD) (Entered: 06/28/2019) |
| 07/03/2019 | 59 | MOTION for Leave to File *Surreply in Opposition to Defendant's 44 Motion for Summary Judgment*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit A - Proposed Surreply, # 2 Text of Proposed Order Granting Motion for Leave)(Maddox, Jamie) Modified on 7/5/2019 - Added link to 44 (NAD). (Entered: 07/03/2019) |
| 12/02/2019 | 61 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 12/2/2019. No further orders are entered at this time. Signed by Magistrate Judge Matthew P. Brookman. (LES) (Entered: 12/02/2019) |
| 12/18/2019 | 62 | ENTRY - DENYING DEFENDANT'S 44 MOTION FOR SUMMARY JUDGMENT. On July 3, 2019, Hirlston filed a timely motion contending that Costco introduced new legal arguments in its Reply when it argued that "Ms. Hirlston implicitly concede[d] that the job description for the Optical Department Manager position is evidence of its essential functions." (Filing No. 59 at 7). Costco has not responded to the Motion or otherwise opposed the request. Accordingly, the Motion is granted. The Court will consider Hirlston's response to new legal arguments that are contained in the Surreply docketed at Filing No. 59-1. Because Costco failed to negate the second element of Hirlston's claim, and because it did not challenge the first and third prongs, the Court denies summary judgment as to Hirlston's discrimination claim. For the reasons stated above, Costco's Motion for Summary Judgment (Filing No. 44 ) is DENIED and Hirlston's Motion for Leave to File Surreply in Opposition to Defendant's Motion for Summary Judgment (Filing No. 59 ) is GRANTED. (See Order.) Signed by Judge Tanya Walton Pratt on 12/18/2019. (NAD) (Entered: 12/19/2019) |
| 01/02/2020 | 63 | Joint MOTION for Continuance *of Final Pretrial Conference and Trial Date*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order Granting Joint Motion) (Maddox, Jamie) (Entered: 01/02/2020) |
| 01/07/2020 | 64 | ORDER CONTINUING FINAL PRETRIAL CONFERENCE AND TRIAL DATE - This matter came before the Court on the 63 Joint Motion to Continue Final Pretrial Conference and Trial Date, and the Court, having considered the same and being duly advised; now finds that said Motion should be GRANTED. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the |

000045

| | | final pretrial conference set February 5, 2020 is RESCHEDULED to November 10, 2020 at 11:00 a.m. in Room 330. The jury trial set February 24, 2020 is RESCHEDULED to December 7, 2020 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, Indianapolis, Indiana.. Signed by Judge Tanya Walton Pratt on 1/7/2020.(NAD) (Entered: 01/07/2020) |
|---|---|---|
| 01/14/2020 | 65 | Unopposed MOTION *to Reset Final Pretrial Conference and Trial Date*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Proposed Order)(Foley, Erin) (Entered: 01/14/2020) |
| 01/16/2020 | 66 | ORDER RESCHEDULING FINAL PRETRIAL CONFERENCE AND TRIAL DATE - This matter coming before the Court on the 65 Unopposed Motion to Reset Final Pretrial Conference and Trial Date, and the Court, having considered the same and being duly advised; now finds that said Motion should be GRANTED. IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the final pretrial conference set for November 10, 2020 is RESCHEDULED to October 14, 2020 at 9:00 a.m. in Room 330. The jury trial set December 7, 2020 is RESCHEDULED to commence on November 9, 2020 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, Indianapolis, Indiana. Signed by Judge Tanya Walton Pratt on 1/16/2020.(NAD) (Entered: 01/16/2020) |
| 09/23/2020 | 67 | NOTICE of Appearance by Sara Eber Fowler on behalf of Defendant COSTCO WHOLESALE CORPORATION. (Fowler, Sara) (Entered: 09/23/2020) |
| 09/24/2020 | 68 | SCHEDULING ORDER: Telephonic Status Conference set for 9/24/2020 at 11:00 AM (Eastern Time) before Magistrate Judge Matthew P. Brookman. Signed by Magistrate Judge Matthew P. Brookman on 9/24/2020.(TMB) (Entered: 09/24/2020) |
| 09/24/2020 | 70 | NOTICE of Appearance by Sandra L. Blevins on behalf of Plaintiff KAREN R. HIRLSTON. (Blevins, Sandra) (Entered: 09/24/2020) |
| 09/24/2020 | 71 | NOTICE of Appearance by Chad Harrison Holler on behalf of Plaintiff KAREN R. HIRLSTON. (Holler, Chad) (Entered: 09/24/2020) |
| 09/24/2020 | 72 | MOTION to Withdraw Attorney Appearance *of Amanda A. Sonneborn*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 09/24/2020) |
| 09/24/2020 | 73 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 9/24/2020. Telephonic Settlement Conference set for 10/5/2020 at 03:00 PM (Eastern Time) before Magistrate Judge Matthew P. Brookman. The information needed to participate in this telephone conference will be provided by a separate notification. Clients with full settlement authority are to be present at this conference. (See attachment for particulars, including description of which client(s) must attend.) Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 09/24/2020) |
| 09/24/2020 | 74 | ORDER - The Court hereby Orders the parties to confer and file a joint set of final jury instructions. To the extent that the parties cannot agree on particular instructions, they must nevertheless file a joint set of instructions. The Court encourages the parties to reach agreement wherever possible. The filing must occur no later than Friday, October 9, 2020. This document should be filed in CM/ECF, with a copy of the document in either Word or WordPerfect emailed to the Courtroom Deputy Clerk. Signed by Judge Tanya Walton Pratt on 9/24/2020.(NAD) (Entered: 09/24/2020) |
| 09/24/2020 | 75 | NOTICE of Appearance by Courtney E. Endwright on behalf of Plaintiff KAREN R. HIRLSTON. (Endwright, Courtney) (Entered: 09/24/2020) |
| 09/25/2020 | 76 | Submission of Proposed Order , re 72 MOTION to Withdraw Attorney Appearance *of Amanda A. Sonneborn*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 09/25/2020) |

| 09/28/2020 | 77 | ORDER - granting 72 Motion to Withdraw Attorney Appearance. IT IS HEREBY ORDERED that the appearance of Amanda A. Sonneborn as counsel for Defendant in the above-captioned matter is withdrawn. Defendant will continue to be represented by their counsel from Seyfarth Shaw LLP. Signed by Judge Tanya Walton Pratt on 9/28/2020. (NAD) (Entered: 09/28/2020) |
|---|---|---|
| 09/30/2020 | 79 | MOTION *Defendant's Motion in Limine #1, To Exclude Untimely And Irrelevant Allegations Of Discrimination*, MOTION in Limine , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 80 | MOTION *Defendant's Motion in Limine #2, To Preclude Reference to Pejorative Statements At Trial*, MOTION in Limine , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 81 | MOTION *Motion in Limine #3 To Bar Plaintiff From Introducing Evidence Of Lost Wages*, MOTION in Limine , filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 82 | MOTION *Motion in Limine #4, To Limit Of Lay Witnesses And Treating Experts*, MOTION in Limine , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 83 | MOTION *Defendant's Motion in Limine #5 To Bar Referenes to Other Legal claims Against Costco*, MOTION in Limine , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 84 | MOTION *Defendant's Motion in Limine #6 To Limit The Scope of Plaintiff's Retaliation Claim*, MOTION in Limine , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 85 | MOTION *Motion in Limine #7, to Exclude Evidence Related To Costco's Size Or Wealth*, MOTION in Limine , filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 86 | Proposed Voir Dire by COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 87 | Witness List *Final Witness List*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Foley, Erin) (Entered: 09/30/2020) |
| 09/30/2020 | 88 | MOTION in Limine , filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order Granting Motions In Limine)(Maddox, Jamie) (Entered: 09/30/2020) |
| 09/30/2020 | 89 | NOTICE *of Evidence Presentation Equipment*, filed by Plaintiff KAREN R. HIRLSTON (Maddox, Jamie) (Entered: 09/30/2020) |
| 09/30/2020 | 90 | Witness List *(Trial)*, filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 09/30/2020) |
| 09/30/2020 | 91 | Exhibit List *(Trial)*, filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 09/30/2020) |
| 09/30/2020 | 92 | Exhibit List *(Joint Trial)*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit Joint Exhibit List)(Maddox, Jamie) (Entered: 09/30/2020) |
| 09/30/2020 | 93 | Proposed Voir Dire by KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 09/30/2020) |
| 09/30/2020 | 94 | MOTION *for Separation of Witnesses*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order Granting Motion)(Maddox, Jamie) (Entered: 09/30/2020) |

CM/ECF LIVE                                                                  https://insd-ecf.sso.dcn/cgi-bin/DktRpt.insd.pl?14850792869892-...

Case 1:17-cv-04699-TWP-MPB    Document 208    Filed 06/16/22    Page 54 of 63 PageID #: 4343
Case: 22-2067        Document: 12        Filed: 08/30/2022        Pages: 113

| 09/30/2020 | 95 | Exhibit List , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Costco's Exhibit List (Identified))(Foley, Erin) (Main Document 95 replaced on 5/18/2021) (JD). (Entered: 09/30/2020) |
|---|---|---|
| 09/30/2020 | 96 | Proposed *Preliminary* Jury Instructions, filed by KAREN R. HIRLSTON. (Blevins, Sandra) (Entered: 09/30/2020) |
| 10/01/2020 | 97 | Proposed *Preliminary* Jury Instructions, filed by COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 10/01/2020) |
| 10/01/2020 | 98 | SCHEDULING ORDER-Final Pretrial Conference set for 10/14/2020 9:00 AM in Courtroom #349, United States Courthouse, 46 E. Ohio Street, Indianapolis, Indiana before Judge Tanya Walton Pratt. Please make note of this change. Signed by Judge Tanya Walton Pratt on 10/1/2020.(CBU) (Entered: 10/01/2020) |
| 10/06/2020 | 99 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Settlement Conference held on 10/5/2020. The parties were present and represented by counsel. The parties conducted settlement negotiations, but they were unable to reach an agreement. No further orders are entered at this time. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 10/06/2020) |
| 10/07/2020 | 100 | OBJECTION *to Defendant's Trial Exhibits* by KAREN R. HIRLSTON. Related document: 95 Exhibit List filed by COSTCO WHOLESALE CORPORATION.(Maddox, Jamie) (Entered: 10/07/2020) |
| 10/07/2020 | 101 | OBJECTION *to Defendant's Proposed Voir Dire* by KAREN R. HIRLSTON. Related document: 86 Proposed Voir Dire filed by COSTCO WHOLESALE CORPORATION.(Maddox, Jamie) (Entered: 10/07/2020) |
| 10/07/2020 | 102 | OBJECTION *to Defendant's Proposed Deposition Designations* by KAREN R. HIRLSTON. Related document: 87 Witness List filed by COSTCO WHOLESALE CORPORATION.(Maddox, Jamie) (Entered: 10/07/2020) |
| 10/07/2020 | 103 | RESPONSE to Motion re 88 MOTION in Limine *(Defendant's Response to Plaintiff's Motions in Limine),* filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1 - Plaintiff's Deposition)(Foley, Erin) (Entered: 10/07/2020) |
| 10/07/2020 | 104 | RESPONSE to Motion re 94 MOTION *for Separation of Witnesses (Defendant's Response to Plaintiff's Motion to Separate Witnesses),* filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 10/07/2020) |
| 10/07/2020 | 105 | OBJECTION *TO WITNESS LIST FOR PLAINTIFF* by COSTCO WHOLESALE CORPORATION. Related document: 90 Witness List filed by KAREN R. HIRLSTON.(Foley, Erin) (Entered: 10/07/2020) |
| 10/07/2020 | 106 | RESPONSE in Opposition re 79 MOTION *Defendant's Motion in Limine #1, To Exclude Untimely And Irrelevant Allegations Of Discrimination* MOTION in Limine , filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 10/07/2020) |
| 10/07/2020 | 107 | RESPONSE in Opposition re 80 MOTION *Defendant's Motion in Limine #2, To Preclude Reference to Pejorative Statements At Trial* MOTION in Limine , filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit 7 - Letter Regarding Forced Leave)(Maddox, Jamie) (Entered: 10/07/2020) |
| 10/07/2020 | 108 | RESPONSE in Opposition re 81 MOTION *Motion in Limine #3 To Bar Plaintiff From Introducing Evidence Of Lost Wages* MOTION in Limine , filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 10/07/2020) |
| 10/07/2020 | 109 | RESPONSE in Opposition re 82 MOTION *Motion in Limine #4, To Limit Of Lay Witnesses And Treating Experts* MOTION in Limine , filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) |

| | | |
|---|---|---|
| | | (Entered: 10/07/2020) |
| 10/07/2020 | 110 | OBJECTION *to Plaintiff's Exhibit List* by COSTCO WHOLESALE CORPORATION. Related document: 91 Exhibit List filed by KAREN R. HIRLSTON.(Foley, Erin) (Entered: 10/07/2020) |
| 10/07/2020 | 111 | OBJECTION *to Plaintiff's Voir Dire* by COSTCO WHOLESALE CORPORATION. Related document: 93 Proposed Voir Dire filed by KAREN R. HIRLSTON.(Foley, Erin) (Entered: 10/07/2020) |
| 10/07/2020 | 112 | RESPONSE in Opposition re 83 MOTION *Defendant's Motion in Limine #5 To Bar Referenes to Other Legal claims Against Costco* MOTION in Limine , filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit A - Complaint)(Maddox, Jamie) (Entered: 10/07/2020) |
| 10/07/2020 | 113 | RESPONSE in Opposition re 85 MOTION *Motion in Limine #7, to Exclude Evidence Related To Costco's Size Or Wealth* MOTION in Limine , filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 10/07/2020) |
| 10/07/2020 | 114 | RESPONSE in Opposition re 84 MOTION *Defendant's Motion in Limine #6 To Limit The Scope of Plaintiff's Retaliation Claim* MOTION in Limine , filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit 1 - August 30, 2017 E-mail, # 2 Exhibit 2 - Costco's Position Statement, # 3 Exhibit 21 - June 6, 2016 E-mail)(Blevins, Sandra) (Entered: 10/07/2020) |
| 10/09/2020 | 115 | Joint MOTION for Extension of Time to 10/12/2020 *to File Joint Final Instructions and Joint Issue Instruction*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order Granting Joint Motion for EOT)(Maddox, Jamie) (Entered: 10/09/2020) |
| 10/09/2020 | 116 | ORDER granting Parties' Joint 115 Motion for Extension of Time to File their Joint Final Jury Instructions and the Joint Issue Instruction, enlarged three (3) days from October 9, 2020 to October 12, 2020. Signed by Judge Tanya Walton Pratt on 10/9/2020. (MAC) (Entered: 10/09/2020) |
| 10/12/2020 | 117 | Proposed *Final (Joint Submission Of)* Jury Instructions, filed by COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 10/12/2020) |
| 10/13/2020 | 118 | ORDER ON MOTIONS IN LIMINE - For the preceding reasons, Hirlston's Motion in Limine (Filing No. 88 ) is GRANTED in part and DENIED in part, and Costco's Motions in Limine (Filing No. 79 ; Filing No. 80 ; Filing No. 81 ; Filing No. 82 ; Filing No. 83 ; Filing No. 84 ; Filing No. 85 ) also are GRANTED in part and DENIED in part. An order in limine is not a final, appealable order. If the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence. (See Order.) Signed by Judge Tanya Walton Pratt on 10/13/2020. (NAD) (Entered: 10/13/2020) |
| 10/14/2020 | 119 | MINUTE ENTRY for final pretrial held before Judge Tanya Walton Pratt on 10/14/2020: Parties appeared by counsel. Discussion was held regarding pending motions, anticipated witnesses and exhibits. The Court will issue a separate Entry consistent with Fed. R. Civ. P. 16 (d) and (e). This matter remains set for jury trial on November 9, 2020 at 9:00 a.m. and will be held in Courtroom 216, Birch Bayh Federal Building and United States Courthouse, Indianapolis Indiana. Signed by Judge Tanya Walton Pratt. (Court Reporter David Moxley.)(TRG) (Entered: 10/14/2020) |
| 10/15/2020 | 120 | ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE - This matter was before the Court for a final pretrial conference on October 14, 2020, held at the Indianapolis Courthouse. The three-day jury trial of this matter is scheduled for Monday, November 9, 2020 at 9:00 a.m. and will be held in the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #307. The claims to be tried are Hirlston's claims for violations of the Americans with Disability Act against her employer, Costco. (See Order.) Signed by Judge Tanya Walton Pratt on 10/15/2020.(NAD) (Entered: 10/15/2020) |

| 10/16/2020 | 121 | ORDER ON MATTERS TAKEN UNDER ADVISEMENT - This matter is before the Court following the final pretrial conference held on October 14, 2020, during which the Court took several matters under advisement. This Order will address these issues in turn. (See Order.) Signed by Judge Tanya Walton Pratt on 10/16/2020.(NAD) (Entered: 10/16/2020) |
|---|---|---|
| 10/16/2020 | 122 | Proposed *Corrected Final Joint* Jury Instructions, filed by COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 10/16/2020) |
| 10/21/2020 | 123 | MOTION *for a Bench Trial or, In the Alternative, Motion to Continue Jury Trial*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit 1 - Jury Questionnaire, # 2 Text of Proposed Order)(Blevins, Sandra) (Entered: 10/21/2020) |
| 10/21/2020 | 124 | ORDER DIRECTING EXPEDITED BRIEFING - This matter is before the Court on Plaintiff's Motion for Bench Trial or, in the Alternative, Motion to Continue Jury Trial (Dkt. 123 ). Because the jury trial of this matter is impending, Defendant shall file its response by noon on Friday, October 23, 2020. Signed by Judge Tanya Walton Pratt on 10/21/2020.(NAD) (Entered: 10/21/2020) |
| 10/23/2020 | 125 | RESPONSE in Opposition re 123 MOTION *for a Bench Trial or, In the Alternative, Motion to Continue Jury Trial* , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit A)(Foley, Erin) (Entered: 10/23/2020) |
| 10/23/2020 | 126 | ORDER Denying Plaintiff's Motion for a Bench Trial or, in the Alternative, Motion to Continue Jury Trial - the Court DENIES Hirlston's "Motion for a Bench Trial or, in the Alternative, Motion to Continue Jury Trial." (Filing No. 123 .). Signed by Judge Tanya Walton Pratt on 10/23/2020. (TRG) (Entered: 10/23/2020) |
| 10/26/2020 | 127 | TRANSCRIPT of Final Pretrial Conference held on 10/14/2020 before Judge Tanya Walton Pratt. (71 pages.) Court Reporter/Transcriber: David Moxley (Telephone: (317) 416-1749). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 11/16/2020. Release of Transcript Restriction set for 1/25/2021. (Moxley, David) Released on 1/26/2021 (SWM). (Entered: 10/26/2020) |
| 10/26/2020 | 128 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Final Pretrial Conference held before Judge Tanya Walton Pratt on 10/14/2020 (Moxley, David) (Entered: 10/26/2020) |
| 10/30/2020 | 129 | STIPULATION *OF UNCONTROVERTED FACTS*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 10/30/2020) |
| 10/30/2020 | 130 | Exhibit List *(Defendant's Corrected Exhibit and Witness List)*, filed by Defendant COSTCO WHOLESALE CORPORATION, Witness List , filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 10/30/2020) |
| 10/30/2020 | 131 | Exhibit List *of the Parties (Joint, Plaintiff and Defendant)*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 10/30/2020) |
| 10/30/2020 | 132 | Corrected Witness List *(Final)*, filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) Modified on 11/2/2020 - edited docket text to match title(NAD). (Entered: 10/30/2020) |
| 10/30/2020 | 133 | Proposed *Corrected Joint Proposed Issue* Jury Instructions, filed by COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 10/30/2020) |
| 11/02/2020 | 134 | SCHEDULING ORDER - This matter is set for attorneys only phone conference on Tuesday, November 3, 2020 at 10:00 a.m. (EST). Connection information will be provided in a separate email. Signed by Judge Tanya Walton Pratt on 11/2/2020.(NAD) (Entered: 11/02/2020) |
| 11/02/2020 | 135 | MOTION *for a Bench Trial on Retaliation Claim and to Continue Jury Trial on Remaining Claims*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit A - Declaration of Chad Holler, # 2 Text of Proposed Order)(Blevins, Sandra) (Entered: 11/02/2020) |

| 11/03/2020 | 136 | ENTRY ON PLAINTIFF'S 135 MOTION FOR A BENCH TRIAL ON RETALIATION CLAIM AND TO CONTINUE JURY TRIAL ON REMAINING CLAIMS - With this troubling rise of COVID- 19 cases and deaths in mind, the Court GRANTS Hirlston's Motion as it pertains to continuing the jury trial but--because of the difficulties noted by Costco in splitting the case to separately try the retaliation claim--DENIES the Motion as it relates to holding a bench trial on November 9, 2020 (Filing No. 135 ). The Court, then, continues the jury trial to Monday, March 1, 2021 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, Indianapolis, Indiana. The final pretrial conference has been held, the Court will schedule a telephonic status conference regarding any additional final pretrial matters as we get closer to the March 1, 2021 trial date. (See Order.) Signed by Judge Tanya Walton Pratt on 11/3/2020.(NAD) (Entered: 11/03/2020) |
| --- | --- | --- |
| 11/04/2020 | 137 | MINUTE ENTRY for phone conference held before Judge Tanya Walton Pratt on 11/3/2020: Plaintiff appeared by counsel Jamie Maddox and Sandra Blevins. Defendant appeared by counsel Erin Foley and Sara Fowler. Plaintiff's Motion for a Bench Trial on Retaliation Claim and to Continue Jury Trial on Remaining Claims (Dkt. 135 ) was discussed and taken under advisement. (Court Reporter David Moxley.)(TRG) (Entered: 11/04/2020) |
| 02/02/2021 | 138 | SCHEDULING ORDER - On January 14, 2021, the Court issued General Order Re: Continued Court Operations Under the Exigent Circumstances Created by Covid-19 and Related Coronavirus. This Order suspends in-person jury trial proceedings until at least April 5, 2021. The Court now RESCHEDULES the March 15, 2021 jury trial to start on June 7, 2021 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, Indianapolis, Indiana. An attorneys only telephonic status conference is set May 11, 2021 at 2:00 p.m. Connection information will be issued separately. Signed by Judge Tanya Walton Pratt on 2/2/2021. (NAD) (Entered: 02/02/2021) |
| 04/16/2021 | 139 | NOTICE of Appearance by Kyla J. Miller on behalf of Defendant COSTCO WHOLESALE CORPORATION. (Miller, Kyla) (Entered: 04/16/2021) |
| 05/07/2021 | 140 | Witness List *(Amended)*, filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 05/07/2021) |
| 05/10/2021 | 141 | MOTION to Quash *Subpoena Issued to Non-Party Charise McDonald*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Foley, Erin) (Entered: 05/10/2021) |
| 05/10/2021 | 142 | MOTION to Quash *Subpoena Issued to Non-Party James Harmon*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit A)(Foley, Erin) (Entered: 05/10/2021) |
| 05/11/2021 | 143 | Submission of Proposed Order , re 142 MOTION to Quash *Subpoena Issued to Non-Party James Harmon*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 05/11/2021) |
| 05/11/2021 | 144 | Submission of Proposed Order , re 141 MOTION to Quash *Subpoena Issued to Non-Party Charise McDonald*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 05/11/2021) |
| 05/11/2021 | 145 | MINUTE ENTRY for status conference held before Judge Tanya Walton Pratt on 5/11/2021: Parties appeared by counsel. Discussion was held regarding pending motions, anticipated witnesses and exhibits. The Court will issue a separate Entry consistent with Fed. R. Civ. P. 16 (d) and (e). This matter remains set for trial by jury on June 7, 2021 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, Indianapolis, Indiana. Signed by Judge Tanya Walton Pratt. (Court Reporter David Moxley.)(TRG) (Entered: 05/11/2021) |
| 05/12/2021 | 146 | RESPONSE in Opposition re 141 MOTION to Quash *Subpoena Issued to Non-Party Charise McDonald*, 142 MOTION to Quash *Subpoena Issued to Non-Party James Harmon* , filed by |

| | | |
|---|---|---|
| | | Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit 1 - E-mail exchange between counsel) (Blevins, Sandra) (Entered: 05/12/2021) |
| 05/13/2021 | 147 | ENTRY FOLLOWING TELEPHONIC STATUS CONFERENCE - This matter was before the Court for a telephonic status conference on May 11, 2021. Plaintiff Karen R. Hirlston ("Hirlston") appeared by counsel Sandra L. Blevins and Jamie A. Maddox. Defendant Costco Wholesale Corporation ("Costco") appeared by counsel Erin D. Foley and Sara Eber Fowler. David Moxley was the Court Reporter. A final pretrial conference in this case was previously held on October 14, 2020. The following directions were given under Trial Rule 16. Counsel should review Judge Pratt's "Courtroom Procedures and Trial Practice," before the start of the trial. The parties are instructed to inform the Courtroom Deputy Clerk of the exact number of people each believes will attend the proceedings by later no than Friday, May 21, 2021, so that a determination can be made concerning seating to safely accommodate spectators. Thereafter, no further discussion was held. (See Order for additional details and deadlines). Signed by Judge Tanya Walton Pratt on 5/13/2021.(AKH) (Entered: 05/13/2021) |
| 05/13/2021 | 148 | ENTRY ON DEFENDANT'S MOTIONS TO QUASH - The Court GRANTS Costco's Motion to Quash Subpoena Issued to Non-party Charise McDonald (Filing No. 141 ) and DENIES as moot Costco's Motion to Quash Subpoena Issued to Non-party James Harmon (Filing No. 142 ). (See Entry). Signed by Judge Tanya Walton Pratt on 5/13/2021. (AKH) (Entered: 05/13/2021) |
| 05/14/2021 | 149 | MOTION to Quash *Subpoena to take a Trial Deposition of Dr. Rachael Bowles* , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit A Motion to Quash Dr. Bowles Subpoena or in the alternative Motion for Protective Order, # 2 Exhibit B Motion to Quash Subpoena Dr. Bowles or in alternative Motion for Protective Order)(Miller, Kyla) Modified on 5/17/2021 (AKH). (Entered: 05/14/2021) |
| 05/14/2021 | 150 | Proposed *Second Amended Joint Submission Of* Jury Instructions, filed by COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 05/14/2021) |
| 05/14/2021 | 151 | MOTION *for Leave to Conduct Video Trial Deposition of Dr. Rachael S. Bowles, M.D. in Lieu of In-Person Testimony at Trial*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit 1 - Declaration of Dr. Bowles, # 2 Exhibit 2 - E-mail exchange between counsel, # 3 Text of Proposed Order)(Blevins, Sandra) (Entered: 05/14/2021) |
| 05/17/2021 | 152 | TRANSCRIPT of Telephonic Hearing held on 05/11/2021 before Judge Tanya Walton Pratt. (32 pages.) Court Reporter/Transcriber: David Moxley (Telephone: (317) 416-1749). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 6/7/2021. Release of Transcript Restriction set for 8/16/2021. (Moxley, David) Released on 8/18/2021 (SWM). (Entered: 05/17/2021) |
| 05/17/2021 | 153 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Telephonic Conference held before Judge Tanya Walton Pratt on 05/11/2021 (Moxley, David) (Entered: 05/17/2021) |
| 05/17/2021 | 154 | SCHEDULING ORDER: TELEPHONIC STATUS CONFERENCE on Wednesday, May 19, 2021 at 2:30 p.m., Indianapolis time (EDT), before the Honorable Matthew P. Brookman, United States Magistrate Judge. The information needed by counsel to participate in this telephonic conference will be provided by a separate notification. Signed by Magistrate Judge Matthew P. Brookman on 5/17/2021.(JRB) (Entered: 05/17/2021) |
| 05/18/2021 | 156 | Submission of Proposed Order *Granting Motion to Quash Subpoena Issued to Non-Party Dr. Rachael Bowles*, re 149 MOTION to Quash , filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) (Entered: 05/18/2021) |
| 05/20/2021 | 157 | ENTRY ON DEFENDANT'S MOTION TO QUASH SUBPOENA AND ON PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT VIDEO TRIAL DEPOSITION - Given the parties agree to an amenable resolution, Defendant's Motion to Quash Docket No. 149 is DENIED and Plaintiff's Motion for |

CM/ECF LIVE                                                              https://insd-ecf.sso.dcn/cgi-bin/DktRpt-insd.pl?14850792869892-...

Case 1:17-cv-04699-TWP-MPB   Document 208   Filed 06/16/22   Page 59 of 63 PageID #: 4348
Case: 22-2067      Document: 12      Filed: 08/30/2022      Pages: 113

|            |     |     |
|------------|-----|-----|
|            |     | Leave Docket No. 151 is GRANTED to the extent that the Dr. Bowles's video trial deposition shall be held as currently scheduled on May 24, 2021, at 2:00 p.m. EDT (Indianapolis time) in lieu of in-person testimony at trial. Magistrate Judge Brookman will be available, by telephone, for the duration of the trial deposition. If objections arise during the conference, the parties are directed to call the main chamber's line at 812-434-6430, and the Court will provide an immediate ruling as to the objection. SEE ORDER. Signed by Magistrate Judge Matthew P. Brookman on 5/20/2021. (AAS) (Entered: 05/20/2021) |
| 05/21/2021 | 158 | MINUTE ORDER for proceedings held before Magistrate Judge Matthew P. Brookman: Status Conference held on 5/19/2021. Parties were represented by counsel.The Court discussed the May 14, 2021, filings regarding the proposed trial deposition of Dr. Rachael Bowles. A separate entry will issue on those filings. Signed by Magistrate Judge Matthew P. Brookman. (TMB) (Entered: 05/21/2021) |
| 05/28/2021 | 159 | MOTION *For Preliminary Fact Statement To the Jury*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit Plaintiff's Deposition Excerpts, # 2 Exhibit Optical Department Memo, # 3 Exhibit 5/11/21 Transcript Excerpt, # 4 Exhibit Proposed Order)(Foley, Erin) (Entered: 05/28/2021) |
| 06/01/2021 | 160 | ORDER DIRECTING RESPONSE - This matter is before the Court on Defendant's Motion for Preliminary Fact Statement to the Jury (Dkt. 159 ). Plaintiff shall file her response no later than Thursday, June 3, 2021 at 12:00 p.m. E.S.T.. Signed by Judge Tanya Walton Pratt on 6/1/2021.(AKH) (Entered: 06/01/2021) |
| 06/02/2021 | 161 | SCHEDULING ORDER - This matter is set for trial by jury on June 7, 2021 at 9:00 a.m. in Courtroom 344, Birch Bayh Federal Building and U.S. Courthouse, Indianapolis, Indiana. Due to the ongoing Covid-19 pandemic and the need for social distancing, seating in Courtroom 344 is extremely limited. On June 7, 2021, members of the public may view jury selection from Room 402. Signed by Judge Tanya Walton Pratt on 6/2/2021.(AKH) (Entered: 06/02/2021) |
| 06/03/2021 | 162 | RESPONSE in Opposition re 159 MOTION *For Preliminary Fact Statement To the Jury* , filed by Plaintiff KAREN R. HIRLSTON. (Holler, Chad) (Entered: 06/03/2021) |
| 06/03/2021 | 163 | ENTRY DENYING DEFENDANT'S MOTION FOR PRELIMINARY FACT STATEMENT TO THE JURY. This matter is before the Court on a Motion for Preliminary Fact Statement to the Jury filed by Defendant Costco Wholesale Corporation ("Costco") (Filing No. 159 ). Costco asks the Court read a statement at the beginning of trial that outlines "the reasons for the November 3, 2015, job assessment meeting" that led to Costco placing Plaintiff Karen R. Hirlston ("Hirlston") "on a leave of absence." In response, Hirlston confirms that she "does not agree to Defendant's proposed stipulation," therefore, the Court should deny the Motion since "'[a] stipulation is a contract between two parties to agree that a certain fact is true.'" Here, with no meeting of the minds, there can be no stipulation. As noted by Hirlston in her response, Costco is free to include the proposed information in its opening statement, but there is no procedural bases for the Court to read such a statement to the jury. For these reasons, Costco's Motion is DENIED. (See Order). Signed by Judge Tanya Walton Pratt on 6/3/2021. (AKH) (Entered: 06/03/2021) |
| 06/04/2021 | 164 | OBJECTION *to Court's Proposed Preliminary Jury Instructions* by KAREN R. HIRLSTON. (Endwright, Courtney) (Entered: 06/04/2021) |
| 06/04/2021 | 165 | NOTICE *of Voluntary Withdrawal of Demand for Punitive Damages*, filed by Plaintiff KAREN R. HIRLSTON (Holler, Chad) (Entered: 06/04/2021) |
| 06/04/2021 | 166 | ENTRY ON PLAINTIFF'S OBJECTIONS TO COURT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS - This matter is before the Court on Plaintiff Karen R. Hirlston's Objections to the Court's Proposed Preliminary Jury Instructions (Filing No. 164 ). For the reasons discussed in the ENTRY, the Court SUSTAINS in part and OVERRULES in part Hirlston's Objections to |

CM/ECF LIVE                                                                https://insd-ecf.sso.dcn/cgi-bin/DktRpt-insd.pl?14850792869892-...

Case 1:17-cv-04699-TWP-MPB   Document 208   Filed 06/16/22   Page 60 of 63 PageID #: 4349
Case: 22-2067   Document: 12   Filed: 08/30/2022   Pages: 113

|  |  | Court's Proposed Preliminary Jury Instructions (Filing No. 164 ). The Preliminary Jury Instructions as amended will be emailed to the parties. (See Entry). Signed by Judge Tanya Walton Pratt on 6/4/2021.(AKH) (Entered: 06/04/2021) |
|---|---|---|
| 06/05/2021 | 167 | OBJECTION *to Plaintiff's Opening Statement Demonstrative PowerPoint and Motion to Enforce Motion in Limine Rulings* by COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit A (PowerPoint Demonstrative)))(Foley, Erin) (Entered: 06/05/2021) |
| 06/06/2021 | 168 | OBJECTION *to Defendant's Demonstrative Exhibit* by KAREN R. HIRLSTON. (Attachments: # 1 Exhibit A - Defendant's Demonstrative Exhibit, # 2 Exhibit B - Affidavit of Karen Hirlston) (Holler, Chad) (Entered: 06/06/2021) |
| 06/07/2021 | 170 | Preliminary Jury Instructions read on the record. (TRG) (Entered: 06/10/2021) |
| 06/08/2021 | 169 | MINUTE ENTRY for jury trial held before Judge Tanya Walton Pratt on 6/7/2021: Parties appeared by counsel. Preliminary instructions read. Opening statements made. Jury of seven was selected, seated and sworn. Plaintiff began presentation of her case-in-chief. Evidence entered and testimony presented. Jury admonished and instructed to return on 6/8/2021 at 8:30 a.m. Parties instructed to return on 6/8/2021 at 8:00 a.m. Signed by Judge Tanya Walton Pratt. (Court Reporter David Moxley.)(TRG) (Entered: 06/08/2021) |
| 06/09/2021 | 173 | Final Jury Instructions read on the record. (TRG) (Entered: 06/10/2021) |
| 06/09/2021 | 176 | EXHIBITS ADMITTED INTO EVIDENCE DURING TRIAL, filed by Defendant COSTCO WHOLESALE CORPORATION, Plaintiff KAREN R. HIRLSTON. (AKH) (Entered: 06/10/2021) |
| 06/09/2021 | 177 | JURY VERDICT FORM: ADA DISPARATE TREATMENT. (Redacted).(AKH) (Entered: 06/10/2021) |
| 06/09/2021 | 178 | JURY VERDICT FORM: ADA DISCRIMINATION - FAILURE TO ACCOMMODATE. (Redacted).(AKH) Modified on 6/10/2021 (AKH). (Entered: 06/10/2021) |
| 06/09/2021 | 179 | UNREDACTED DOCUMENT regarding 177 Jury Verdict. (AKH) (Entered: 06/10/2021) |
| 06/10/2021 | 171 | MINUTE ENTRY for jury trial held before Judge Tanya Walton Pratt on 6/8/2021: Parties appeared by counsel. Evidence entered and testimony presented. Parties were instructed to return at 8:30 a.m., Wednesday, June 9, 2021. Signed by Judge Tanya Walton Pratt. (Court Reporter David Moxley.)(TRG) (Entered: 06/10/2021) |
| 06/10/2021 | 172 | MINUTE ENTRY for jury trial held before Judge Tanya Walton Pratt on 6/9/2021: Parties appeared by counsel. Rebuttal testimony presented. Closing arguments presented. Final instructions read on the record. Jury retired for deliberation. Jury returned verdicts in favor of Defendant on the disparate treatment claim and the failure to accommodate claim. Court gave Plaintiff until July 9, 2021 to brief and submit evidence, if any, on her retaliation claim. Defendant has twenty-one days thereafter to respond. Signed by Judge Tanya Walton Pratt. (Court Reporter David Moxley.) (Attachments: # 1 Exhibit List)(TRG) (Entered: 06/10/2021) |
| 06/10/2021 | 175 | BAILIFF AND MEAL ENTRY THE HONORABLE TANYA WALTON PRATT, CHIEF JUDGE. IT IS ORDERED that the jury in this cause be committed to the custody of the bailiffs, Tanesa Genier and James Strickland. The Clerk is ORDERED to provide lunch for seven (7) jurors. Signed by Judge Tanya Walton Pratt on 6/10/2021. (AKH) (Entered: 06/10/2021) |
| 06/10/2021 | 180 | UNREDACTED DOCUMENT regarding 178 Jury Verdict. (AKH) (Entered: 06/10/2021) |
| 06/11/2021 | 181 | MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF ALL EVIDENCE, filed by Defendant COSTCO WHOLESALE CORPORATION. (Foley, Erin) Modified on 6/14/2021 (AKH). (Entered: 06/11/2021) |
| 06/14/2021 | 182 | MARGINAL ENTRY - re 181 MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A DIRECTED VERDICT AT THE CLOSE OF ALL EVIDENCE - Acknowledged. Signed by Judge Tanya Walton Pratt on 6/14/2021.(AKH) (Entered: 06/14/2021) |

000054

| | | |
|---|---|---|
| 06/29/2021 | 183 | TRANSCRIPT of Jury Trial (Vol. 1) held on 06/07/2021 before Judge Tanya Walton Pratt. (235 pages.) Court Reporter/Transcriber: David Moxley (Telephone: (317) 416-1749). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 7/20/2021. Release of Transcript Restriction set for 9/27/2021. (Moxley, David) (Entered: 06/29/2021) |
| 06/29/2021 | 184 | TRANSCRIPT of Jury Trial (Vol. 2) held on 06/08/2021 before Judge Tanya Walton Pratt. (272 pages.) Court Reporter/Transcriber: David Moxley (Telephone: (317) 416-1749). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 7/20/2021. Release of Transcript Restriction set for 9/27/2021. (Moxley, David) (Entered: 06/29/2021) |
| 06/29/2021 | 185 | TRANSCRIPT of Jury Trial (Vol. 3) held on 06/09/2021 before Judge Tanya Walton Pratt. (159 pages.) Court Reporter/Transcriber: David Moxley (Telephone: (317) 416-1749). Please review Local Rule 80-2 for more information on redaction procedures. Redaction Statement due 7/20/2021. Release of Transcript Restriction set for 9/27/2021. (Moxley, David) (Entered: 06/29/2021) |
| 06/29/2021 | 186 | NOTICE of FILING of OFFICIAL TRANSCRIPT of Jury Trial held before Judge Tanya Walton Pratt on 06/07/2021 - 06/09/2021 (Moxley, David) (Entered: 06/29/2021) |
| 07/09/2021 | 187 | Designation of Evidence re 1 Complaint *(Count II - Retaliation)*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit 1 - Memo Regarding Remodel, # 2 Exhibit 2 - Work Restriction Form, # 3 Exhibit 5 - Notes from Meeting, # 4 Exhibit 6 - Letter Regarding Forced Leave, # 5 Exhibit 8- Updated Restrictions, # 6 Exhibit 9 - Letter from Kaufman, # 7 Exhibit 10 - Unum Policy, # 8 Exhibit 21 - Employee Handbook, # 9 Exhibit 100 - Open Door Policy, # 10 Exhibit 101 - Letter from Donaldson, # 11 Exhibit 103-B - Job Listings, # 12 Exhibit 201 - April JAM Draft Notes, # 13 Exhibit A - Hirlston Declaration, # 14 Exhibit 205 - Acceptance of Offer, # 15 Exhibit 203 - Voicemail from Kaufman, # 16 Exhibit A-1 - 2021 Salaries, # 17 Exhibit A-2 - W-2s, # 18 Exhibit A-3 - Unum Payments, # 19 Exhibit A-4 - Letter from Harmon, # 20 Exhibit B - Maddox Declaration, # 21 Exhibit B-1 - Optical Manager Salaries, # 22 Exhibit B-2 - Unum Payments, # 23 Exhibit C - Donaldson Excerpts, # 24 Exhibit D - Bowles Excerpts)(Maddox, Jamie) (Entered: 07/09/2021) |
| 07/09/2021 | 188 | BRIEF/MEMORANDUM in Support *of Count II Claim - Retaliation Under the Americans with Disabilities Act*, re 187 Designation of Evidence, 1 Complaint, filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 07/09/2021) |
| 07/30/2021 | 189 | RESPONSE *In Opposition To Plaintiff's ADA Retaliation Claim (Count II)*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1 (Trial Ex. 3 - Job Analysis), # 2 Exhibit 2 (Trial Ex. 7 - Feb. Ltr.), # 3 Exhibit 3 (Trial Ex. 200 - IL Emails), # 4 Exhibit 4 (Decl. of Julie Frazier), # 5 Exhibit 5 (Decl. of Michael Donaldson))(Foley, Erin) (Entered: 07/30/2021) |
| 08/06/2021 | 190 | BRIEF/MEMORANDUM in Support *(Reply in Support)*, re 188 Brief/Memorandum in Support, filed by Plaintiff KAREN R. HIRLSTON. (Maddox, Jamie) (Entered: 08/06/2021) |
| 08/11/2021 | 191 | MOTION to Strike 190 Brief/Memorandum in Support *(Costco's Motion to Strike Hirlston's Reply in Support of Her Post-Trial Retaliation Brief or, In The Alternative, For Leave to File a Sur-Reply)*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit A - Costco's Sur-Reply to Hirlston's Post-Trial Retaliation Brief)(Foley, Erin) (Entered: 08/11/2021) |
| 08/19/2021 | 192 | ENTRY ON PLAINTIFF'S COUNT II CLAIM: RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT - This matter is before the Court on Count II of Plaintiff Karen R. Hirlston's Complaint; her claim against Defendant Costco Wholesale Corporation for retaliation under the Americans with Disabilities Act (see Filing No. 188 ). Following a jury trial on Count I: Hirlston's claims for discrimination (failure to accommodate and disparate treatment) under the ADA, the jury found in favor of Costco and against Hirlston. It was determined earlier that |

| | | |
|---|---|---|
| | | Hirlston's retaliation claim would be tried separately to the Court. (Filing No. 136 ). The Court gave Hirlston until July 9, 2021 to brief and submit evidence, if any" and provided Costco "twenty-one days thereafter to respond." (Filing No. 172 at 2.)1 Upon consideration of the evidence presented at trial and thereafter, and the now-completed briefing the Court issues its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a)(1). Based upon the foregoing findings of fact and conclusions of law, the Court concludes that Hirlston has not shown by a preponderance of the evidence that Costco retaliated against her in violation of the ADA. Additionally, the Court GRANTS in part and DENIES in part Costco's Motion to Strike, (Filing No. 191 ), as discussed more in depth in this Entry's first footnote. As this resolves all the claims in Hirlston's suit, Final Judgment shall issue in a separate Entry. (See Entry). Signed by Judge Tanya Walton Pratt on 8/19/2021. (AKH) (Entered: 08/19/2021) |
| 08/19/2021 | 193 | FINAL JUDGMENT PURSUANT TO FED. R. CIV. PRO. 58 - The Court having this day made its Entry directing the entry of final judgment, the Court now enters FINAL JUDGMENT. Judgment is entered in favor of Defendant Costco Wholesale Corporation and against Plaintiff Karen R. Hirlston. The Plaintiff shall take nothing by her Complaint, and this action is TERMINATED. Signed by Judge Tanya Walton Pratt on 8/19/2021. (AKH) (Entered: 08/19/2021) |
| 09/02/2021 | 194 | BILL OF COSTS by COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Itemization of Bill of Costs, # 2 Exhibit A - Documentation of Fees for Transcripts, # 3 Exhibit B - Documentation of Fees for Witnesses, # 4 Exhibit C - Documentation of Fees for Exemplification, # 5 Declaration of Erin Dougherty Foley)(Foley, Erin) (Entered: 09/02/2021) |
| 09/10/2021 | 195 | MOTION for Extension of Time to File Response to 09/30/2021 re 194 BILL OF COSTS by COSTCO WHOLESALE CORPORATION , filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order Granting Motion)(Maddox, Jamie) (Entered: 09/10/2021) |
| 09/13/2021 | 196 | ORDER GRANTING 195 PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT'S BILL OF COSTS - This matter came before the Court upon Plaintiff's Motion for Extension of Time to File Response to Defendant's Bill of Costs, and the Court, having considered the same and being duly advised, now finds that the Motion should be GRANTED. IT IS THEREFORE ORDERED, over Defendant's Objection, that the deadline for Ms. Hirlston to file her response to Defendant's Bill of Costs is hereby extended fourteen (14) days from September 16, 2021 to and including September 30, 2021. Signed by Judge Tanya Walton Pratt on 9/13/2021. (AKH) (Entered: 09/13/2021) |
| 09/16/2021 | 197 | MOTION for New Trial(Trial De Novo) *under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit A - Letter to Counsel, # 2 Exhibit B - Second Letter to Counsel, # 3 Exhibit C - Response from Costco, # 4 Exhibit D - Second Response from Costco, # 5 Exhibit E - Email Re New Exhibits, # 6 Exhibit F - First RPD to Defendant, # 7 Exhibit G - Responses to Discovery, # 8 Text of Proposed Order Granting Rule 59 Motion, # 9 Text of Proposed Order Granting Rule 60 Motion)(Maddox, Jamie) (Entered: 09/16/2021) |
| 09/30/2021 | 198 | RESPONSE in Opposition re 197 MOTION for New Trial(Trial De Novo) *under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60 (Defendant Costco Wholesale Corporation's Opposition To Plaintiff's Motion For A New Trial Or, In The Alternative, Motion For Relief From Judgment)*, filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Foley, Erin) (Entered: 09/30/2021) |
| 09/30/2021 | 199 | RESPONSE in Opposition re 194 BILL OF COSTS by COSTCO WHOLESALE CORPORATION , filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit A - Letter Terminating Employment, # 2 Exhibit B - Per Diem Rates, # 3 Exhibit C - Email re Discovery, # 4 Exhibit D - Email re Discovery, # 5 Exhibit E - Excerpt from Transcript, # 6 Exhibit F - Article re Costco, # 7 Exhibit G - Costco Market Cap)(Maddox, Jamie) (Entered: 09/30/2021) |

000056

| | | |
|---|---|---|
| 10/07/2021 | 200 | REPLY in Support of Motion re 197 MOTION for New Trial(Trial De Novo) *under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60* , filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Exhibit 1 - Email re Final Jury Instructions)(Maddox, Jamie) (Entered: 10/07/2021) |
| 10/14/2021 | 201 | REPLY in Support of Motion re 194 BILL OF COSTS by COSTCO WHOLESALE CORPORATION , filed by Defendant COSTCO WHOLESALE CORPORATION. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Foley, Erin) (Entered: 10/14/2021) |
| 10/21/2021 | 202 | MOTION to Strike 201 Reply in Support of Motion , filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order)(Blevins, Sandra) (Entered: 10/21/2021) |
| 10/21/2021 | 203 | MOTION for Extension of Time to October 28, 2021 *to File Surreply*, filed by Plaintiff KAREN R. HIRLSTON. (Attachments: # 1 Text of Proposed Order)(Blevins, Sandra) (Entered: 10/21/2021) |
| 10/22/2021 | 204 | ENTRY CONCERNING BILL OF COSTS AND RELATED MOTIONS - On August 19, 2021 Final Judgment was entered in favor of Defendant Costco Wholesale Corporation and against Plaintiff Karen R. Hirlston. (Filing No. 193 ). Costco filed its Bill of Costs on September 2, 2021, requesting that it be awarded costs in the amount of $23,566.53. (Filing No. 194 .) Hirlston filed a Response in Opposition on September 30, 2021, wherein she asks the Court to stay the issue of costs until she exhausts her appellate options or, in the alternative, exercise its discretion to deny Costco's Bill of Costs in its entirety or, at minimum, reduce the Bill of Costs (Filing No. 199 ). Costco filed a Reply on October 14, 2021 (Filing No. 201 ), which Hirlston asserts should be stricken, as untimely filed (Filing No. 202 ). Hirlston also has pending a Motion for Enlargement of Time to File Surreply (Filing No. 203 ). Also pending is Plaintiff's Motion for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60. (Filing No. 197 ). The Court on its own Motion STAYS the proceedings concerning Bill of Costs (Filing No. 194 ) until Hirlston has exhausted her appellate options. Hirlston's Motion to Strike (Filing No. 203 ) and her Motion for Enlargement of Time to File a Surreply are DENIED AS MOOT and without prejudice, and may be refiled if necessary once the stay is lifted. (See Order). Signed by Judge Tanya Walton Pratt on 10/22/2021. (AKH) (Entered: 10/22/2021) |
| 05/17/2022 | 205 | ORDER DENYING 197 MOTION FOR NEW TRIAL, OR ALTERNATIVE MOTION FOR RELIEF FROM JUDGMENT - This matter is before the Court on a Motion for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60 filed by Plaintiff Karen R. Hirlston (Filing No. 197 ). Plaintiff Karen R. Hirlston's Motion for a New Trial Under Rule 59, or in the Alternative, Motion for Relief from Judgment Under Rule 60, (Filing No. 197), is DENIED. (See Order). Signed by Judge Tanya Walton Pratt on 5/17/2022. (AKH) (Entered: 05/17/2022) |
| 06/15/2022 | 206 | NOTICE OF APPEAL as to 193 Closed Judgment, 192 Order on Motion to Strike, 205 Order on Motion for New Trial, filed by Plaintiff KAREN R. HIRLSTON. (Filing fee $505, receipt number AINSDC-7149740) (Maddox, Jamie) (Entered: 06/15/2022) |
| 06/15/2022 | 207 | DOCKETING STATEMENT by KAREN R. HIRLSTON re 206 Notice of Appeal (Maddox, Jamie) (Entered: 06/15/2022) |

**Case #: 1:17-cv-04699-TWP-MPB**

## **CERTIFICATION**

I hereby certify that all materials required by Circuit Rule 30(a) and (b) are included in this Short Appendix of Appellant.

_s/ Jamie A. Maddox_

Jamie A. Maddox

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing have been served upon the following

counsel of record this 30th day of August, 2022, via ECF Service:

> Erin Dougherty Foley
> SEYFARTH SHAW, LLP
> 233 South Wacker Drive, Suite 8000
> Chicago, IL 60606-6448

*s/ Jamie A. Maddox*
Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com