# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

### Appeal No.: 22-2067

| | | |
|---|---|---|
| KAREN R. HIRLSTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| *vs.* | ) | Cause No. 1:17-cv-04699-TWP-MPB |
| | ) | |
| COSTCO WHOLESALE | ) | The Hon. Tanya Walton Pratt |
| CORPORATION, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

## <u>REPLY BRIEF OF APPELLANT</u>

Sandra L. Blevins
Jamie A. Maddox
BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

*Attorneys for Plaintiff-Appellant Karen R. Hirlston*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................... ii

TABLE OF AUTHORITIES ............................................................................... v

I.    SUMMARY OF THE ARGUMENT .......................................................... 1

II.   LEGAL ARGUMENT ................................................................................. 2

    A.  Hirlston was deprived of an opportunity to object to Final Jury Instruction No. 19 and the Court's final Jury Verdict Forms, and the jury was thereby misled as to the law applicable to this case ......................................................................... 2

      1.  Hirlston did not "invite[]" any error as alleged by Costco in its Brief of Defendant-Appellee; Hirlston was precluded from objecting on the record to Final Jury Instruction No. 19 as read to the jury, in violation of Fed.R.Civ.P. 51(b). ................................................................................................................. 2

        a.  Costco erroneously states that Hirlston "invited error" as to Final Jury Instruction No. 19 ................................................................................. 2

        b.  Both parties and the Court agreed to the language for Final Jury Instruction No. 19, but what was read to and given to the jury contained additional language that was a misstatement of the law ................................. 3

        c.  The district court failed to provide an opportunity to Hirlston to object to the additional language that was a misstatement of the law .......................... 4

          i.  Final Jury Instruction No. 19 contained language that was a misstatement of the law ........................................................................ 4

          ii. Because the agreed upon changes for Final Jury Instruction No. 19 were not changed unbeknownst to Hirlston, the error in the district court's Final Jury Instruction No. 19 were preserved for review ...... 6

        d.  Hirlston was prejudiced by the inclusion of the "she proposed" language .................................................................................................. 8

        e.  Even if an objection was necessary, but missing here, Final Jury Instruction No. 19 contained plain errors under Fed.R.Civ.P.51(d) that necessitate a new trial. Specifically, Final Jury Instruction No. 19 constituted a plain error because it contained an incorrect statement of the law ........................................................................................................... 9

2.  Hirlston was not provided the district court's final Jury Verdict Forms before final arguments and final jury instructions were read to the jury, and was precluded from objecting on the record to the Court's final Jury Verdict Forms, both in violation of Fed.R.Civ.P. 51(b) ...................................................11

a.  The district court provided the final Jury Verdict Forms to the jury without providing them to Hirlston and/or giving her an opportunity to object to the final Jury Verdict Forms .................................................11

b.  Hirlston preserved the issues under Fed.R.Civ.P. 51(d) by objecting to the proposed Jury Verdict Forms but was not provided an opportunity to object to the final Jury Verdict Forms .................................................11

c.  Even if an objection was necessary, but missing here, the district court's final Jury Verdict Forms contained plain errors under Fed.R.Civ.P.51(d) that necessitate a new trial. Specifically, the district court's final Jury Verdict Forms failed to state that the jury must consider whether Hirlston was "qualified to perform her job" with or without reasonable accommodations......................................................13

d.  Hirlston was prejudiced by her inability to review and object to the final Jury Verdict Forms prior to the jury's deliberation .......................15

B.  Because photographs introduced by Costco had never been produced during discovery and lacked a proper foundation, yet had admittedly existed for almost a year before trial, and because Costco used these photographs against Hirlston to show she was not qualified for her position, the Court should reverse the district court's Final Judgment and grant Hirlston a new trial based on this erroneous admission of evidence ...............................................................................15

1.  Although Exhibits 223 and 224 existed for almost a year, Costco did not provide them to Hirlston until the middle of trial ...............................................16

2.  Hirlston's counsel properly objected to these Exhibits and their lack of foundation ...............................................................................17

3.  Costco failed to produce the photographs before trial or disclose them as exhibits even though the photographs apparently existed for almost a year before trial ...............................................................................18

4.  Because Costco used these photographs during Donaldson's testimony to establish that Hirlston's proposed accommodation of a grabber would not allow her to perform her job with an accommodation, and the jury later found

that Hirlston was not qualified to perform her job in November of 2015, the admission of these photographs clearly affected the outcome of the trial and Hirlston suffered prejudice ...................................................................................18

C.  Because the district court based its decision on Hirlston's retaliation claim (at least in part) on the determinations by the jury, the Court should reverse the district court's decision on retaliation ...................................................................................20

III.    CONCLUSION .............................................................................................................20

IV.    CERTIFICATE OF COMPLIANCE ..........................................................................21

V.    PROOF OF SERVICE ...................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Baugh v. Cuprum S.A. De C.V.*, 730 F.3d 701 (7th Cir. 2013) ........................................................16

*Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130 (7th Cir. 1996) ..................................5,10

*Carter v. Family Video Movie Club, Inc.*, No. 1:12-cv-00108-TWP-MJD, 2013 U.S. Dist. LEXIS 108638 (S.D. Ind. Aug. 2, 2013) ................................................................................ 4,10,14

*EEOC v. Mgmt. Hosp. of Racine, Inc.*, 666 F.3d 422 (7th Cir. 2012) ........................................ 14-15

*G&G Closed Circuit Events, LLC v. Castillo*, No. 14-CV-02073, 2019 U.S. Dist. LEXIS 130613 (N.D. Ill. Aug. 5, 2019) .............................................................................................................14

*Guzman v. City of Chi.*, 689 F.3d 740 (7th Cir. 2012) .........................................................................14

*Lawler v. Peoria Sch. Dist. No. 150*, 837 F.3d 779 (7th Cir. 2016) ..................................5,10

*Mlsna v. Union Pac. R.R. Co.*, 975 F.3d 629 (7th Cir. 2020) ........................................................ 13-14

*Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055 (7th Cir. 2014) ..................................5,10

*Williams v. Boles*, 8141 F.2d 181 (7th Cir. 1988) .......................................................................... 2-3


**<u>Federal Rules</u>**

Fed. R. Civ. P. 51 ..........................................................................................................1-2,7,9,11,13


**<u>Other Authorities</u>**

29 C.F.R. § 1630.2 ............................................................................................................. 4-5,10

## I.     <u>SUMMARY OF THE ARGUMENT</u>

Ms. Hirlston seeks a reversal of the district court's Final Judgment, and further requests that this matter be remanded for a new trial as she was never given the opportunity to object to the Court's final Jury Verdict Forms and Final Jury Instruction No. 19 as required by Fed.R.Civ.P. 51. Hirlston was not provided a final version of the Court's final Jury Verdict Forms until the jury had already started deliberating. Had she received the Court's final Jury Verdict Forms and been allowed to state her objections, Hirlston would have objected to the language in the final Jury Verdict forms.

Furthermore, Final Jury Instruction No. 19 contained additional language not agreed to by the parties. Because the Court agreed with the parties' proposed language for Final Jury Instruction No. 19, Hirlston assumed the instruction would be read properly to the jury. But Hirlston did not have an opportunity to proofread the instructions before closing arguments and the jury instructions being read to the jury. If she would have had the opportunity to object to Final Jury Instruction No. 19, she certainly would have. The language in question – "she proposed" – was not agreed to by the parties and was a material, improper statement of the law. It was also a misstatement of fact and directly contrary to the fundamental defense Costco asserted throughout the entirety of this case (<u>**until now**</u>). For the first time, Costco now alleges that it did not offer any reasonable accommodation to Ms. Hirlston. If Costco is confused about what it did or did not provide or offer to Hirlston, then the jury must have been confused as well.

The Court also improperly admitted photographs introduced by Costco in the middle of trial that had never been produced during discovery and lacked a proper foundation but

had apparently existed for almost a year before trial. Because Costco used these photographs against Hirlston to show she was not qualified for her position (the issue decided by the jury resulting in a defense verdict), the Court should reverse the jury verdicts and remand this matter for a new trial based on this erroneous admission of evidence.

Further, the Court discussed and based its decision on Hirlston's retaliation claim, at least in part, on the findings by the jury. Because the jury's determination was based on an improper jury instruction, improper jury verdict forms and the improper admission of evidence, Hirlston's claim of retaliation should also be reversed. As discussed below, this Court should reverse the district court's Final Judgment, and remand this matter for a new trial.

## II.     LEGAL ARGUMENT

**II.A.   HIRLSTON WAS DEPRIVED OF AN OPPORTUNITY TO OBJECT TO FINAL JURY INSTRUCTION NO. 19 AND THE COURT'S FINAL JURY VERDICT FORMS, AND THE JURY WAS THEREBY MISLED AS TO THE LAW APPLICABLE TO THIS CASE.**

1.     **Hirlston did not "invite[]" any error as alleged by Costco in its Brief of Defendant-Appellee; Hirlston was precluded from objecting on the record to Final Jury Instruction No. 19 as read to the jury, in violation of Fed.R.Civ.P. 51(b).**

a.     **Costco erroneously states that Hirlston "invited error" as to Final Jury Instruction No. 19.**

Costco alleges that because Hirlston's initial proposed instruction included the language "she proposed," Hirlston somehow invited error and her request for a new trial must be denied. This is false. In support of this allegation, Costco cites to *Williams v. Boles*, 841 F.2d 181, 184 (7th Cir. 1988), but unlike in *Williams*, Hirlston requested that the language "she proposed" be removed prior to issuance of Final Jury Instruction No. 19. (A-

001152:16-001153:7). Thus, *Williams* is distinguishable, and Hirlston's request for a new trial should be granted.

> **b.** **Both parties and the Court agreed to the language for Final Jury Instruction No. 19, but what was read to and given to the jury contained additional language that was a misstatement of the law.**

Final Jury Instruction No. 19 originally stated: "Under the ADA, Ms. Hirlston was qualified if she had the skill, experience, education, and other requirements for the job and could do the job's essential functions either with or . . . without the reasonable accommodations she proposed at the November 2015 job assessment meeting." (A-001152:16-22). Hirlston, however, objected and requested that Final Jury Instruction No. 19 read "'with or without the reasonable accommodations' period" with the phrase "she proposed at the November 2015 job assessment meeting" omitted from the instruction, "because that's what the law says…." (A-001152:23-1153:2). Costco did not object to this change because that was how Costco "originally proposed it." (A-001153:3-4). The district court then confirmed on the record that Final Jury Instruction No. 19 was to remove the language: "that she proposed at the assessment meeting" from Final Jury Instruction No. 19. (A-001153:5-7).

Accordingly, by the agreement of both parties and the district court, Final Jury Instruction No. 19 should have read: "Under the ADA, Ms. Hirlston was 'qualified' if she . . . could do the job's essential functions, either with or without a reasonable accommodation." Final Jury Instruction No. 19, however, included additional, material and unagreed language: "Under the ADA, Ms. Hirlston was 'qualified' if she . . . could do the job's essential functions, either with or without the reasonable accommodations **she**

3

**proposed**." (A-000239) (emphasis added); (A-001159:20-23). The additional language – "she proposed" – was not agreed to by the parties and was a material, improper statement of the law.

Hirlston was also deprived of the opportunity "to object on the record and outside the jury's hearing before the instructions and arguments were delivered" to the jury.

> ### c. The district court failed to provide an opportunity to Hirlston to object to the additional language that was a misstatement of the law.
>
> > #### i. *Final Jury Instruction No. 19 contained language that was a misstatement of the law.*

The additional language – "she proposed" – in Final Jury Instruction No. 19 was not agreed to by the parties and was a material, improper statement of the law. Costco believes that the *Carter* case should not be considered as it involved a summary judgment, rather than a jury trial. (Brief of Appellee at 40-41). Whether it related to a summary judgment or a jury instruction does not matter as it is still instructive as to the law. In *Carter v. Family Video Movie Club, Inc.*, No. 1:12-cv-00108-TWP-MJD, 2013 U.S. Dist. LEXIS 108638, *17 (S.D. Ind. Aug. 2, 2013), the court held that after determining an individual "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc.," the Court must then "consider 'whether or not the individual can perform the essential functions of the position held or desired, **with or without reasonable accommodation**.'" *Carter*, 2013 U.S. Dist. LEXIS 108638 at *17 (quoting 29 C.F.R. § 1630.2(m)) (emphasis added). Inclusion of the phrase by the district court of the language "she proposed" in Final Jury Instruction No. 19 is thus an incorrect statement of the law.

4

The wording of Final Jury Instruction No. 19 also ignores the interactive process, which requires **both** parties to work together to determine "whether a reasonable accommodation could be made." *Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055, 1062 (7th Cir. 2014). Thus, "[b]oth the employer and employee are responsible for engaging in an 'interactive process' to find a reasonable accommodation for the employee's disability." *Lawler v. Peoria Sch. Dist. No. 150*, 837 F.3d 779, 786 (7th Cir. 2016) (citing 29 C.F.R. §1630.2(o)(3); *Spurling*, 739 F.3d at 1061; *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir. 1996)). In other words, Costco was obligated to assist Hirlston in identifying a reasonable accommodation; it was not solely up to Hirlston as Final Jury Instruction No. 19 states. In ruling on Hirlston's *Motion for New Trial*, the district court, however, erroneously stated that "the evidence at trial showed the parties had considered only accommodations proposed by Hirlston, so [Final Jury] Instruction No. 19 does not misstate the law." (000036).

Costco's failure to engage in the interactive process and its violation of the law should not serve as a basis for the district court to include improper language in the jury instruction. If "the parties had considered only accommodations proposed by Hirlston," as the district court stated, then that was improper too, and should not serve as the basis for district court to incorrectly state the law in Final Jury Instruction No. 19.

Further, Costco argued throughout this case and trial that it provided Hirlston with a reasonable accommodation by forcing Hirlston to take a leave of absence until it could transfer her to a lower paying position that accommodated her disability. But now **for the very first time** in its Brief, Costco contends that it did **not** offer any reasonable

accommodation to Hirlston. *See* Brief of Appellee at 43, FN 8 ("That is because, as detailed above, Costco determined no reasonable accommodations would permit Hirlston to perform certain essential functions"). This is directly contrary to what Costco has alleged throughout this entire matter.

In addition to inclusion of the "she proposed" language being a misstatement of the law, it is also a misstatement of fact and directly contrary to the fundamental defense Costco asserted throughout the entirety of this case (**until now**). *See* A-000038-39 ("Costco admits that following the November 3, 2015 job assessment meeting that it placed Hirlston on a leave of absence 'both as a reasonable accommodation and to provide [the parties] the opportunity to explore other potential positions for possible assignment.'"); *Id.* at 26 ("Costco admits that it provided accommodations to Hirlston"); *See also* A-000070 at ¶51 (Costco "offered [Hirlston] medical leave as an accommodation"); *See also* A-001096:6-11 (Ms. Frazier answered: "Well, we accommodate them with a leave of absence" when she was asked whether Costco places a disabled employee on a leave of absence if they cannot be accommodated")).

If Costco – a party to this matter and Hirlston's employer – is confused about whether Costco offered a reasonable accommodation to Hirlston, then seemingly the jury was confused by Final Jury Instruction No. 19 telling them that they only needed to consider the accommodations suggested by Hirlston. For the reasons stated above, the Court should reverse the district court's Final Judgment and remand the matter for a new trial.

> ii.     *Because the agreed upon changes for Final Jury Instruction No. 19 were not changed unbeknownst to Hirlston, the error in the district court's Final Jury Instruction No. 19 was preserved for review.*

Although Fed.R.Civ.P. 51(d) generally requires a party to object to jury instructions or request a particular instruction that a court rejected—unless a plain error occurred—here, Hirlston was not alerted to the district court's decision not to make all of the changes the parties and district court had agreed to and was therefore prevented from making objections on the record.  Thus, the error in the district court's Final Jury Instruction No. 19 was preserved for review.

In its Order on Hirlston's *Motion for New Trial*, the district court claimed that "[a] complete and accurate review of the record makes clear that Hirlston was given an opportunity to review and object to Final Jury Instruction No. 19, and the Court even explained the change that was made to the Instruction, but Hirlston did not object." (000035). It is clear from the record, however, that this is plainly not true.

Counsel for Hirlston received the Proposed Final Jury Instructions at 11:19 A.M. on June 9, 2021. (A-000803). The court went back on the record at 11:20 A.M. to discuss the Proposed Final Jury Instructions e-mailed to counsel just one (1) minute prior. (A-001156:1-5). Counsel for Hirlston then immediately informed the court that she was "reviewing the ones that we just got as far as the former instruction number 24" when asked by the Court if she had an opportunity to review the proposed final instructions. (A-001156:16-10). Counsel for Hirlston inadvertently stated that she was reviewing Final Jury Instruction No. 19 when she was actually reviewing Final Jury Instruction No. 20, which is the "former instruction number 24," as even admitted by Costco. (A-000725 at FN 1). Thus, counsel for Hirlston had not had an opportunity to review Final Jury Instruction No. 19.

Further, as both Hirlston and Costco agreed to take "she proposed" out and because the Court stated that it would take the language "she proposed" out, Hirlston expected that an agreed upon change would be made. Further, counsel for Hirlston only had the Proposed Final Jury Instructions for one (1) minute prior to any discussion about the Proposed Final Jury Instructions; thus, Hirlston did not have an opportunity to object as alleged by Costco in its Brief. Hirlston was not notified of the district court's change to Final Jury Instruction No. 19 that was different than what the parties and district court had agreed. Thus, the district court's error of including unagreed and improper language in Final jury Instruction No. 19 was preserved by law.

### d. Hirlston was prejudiced by the inclusion of the "she proposed" language.

In its Brief, Costco alleged that Hirlston suffered no prejudice by the inclusion of the "she proposed" language in Final Jury Instruction No. 19 as Hirlston had testified that Costco offered no accommodations; thus, "adding the phrase 'she proposed' to the instruction did not alter the universe of accommodations the jury considered." (Brief of Appellee at 44). This is directly contrary to Costco's assertions throughout this case until now. Costco asserted throughout the entirety of this case (and even at trial) that it had offered accommodations to Hirlston. *See* A-000038-39 ("Costco admits that following the November 3, 2015 job assessment meeting that it placed Hirlston on a leave of absence 'both as a reasonable accommodation and to provide [the parties] the opportunity to explore other potential positions for possible assignment.'"); *Id.* at 26 ("Costco admits that it provided accommodations to Hirlston"); *See also* A-000070 at ¶51 (Costco "offered [Hirlston] medical leave as an accommodation"); *See also* A-001096:6-11 (Ms. Frazier

answered: "Well, we accommodate them with a leave of absence" when she was asked whether Costco places a disabled employee on a leave of absence if they cannot be accommodated"); *See also* A-000747-748 (Final Jury Instruction No. 2 (which was the Issue Instruction) states: "Costco denies that it failed to provide Ms. Hirlston with reasonable accommodations. Instead, Costco asserts that a leave of absence was the only reasonable accommodation available given Ms. Hirlston's medical restrictions and the requirements of her job as an Optical Department Manager. Costco also contends that, in offering Ms. Hirlston a job as the Hearing Aid Attendant, it provided Ms. Hirlston with a reasonable accommodation." Costco proposed a portion of the above language. Specifically, it proposed the following language: "Instead, Costco asserts that a leave of absence was the only reasonable accommodation available given Ms. Hirlston's medical restrictions and the requirements of her job as an Optical Department Manager").

It was not until its Brief in this Court that Costco reverses course and alleges for the first time in its Brief that it offered no accommodations to Hirlston. Costco seems to have reversed course in an effort to undermine Hirlston's appeal relating to Final Jury Instruction No. 19. As the inclusion of the "she proposed" language was a misstatement of facts and law, the Court should reverse the district court's Final Judgment and remand the matter for a new trial.

> **e.   Even if an objection was necessary, but missing here, Final Jury Instruction No. 19 contained plain errors under Fed.R.Civ.P.51(d) that necessitate a new trial. Specifically, Final Jury Instruction No. 19 constituted a plain error because it contained an incorrect statement of the law.**

As discussed above and below, the wording of Final Jury Instruction No. 19 – specifically, the inclusion of the phrase "she proposed" – is contrary to law. The court in *Carter*, No. 1:12-cv-00108-TWP-MJD, 2013 U.S. Dist. LEXIS 108638, *17, held that after determining an individual "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc.," the Court must then "consider 'whether or not the individual can perform the essential functions of the position held or desired, **with or without reasonable accommodation**.'" *Carter*, 2013 U.S. Dist. LEXIS 108638 at *17 (quoting 29 C.F.R. § 1630.2(m)) (emphasis added). Thus, inclusion of the phrase "she proposed" is an incorrect statement of the law.

Moreover, the wording of Final Jury Instruction No. 19 ignores the interactive process, which requires both parties to work together to determine "whether a reasonable accommodation could be made." *Spurling*, 739 F.3d at 1062. Thus, "[b]oth the employer and employee are responsible for engaging in an 'interactive process' to find a reasonable accommodation for the employee's disability." *Lawler*, 837 F.3d at 786 (citing 29 C.F.R. §1630.2(o)(3); *Spurling*, 739 F.3d at 1061; *Beck*, 75 F.3d at 1135). In other words, Costco was obligated to assist Hirlston in identifying a reasonable accommodation; it wasn't just up to Hirlston as Final Jury Instruction No. 19 states.

Ultimately, the jury decided each claim on a determination that Hirlston was not "qualified to perform her job as an Optical Department Manager in November 2015." (A-000250; A-000252). Accordingly, these errors ultimately impacted Hirlston's "substantial rights" and were not harmless. Because the jury should have determined whether Hirlston was "qualified" under the ADA based on whether a reasonable accommodation existed,

regardless of who proposed it, and because the jury ultimately found that Hirlston was

unqualified, the inclusion of the phrase "she proposed" was a plain error of law. The Court

should thus reverse the district court's Final Judgment and remand the matter for a new trial.

> **2.** **Hirlston was not provided the district court's final Jury Verdict Forms before final arguments and final jury instructions were read to the jury, and was precluded from objecting on the record to the Court's final Jury Verdict Forms, both in violation of Fed.R.Civ.P. 51(b).**

>> **a.** **The district court provided the final Jury Verdict Forms to the jury without providing them to Hirlston and/or giving her an opportunity to object to the final Jury Verdict Forms.**

In this matter, the district court's final Jury Verdict Forms were not finalized until

after the final arguments were made and the district court read the final jury instructions to

the jury. In fact, the jury had been dismissed to the jury room before the district court's final

Jury Verdict Forms were finalized and provided to counsel. (A-001160:23-1172:3).

Furthermore, Hirlston was deprived of the opportunity "to object on the record and outside

the jury's hearing before the instructions and arguments were delivered" to the district

court's final Jury Verdict Forms. Instead, the jury was permitted to reach a verdict based on

the district court's final Jury Verdict Forms without an opportunity for objections by

counsel.

>> **b.** **Hirlston preserved the issues under Fed.R.Civ.P. 51(d) by objecting to the proposed Jury Verdict Forms but was not provided an opportunity to object to the final Jury Verdict Forms.**

Hirlston fulfilled her obligation of objecting to the proposed Jury Verdict Forms

under Fed.R.Civ.P. 51(d)(2). Costco argues, however, that Hirlston failed to do this. (Brief of

Appellee at 47-48). This is false as discussed below.

Hirlston was not given the opportunity to object to the district court's final Jury Verdict Forms provided to the jury as Hirlston did not see the final version of the district court's final Jury Verdict Forms until after the jury had already started deliberating. (A-001160:23-1172:3). Hirlston did (contrary to Costco's Brief) specifically object to Costco's proposed jury verdict forms because Costco's verdict forms did not "track the Court's language in the instructions," and the proposed verdict forms did not "list[] everything" from the Court's language in the instructions. (A-001162:17-1164:2). When the Court ultimately stated that "I'm inclined to give Costco's version" of the verdict forms, Hirlston's counsel again objected stating, "even Costco's version doesn't track the Court's jury instructions, so at the very least, it should include the language that's in the Court's jury instructions." (A-001165:1-6). Hirlston's counsel maintained this objection throughout the discussion of Costco's proposed jury verdict forms. (A-001169:6-1171:6).

Based on its arguments in its Brief, Costco expected Hirlston to object although Hirlston never saw the final Jury Verdict Forms until after the jury deliberated and did not know what would be on the final Jury Verdict Forms. Off the record, Hirlston's counsel asked the Courtroom Deputy, Tanesa Genier, if the Court would go back on the record so objections to the final Jury Verdict Forms could be made, and that request was denied. (A-000790). The Court and the parties did not go back on the record until 3:32 P.M. when a verdict by the jury had already been reached. (A-001172:5-10). There was no opportunity for Hirlston to object to the final Jury Verdict Forms after revisions were made.

Had Hirlston been given the opportunity to object to the district court's final Jury Verdict Forms, Hirlston would have objected to both of the verdicts for omitting the

12

language "either with or without the reasonable accommodations" in the first question of the final Jury Verdict Forms which would have tracked the language in Final Jury Instruction No. 19 (although Final Jury Instruction No. 19 included inaccurate additional language not agreed to by either party). The district court's final Jury Verdict Forms both included the same question: "Was Ms. Hirlston qualified to perform her job as an Optical Department Manager in November 2015?" (A-000250-253). To track Final Jury Instruction No. 19, which was the basis for the objection by Hirlston's counsel, the district court's final Jury Verdict Forms should have read: "Was Ms. Hirlston qualified to perform her job as an Optical Department Manager in November 2015 either **with or without reasonable accommodations**?" (emphasis added). In the discussion of the parties' proposed Jury Verdict forms, Hirlston's counsel objected that "even Costco's version doesn't track the Court's jury instructions, so at the very least, it should include the language that's in the Court's jury instructions." (A-001165:1-6).

> **c.**     **Even if an objection was necessary, but missing here, the district court's final Jury Verdict Forms contained plain errors under Fed.R.Civ.P.51(d) that necessitate a new trial. Specifically, the district court's final Jury Verdict Forms failed to state that the jury must consider whether Hirlston was "qualified to perform her job" with or without reasonable accommodations.**

Each of the district court's final Jury Verdict Forms asked as the first question whether "Ms. Hirlston was qualified to perform her job as an Optical Department Manager in November 2015." (A-000250; A-000252). However, the jury should have considered whether Hirlston was "qualified to perform her job" either with or without reasonable accommodations. *Mlsna v. Union Pac. R.R. Co.*, 975 F.3d 629, 633 (7th Cir. 2020) ("To succeed on a reasonable accommodation claim, a plaintiff must show (1) he was disabled, (2) his

employer was aware of his disability, and (3) he was a qualified individual who, with or without reasonable accommodation, could perform the essential functions of the employment position."). Costco objects to the use of *Mlsna* as it was a case involving summary judgment rather than a jury trial. (Brief of Appellee at 52). Again, like with Costco's objection to *Carter*, whether it related to a summary judgment or a jury instruction does not matter as it is still instructive as to the law.

Final Jury Instruction No. 19 includes the language "with or without the reasonable accommodations," (A-000239; A-001159:20-23), but the district court's final Jury Verdict Forms do not include any reference to Hirlston performing her job "either with or without reasonable accommodations." Particularly in light of Final Jury Instruction 19's inclusion of additional language that contradicts applicable law on what it means to be "qualified" under the ADA and on the interactive process, the district court's final Jury Verdict Forms prevented the jury from developing "[an] understanding of the issues" on Hirlston's claims at trial "and its duty to determine those issues." *EEOC v. Mgmt. Hosp. of Racine, Inc.*, 666 F.3d 422, 439-40 (7th Cir. 2012).

Because the district court's final Jury Verdict Forms were "confusing and misleading to the jury" and impacted the outcome of the trial since the jury determined Hirlston was not qualified, the Court should reverse the district court's Final Judgment and remand the matter for a new trial. *G&G Closed Circuit Events, LLC v. Castillo*, No. 14-CV-02073, 2019 U.S. Dist. LEXIS 130613, at *20 (N.D. Ill. Aug. 5, 2019); *Guzman v. City of Chi.*, 689 F.3d 740, 745-46 (7th Cir. 2012).

> **d.     Hirlston was prejudiced by her inability to review and object to the final Jury Verdict Forms prior to the jury's deliberation.**

In its Brief, Costco alleged that Hirlston suffered no prejudice by her inability to review and object to the final Jury Verdict Forms prior to the jury's deliberation. (Brief of Appellee at 53). This is false. As discussed above, Final Jury Instruction No. 19 includes the language "with or without the reasonable accommodations," (A-000239; A-001159:20-23), but the district court's final Jury Verdict Forms do not include any reference to Hirlston performing her job "either with or without reasonable accommodations." Particularly in light of Final Jury Instruction 19's inclusion of additional language that contradicts applicable law on what it means to be "qualified" under the ADA and on the interactive process, the district court's final Jury Verdict Forms prevented the jury from developing "[an] understanding of the issues" on Hirlston's claims at trial "and its duty to determine those issues." *Mgmt. Hosp. of Racine, Inc.*, 666 F.3d at 439-40. This confused or misled the jury as they did not have an accurate understanding of the issues. The jury being confused or misled did prejudice Hirlston as the jury did not find in her favor; thus, she was prejudiced.[1]

**II.B.   BECAUSE PHOTOGRAPHS INTRODUCED BY COSTCO HAD NEVER BEEN PRODUCED DURING DISCOVERY AND LACKED A PROPER FOUNDATION, YET HAD ADMITTEDLY EXISTED FOR ALMOST A YEAR BEFORE TRIAL, AND BECAUSE COSTCO USED THESE PHOTOGRAPHS AGAINST HIRLSTON TO SHOW SHE WAS NOT QUALIFIED FOR HER POSITION, THIS COURT SHOULD REVERSE THE DISTRICT COURT'S FINAL JUDGMENT AND GRANT HIRLSTON A NEW TRIAL.**

---

[1] Although Costco alleges that Hirlston waived any argument relating to prejudice (Brief of Appellee at 53), she did not. Hirlston is seeking a new trial because she lost the initial jury trial due to the errors in Final Jury Instruction No. 19 and the final Jury Verdict Forms. The loss of a jury trial is prejudicial to Hirlston.

1.     **Although Exhibits 223 and 224 existed for almost a year, Costco did not provide them to Hirlston until the middle of trial.**

During trial, the district court admitted Exhibits 223 and 224 – alleged depictions of Costco's cubbies within its Optical Department – over the objection of Hirlston. (A-001083-1084). These photographs were not disclosed to Hirlston or her counsel until the evening of June 7, 2021 at 8:13 pm. Donaldson equivocally testified that these photographs had been taken "I'm pretty sure like the end of last summer" of 2020. (A-001116:5-9).[2] Costco's counsel asserted that these were "demonstrative" exhibits. (A-001114:11-16).

During testimony by Mike Donaldson, Costco offered these alleged "demonstrative" exhibits into evidence. By their very definition, demonstrative exhibits are not themselves "evidence;" instead, "[t]hese pedagogical devices are used to aid the jury in its understanding of the evidence that has already been admitted." *Baugh v. Cuprum S.A. De C.V.*, 730 F.3d 701, 706-08 (7th Cir. 2013). Indeed, "when an exhibit is allowed to be used for only demonstrative purposes, the judge and the parties understand that the exhibit is argumentative and persuasive in nature," and "such pedagogical devices should be used only as a testimonial aid, and should not be admitted into evidence or otherwise be used by the jury during deliberations." *Id.* As a result, Costco's counsel seemingly had no intention of using these photographs as "demonstrative" exhibits but instead apparently had every intention of using them as substantive evidence without timely disclosing them to Hirlston although they had existed for almost a year.

---

[2] It appears that an invoice with the date "9/30/20" is attached to a contact lens box in the photograph, indicating that the photograph was taken on or after that date, but this information was not solicited from Donaldson at trial.

**2.    Hirlston's counsel properly objected to these Exhibits and their lack of foundation.**

Hirlston's counsel objected to the lack of foundation of these Exhibits, stating, "there has been no representation about when these were taken and what period of time this relates to." (A-001115:22-24). Hirlston's counsel further objected because Costco "said [it had] done a remodel of the optical department since Ms. Hirlston was there, so [Hirlston's counsel does] object if it's not the same." (A-001114:19-1117:22). After Costco attempted to clarify these issues through additional, confusing testimony from Donaldson, Hirlston's counsel again stated that she "maintain[ed] the same objections that [she] had earlier, that [Hirlston's counsel has] now . . . ." (A-001114:19-1117:22).

Costco never laid a proper foundation for admission of these photographs into evidence. When Hirlston's counsel objected that "there has been no representation about when these were taken and what period of time this relates to," the most Donaldson could say that he was "pretty sure" when the photos were taken. (A-001116:5-7). In its Brief, Costco alleges that because an invoice in one of the photos shows a date 9/30/20, this is enough to establish foundation. (Brief of Appellee at 57). This is not sufficient as neither Costco nor Donaldson can definitively state that the date 9/30/20 is accurate. It could have been an old invoice that had been left on the counter. Costco alleges for the first time in its Brief that the date was 9/30/20. This is not sufficient.

Even if a proper foundation had been laid, Hirlston received these photographs during trial. Hirlston could have sought additional information about these photographs in discovery had they been properly disclosed. Hirlston could have determined the electronic information (metadata) related to these photographs or whether this cubby area had, in fact,

17

been altered during the renovation so as to render the photographs completely irrelevant at trial.

**3.     Costco failed to produce the photographs before trial or disclose them as exhibits even though the photographs apparently existed for almost a year before trial.**

Discovery in this case closed on March 22, 2019. (A-000056). Per the district court's October 13, 2020, *Order on Motions in Limine*, the district court granted Hirlston's motion to exclude from trial any documents not produced by Costco during discovery "that should have been produced." (A-000185). On October 26, 2020 and May 28, 2021, Hirlston specifically requested that Costco supplement its discovery responses. Costco did not provide the photographs in Exhibits 223 and 224 until the middle of trial during the evening of June 7, 2021 – or what seems to be almost one year after they were taken. These exhibits were also not included on Costco's exhibit list. *See* A-000083-89; A-000200-205.

Considering that these photographs had apparently existed for almost a year, yet Costco withheld these photographs until trial had already begun, Costco should have been prohibited from using these photographs at trial. In its Brief, Costco argues that it should have been allowed to use the photographs because Hirlston introduced new photographs. (Brief of Appellee at 60). But as Costco is aware, Costco did not object to the admission of two (2) of Hirlston's photographs that were taken just the weekend before trial (not a year prior). (SA 091:21-092:22).

**4.     Because Costco used these photographs during Donaldson's testimony to establish that Hirlston's proposed accommodation of a grabber would not allow her to perform her job with an accommodation, and the jury later found that Hirlston was not qualified to perform her job in November of 2015, the admission of these photographs clearly affected the outcome of the trial and Hirlston suffered prejudice.**

18

Here, the jury decided each claim by determining that Hirlston was not "qualified to perform her job as an Optical Department Manager in November 2015." (A-000250; A-000252). Significantly, these photographs were used by Costco to improperly establish that Hirlston was not qualified for her job because her proposed reasonable accommodations, including a grabber, would not allow her to perform the essential functions of her job. Namely, Donaldson testified that because of the way the cubbies were situated, Hirlston would not be able to use her proposed accommodation of a grabber to perform her job. Donaldson stated:

> [I]f you look at a grabber . . . the way they open, it's about like that, and so you're already at a tight space. If you'd close them, then it's going to be tougher to get your hands . . . . in the middle, where there's two things there, there's not a lot of extra room for the fingers of those grabbers. So you can also see two cubbies up, but it just depends what's in there, you know.

> And, then, if you accidentally hit it -- you can see they're kind of deep. So if you accidentally hit it with the grabber, now it's going to go back into the back of the cubby and it's going to make it even more difficult without being able to bend down and get down in there.

(A-001118:7-1119:4). But Donaldson did not know if the cubbies changed during the renovation after Hirlston was placed on a forced leave of absence Even though he did not know the date the photographs were taken, he knew the photographs were taken well after November 2015. Donald also did not know the items placed in the cubbies in November 2015 to know whether the grabber would have worked to retrieve the items actually stored there in November 2015. These photographs were improperly admitted and prejudiced Hirlston's efforts to show the jury that Hirlston could have performed her job with reasonable accommodations, such as the use of a grabber, from Costco.

Because these photographs go to the heart of the only issue that the jury determined at trial (whether Hirlston was "qualified to perform her job as an Optical Department Manager in November 2015"), the admission and use of these photographs adversely affected the outcome of trial. Accordingly, the Court should reverse the district court's Final Judgment and remand the matter for a new trial.

**II.C.**  **BECAUSE THE DISTRICT COURT BASED ITS DECISION ON HIRLSTON'S RETALIATION CLAIM (AT LEAST IN PART) ON THE DETERMINATIONS BY THE JURY, THE COURT SHOULD REVERSE THE DISTRICT COURT'S DECISION ON RETALIATION.**

Costco's only argument in its Brief regarding retaliation is that Hirlston's retaliation claim fails because the other claims fail. (Brief of Appellee at 66). Because the determination by the jury was based on an improper jury instruction, improper verdict forms and inadmissible evidence, the Court should reverse the district court's Final Judgment (including the retaliation claim) and remand the matter for a new trial.

## III.    <u>CONCLUSION</u>

The Court should reverse the district court's final judgment and remand this case for a new trial. Hirlston further requests all other just and proper relief.

Respectfully submitted,

*s/ Jamie A. Maddox*
Sandra L. Blevins
Jamie A. Maddox
*Counsel for Plaintiff-Appellant Karen R. Hirlston*

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com

## IV.     <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing Reply Brief of Appellant complies with the type-volume limitations of Fed.R.App.P. 32(a)(7)(B) and Cir.R. 32(c). This brief contains 5,820 words this 5th day of December, 2022.

*s/ Jamie A. Maddox*
Jamie A. Maddox

## V.     <u>PROOF OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon the following counsel of record this 5th day of December, 2022, via ECF Service:

Erin Dougherty Foley                                         Kiran Aftab Seldon
SEYFARTH SHAW, LLP                                   SEYFARTH SHAW, LLP
233 South Wacker Drive, Suite 8000            2029 Century Park East, Suite 3500
Chicago, IL 60606-6448                                  Los Angeles, CA 90067-3021

*s/ Jamie A. Maddox*
Jamie A. Maddox

BETZ + BLEVINS
One Indiana Square, Suite 1660
Indianapolis, Indiana 46204
Office: (317) 687-2222
Fax: (317) 687-2221
E-mail: litigation@betzadvocates.com